Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

|  |  |
|---|---|
| In Re Caleb L. McGillvary<br>　　PETITIONER | )<br>) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. PAUL B. MATEY

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Paul B. Matey pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

|  |  |
|---|---|
| | ) |
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. PETER J. PHIPPS

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Peter J. Phipps pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

### LEGAL ARGUMENT
POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>    PETITIONER | ) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

### SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
### HON. MARJORIE O. RENDELL

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Marjorie O. Rendell pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

### LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/6/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

|                                  |                                              |
| -------------------------------- | -------------------------------------------- |
| In Re Caleb L. McGillvary        | ) APPEAL NO.                                 |
|       PETITIONER                 | ) 24-3031                                    |
|                                  | ) On Petition for Writ of Mandamus           |
|                                  | ) to U.S.D.C.-D.N.J. at                      |
|                                  | ) CIVIL ACTION NO.                           |
|                                  | ) 2:21-cv-17121-MCA-CLW                      |
|                                  | ) Sat Below:                                 |
|                                  | ) Hon. Madeline Cox-Arleo, USDJ              |
|                                  | ) Hon. Cathy L. Waldor, USMJ                 |

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. L. FELIPE RESTREPO

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable L. Felipe Restrepo pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

### CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/6/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>       PETITIONER | ) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. KENT A. JORDAN

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Kent A. Jordan pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

|                              |                                         |
|------------------------------|-----------------------------------------|
| In Re Caleb L. McGillvary    | ) APPEAL NO.                            |
| PETITIONER                   | ) 24-3031                               |
|                              | ) On Petition for Writ of Mandamus      |
|                              | ) to U.S.D.C.-D.N.J. at                 |
|                              | ) CIVIL ACTION NO.                      |
|                              | ) 2:21-cv-17121-MCA-CLW                 |
|                              | ) Sat Below:                            |
|                              | ) Hon. Madeline Cox-Arleo, USDJ         |
|                              | ) Hon. Cathy L. Waldor, USMJ            |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. JANE R. ROTH

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Jane R. Roth pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe #1222665/SBI#102317G NJSP PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. JULIO M. FUENTES

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Julio M. Fuentes pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

### CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. D. MICHAEL FISHER

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable D. Michael Fisher pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable  NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

| | |
|---|---|
| In Re Caleb L. McGillvary | ) |
| PETITIONER | ) APPEAL NO. |
| | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. DAVID J. PORTER

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable David J. Porter pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

## LEGAL ARGUMENT
POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

|  |  |
|---|---|
| In Re Caleb L. McGillvary<br>PETITIONER | ) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. D. BROOKS SMITH


Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable D. Brooks Smith pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

## LEGAL ARGUMENT
POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>    PETITIONER | ) <br>) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. CINDY K. CHUNG

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Cindy K. Chung pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

## LEGAL ARGUMENT
POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>PETITIONER | ) <br>) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. CHERYL ANN KRAUSE

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Cheryl Ann Krause pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/6/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

| | |
|---|---|
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. ANTHONY J. SCIRICA

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Anthony J. Scirica pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable  NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. ARIANNA H. FREEMAN

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Arianna J. Freeman pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT
POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary | ) |
| PETITIONER | ) APPEAL NO. |
| | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. MICHAEL A. CHAGARES

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves

the Honorable Michael A. Chagares pursuant to F.R.A.P. 27(c) for

an order reassigning the matter below from the U.S. District

Court for the District of New Jersey and directing prompt

disposition of the petition to perpetuate testimony under Fed. R.

Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the

following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the

testimony of James Galfy was relevant and material to a

meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


               UNITED STATES COURT OF APPEALS
                  FOR THE THIRD CIRCUIT

-----------------------------------------------------------------
                             )
In Re Caleb L. McGillvary     ) APPEAL NO.
      PETITIONER              ) 24-3031
                             ) On Petition for Writ of Mandamus
                             ) to U.S.D.C.-D.N.J. at
                             ) CIVIL ACTION NO.
                             ) 2:21-cv-17121-MCA-CLW
                             ) Sat Below:
                             ) Hon. Madeline Cox-Arleo, USDJ
                             ) Hon. Cathy L. Waldor, USMJ
-----------------------------------------------------------------

           SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
                    HON. THOMAS L. AMBRO
-----------------------------------------------------------------


     Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Thomas L. Ambro pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27.

     As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

           STATEMENT OF FACTS AND PROCEDURAL HISTORY

     On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

                              1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>    PETITIONER | ) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

### SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
### HON. THOMAS M. HARDIMAN

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Thomas M. Hardiman pursuant to F.R.A.P. 27(c) for an order reassigning the matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| | ) |
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. THEODORE A. MCKEE


Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves the Honorable Theodore A. McKee pursuant to F.R.A.P. 27(c) for an order reassigning the  matter below from the U.S. District Court for the District of New Jersey and directing prompt disposition of the petition to perpetuate testimony under Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable  NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

|  |  |
|---|---|
| | ) |
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. STEPHANOS BIBAS

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Stephanos Bibas pursuant to F.R.A.P. 27(c) for an
order reassigning the  matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>       PETITIONER | ) APPEAL NO.<br>) 24-3031<br>) On Petition for Writ of Mandamus<br>) to U.S.D.C.-D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Sat Below:<br>) Hon. Madeline Cox-Arleo, USDJ<br>) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. RICHARD L. NYGAARD

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Richard L. Nygaard pursuant to F.R.A.P. 27(c) for
an order reassigning the  matter below from the U.S. District
Court for the District of New Jersey and directing prompt
disposition of the petition to perpetuate testimony under Fed. R.
Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable  NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


                UNITED STATES COURT OF APPEALS
                    FOR THE THIRD CIRCUIT

_____
                              )
In Re Caleb L. McGillvary     ) APPEAL NO.
       PETITIONER             ) 24-3031
                              ) On Petition for Writ of Mandamus
                              ) to U.S.D.C.-D.N.J. at
                              ) CIVIL ACTION NO.
                              ) 2:21-cv-17121-MCA-CLW
                              ) Sat Below:
                              ) Hon. Madeline Cox-Arleo, USDJ
                              ) Hon. Cathy L. Waldor, USMJ
_____


          SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
                   HON. ROBERT E. COWEN
_____


     Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves

the Honorable Robert E. Cowen pursuant to F.R.A.P. 27(c) for an

order reassigning the  matter below from the U.S. District Court

for the District of New Jersey and directing prompt disposition

of the petition to perpetuate testimony under Fed. R. Civ. P.

Civ. P. 27

     As grounds for this request, Petitioner relies upon the

following facts and argument in support of this motion:

                STATEMENT OF FACTS AND PROCEDURAL HISTORY

     On July 28, 2022, the Court below indicated that the

testimony of James Galfy was relevant and material to a

meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

                              1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable  NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982);
See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a
year and a half ago. His reasons were presumptively valid under
Third Circuit binding precedent: the witness sought to be deposed
was over 74 years of age at the time of filing. See Texaco, Inc.
v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that
Mr. Borda is 71 years old is quite meaningful. It would be
ignoring the facts of life to say that a 71 year old witness will
be available, to give his deposition or testimony, at an
undeterminable date when a pending criminal ... action will have
been determined, and the trial of a related civil action will
subsequently take place.") The Defendants have not disputed this
fact, nor could they reasonably do so.

The district court's reasons for amending its administrative
termination order indicate that it will neither hear or rule on
Petitioner's motion to perpetuate testimony until after the
conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY
(U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the
motion to perpetuate testimony without an order by the district
court disposing of his objections to the magistrate's order, and
so the administrative termination obstructs his appeal to this
Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order
denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or
is dismissed at the demurrer stage, Plaintiff intends to appeal
any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. PATTY SCHWARTZ

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Patty Schwartz pursuant to F.R.A.P. 27(c) for an
order reassigning the matter below from the U.S. District Court
for the District of New Jersey and directing prompt disposition
of the petition to perpetuate testimony under Fed. R. Civ. P.
Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

3

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the appearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

In Re Caleb L. McGillvary      ) APPEAL NO.
    PETITIONER            ) 24-3031
                           ) On Petition for Writ of Mandamus
                           ) to U.S.D.C.-D.N.J. at
                           ) CIVIL ACTION NO.
                           ) 2:21-cv-17121-MCA-CLW
                           ) Sat Below:
                           ) Hon. Madeline Cox-Arleo, USDJ
                           ) Hon. Cathy L. Waldor, USMJ

---

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. WALTER K. STAPLETON

---

Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Walter K. Stapleton pursuant to F.R.A.P. 27(c) for
an order reassigning the  matter below from the U.S. District
Court for the District of New Jersey and directing prompt
disposition of the petition to perpetuate testimony under Fed. R.
Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See <u>McGillvary v. Galfy,</u> 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not
desire to amend, he may file an appropriate notice with the
district court asserting his intent to stand on the complaint, at
which time an order to dismiss the action would be appropriate.")
(quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3
1976)). As such, the disposition of the motion to perpetuate the
testimony will remain in limbo for at least another year and a
half on appeal, during which time it is highly likely that the
testimony of James Galfy will be forever lost due to his death by
old age. Such a loss would cause irreparable harm to Petitioner
in his civil case, as well as in the related state criminal case.
It would be a deprivation of Due Process caused by a deprivation
of Due Process, because the indefinite delay by the district
court in resolving an urgent petition under Fed. R. Civ. P. 27
has already stretched for over a year and a half.

Additionally, the district judge has demonstrated the
appearance of impropriety by obstructing the appeal of the matter
below through numerous means, and should be recused under 28
U.S.C. 455 for that reason.

## CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests
the U.S. Court of Appeals for the 3rd Circuit to issue the writ
of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____

Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625

5

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| | ) |
| In Re Caleb L. McGillvary | ) APPEAL NO. |
| PETITIONER | ) 24-3031 |
| | ) On Petition for Writ of Mandamus |
| | ) to U.S.D.C.-D.N.J. at |
| | ) CIVIL ACTION NO. |
| | ) 2:21-cv-17121-MCA-CLW |
| | ) Sat Below: |
| | ) Hon. Madeline Cox-Arleo, USDJ |
| | ) Hon. Cathy L. Waldor, USMJ |

SINGLE JUDGE MOTION UNDER F.R.A.P. 27(c) TO
HON. TAMIKA R. MONTGOMERY-REEVES


Petitioner Caleb L. McGillvary ("Petitioner"), hereby moves
the Honorable Tamika R. Montgomery-Reeves pursuant to F.R.A.P.
27(c) for an order reassigning the matter below from the U.S.
District Court for the District of New Jersey and directing
prompt disposition of the petition to perpetuate testimony under
Fed. R. Civ. P. Civ. P. 27

As grounds for this request, Petitioner relies upon the
following facts and argument in support of this motion:

STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 28, 2022, the Court below indicated that the
testimony of James Galfy was relevant and material to a
meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS

1

134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under Rule 27(b). See DNJ ECF 87.

On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84.2, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

2

On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

On October 30, 2024, Petitioner filed the instant petition for writ of mandamus.

On December 4, 2024, Judge Arleo vacated her previous administrative termination order and issued a new one, in which she makes her termination explicitly based upon her inclusion as a defendant, thereby admitting to its retaliatory nature. See DNJ ECF 101.

This motion under F.R.A.P. 27 is now before the Court.

LEGAL ARGUMENT

POINT I: PETITIONER INTENDS TO STAND ON HIS COMPLAINT IN THE SCUTARI CASE IF JUDGE ARLEO IS DISMISSED, WHICH MEANS THE RESOLUTION OF HIS URGENT MOTION TO PERPETUATE TESTIMONY WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 76 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533

(2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony over a year and a half ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court's reasons for amending its administrative termination order indicate that it will neither hear or rule on Petitioner's motion to perpetuate testimony until after the conclusion of McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C.-D.N.J.). Petitioner cannot appeal the denial of the motion to perpetuate testimony without an order by the district court disposing of his objections to the magistrate's order, and so the administrative termination obstructs his appeal to this Court. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975) (An order denying a motion to perpetuate testimony is a final order).

Whether the Scutari case proceeds to discovery and trial, or is dismissed at the demurrer stage, Plaintiff intends to appeal any adverse decision by standing on his complaint. See Weber v.

4

McGrogan, 939 F.3d 232 (CA3 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (CA3 1976)). As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by age. Such a loss would cause irreparable harm to Petitioner civil case, as well as in the related state criminal case.

ld be a deprivation of Due Process caused by a deprivation e Process, because the indefinite delay by the district t in resolving an urgent petition under Fed. R. Civ. P. 27 already stretched for over a year and a half.

Additionally, the district judge has demonstrated the ppearance of impropriety by obstructing the appeal of the matter below through numerous means, and should be recused under 28 U.S.C. 455 for that reason.

## CONCLUSION

For all the foregoing reasons, Petitioner respectfully requests the U.S. Court of Appeals for the 3rd Circuit to issue the writ of mandamus.

Date: 1/16/25

Respectfully Submitted,

_____
Caleb L. McGillvary, ProSe
#1222665/SBI#102317G NJSP
PO Box 861, Trenton, NJ 08625