Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

### UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>PETITIONER | ) <br>) Appeal No. 25-2096<br>) On Petition for Mandamus to<br>) U.S.D.C. - D.N.J. at<br>) CIVIL ACTION NO.<br>) No Number Assigned<br>) Sat Below:<br>) Unassigned |

### MOTION TO RECUSE JAMES KING
### (28 U.S.C. 455(a))

Petitioner/Appellant Caleb L. McGillvary ("Petitioner"), hereby moves pursuant to 28 U.S.C. 455(a) to recuse Clerk James King from further proceedings in this matter. As grounds for this motion, Petitioner relies on the following grounds:

1.) James King has been assigned as case manager to all of Petitioner's cases since 2024, including those filed as 24-1129, 24-2104, 24-2843, 24-3031, 24-3177, 24-3327, 25-1335, 25-1753, 25-1788, 25-1823, 25-2000, 25-2025, 25-2096, and 25-2159. The order filed at Docket No. 22 in 25-1335 by Chief Circuit Judge Michael A. Chagares directing James King to not file petitions for hearing en banc or for rehearing of the denial thereof, when taken together with Judge Chagares' role as chief Judge in the assignment of cases, reasonably appears to indicate

1

that Chagares has personally assigned each of Petitioner's cases to James King. This creates the appearance of impropriety, because Judge Chagares is the subject of motions to recuse in 24-3031, 25-1335, 25-1788, 25-1823, 25-2000, and 25-2159; for reasons including the fact he was personally acquainted with the rapist alleged to be the victim in 24-3031 and 25-2159, and that the medical examiner in those cases had possibly seen Judge Chagares and other NJ-located judges standing outside the crime scene.

2.) The motions to recuse in 24-3031, 25-1335, 25-1788, 25-1823, 25-2000, and 25-2159 indicate that numerous NJ-located lawyers and judges were seen standing outside the crime scene in the homicide case underlying the habeas petition in 25-2159 and the destruction of evidence civil rights complaint in 23-3031. These motions to recuse list a lengthy series of obstructions in numerous cases in the U.S. District Court for the District of New Jersey and on appeal from or petition for mandamus to said cases in the 3rd Circuit. These obstructions are alleged by such motions to recuse to constitute a routine organizational practice of judicial employees located in New Jersey, of obstructing Petitioner's cases regarding the crime scene outside of which judges were seen. See, e.g. Docket No. 8, 25-2159. Because James King went to law school in New Jersey, practiced law in New Jersey at Sills Cummis & Gross LLP prior to his clerkship, and resides in New Jersey in an area in which there is a high likelihood of his coming in contact with and interacting with said judicial employees who have demonstrated official animus

2

towards Petitioner: it creates the appearance of impropriety that James King should be assigned to cases involving Petitioner.

3.) The medical examiner in 24-3031 and 25-2159 indicated having seen NJ-located judges and lawyers outside the crime scene. Because James King is a NJ-located lawyer, it cannot be said with certainty that he was not standing outside the crime scene. This creates the appearance of impropriety, because if James King was standing outside the crime scene with Judge Chagares and other NJ-located state and federal judges, he is presumed to have personal knowledge of who accessed the crime scene, which fact is disputed in 24-3031 and 25-2159.

4.) The mandamus petition filed at 24-1129 involving the suspension of the writ of habeas corpus, was assigned to James King as the case manager. On July 3, 2024, Petitioner sent 24 single judge motions in this case, one for each judge in the Third Circuit, to the Clerk's office via UPS. On July 11, 2024, these motions were received by the Clerk's office. Yet after a week James King had refused to file these motions, and it wasn't until Petitioner called the Clerk's office on July 19, 2024 and spoke to Clerk Caitlyn, that his single judge motions were filed onto the docket.

5.) The mandamus petition filed at 24-3031 involving the deposition of the rapist's brother in the aforementioned homicide case, regarding use of the rapist's estate to bribe witnesses, was assigned to James King. On January 21, 2025, after diversity cases had been advanced ahead of this urgent petition, Plaintiff filed single judge motions to all the circuit judges in

3

the 3rd Circuit. James King filed these all at Docket No. 5 in 24-3031 under the title, "Motions to various judges"; and did not forward the motions to the judges they were addressed to. As a result, this urgent mandamus petition to redress the stymieing of an urgent Fed. R. Civ. P. 27(b) petition, was placed behind ordinary civil cases in diregard of F.R.A.P. 21(b)(6); and the whole term expired without its resolution.

6.) On February 28, 2025, Petitioner filed his application to proceed in forma pauperis in the appeal at 25-1335. The Clerk signed a return receipt indicating receipt of this application on this date. Yet it wasn't until 2 months later, after Plaintiff called Clerk Desiree at the 3rd Circuit, that James King filed this document on April 21, 2025.

7.) On June 9, 2025, I had filed a motion to recuse Judge Chagares and other NJ-located judges from the appeal of 25-1788, but James King filed this motion as Docket No. 32 in 25-2000, then deleted it as a "duplicate", despite it bearing a caption that was markedly different than the motion to recuse filed in 25-2000. It wasn't until I called Clerk Tim at the 3rd Circuit, that James King filed my motion in 25-1788.

8.) On June 16, 2025, my notice of appeal, application for certificate of appealability (COA Application), motion to recuse and declaration with exhibits in support, motion to proceed on original record, certificate pursuant to F.R.A.P. 10(b), cover letter, and proof of service was received by the Clerk of the 3rd Circuit. These documents numbered over 200 pages in total, yet James King filed all of them under the misleading

4

title "Notice of Appeal", with no indication of attachments or other documents subsumed within what would normally be a 1-page document, in the mandamus petition marked "CASE CLOSED" at 25-2025. This served to camouflage the misfiled documents, so that Clerk Tim could not find them when I called the 3rd Circuit on June 26, 2025. I called Clerk Alicia on July 2, 2025, and through her investigation she discovered that these documents had been filed under "Notice of Appeal" on 25-2025. It wasn't until July 2, 2025 that James King filed these documents on the right case, and only because he had been emailed, presumably carbon copied to the legal division, to do so. This is outrageous: there is no reasonable explanation for a "Notice of Appeal" to be filed in a closed mandamus case, much less for the 200-plus pages of documents to be camouflaged under the misleading docket entry title. If James King's seemingly deliberate attempt at sabotage of Petitioner's habeas appeal had been successful, Petitioner's COA Application wouldn't have been considered by the panel, and the motion to recuse wouldn't have either. This alone creates the appearance of impropriety, because a reasonable observer could reasonably think that James King's camouflaging such important documents onto the wrong case docket, particularly a closed case, were a sign of his personal bias towards Petitioner.

9.) All of the foregoing facts and incidents constitute a pattern and habit as defined by Fed. R. Eivd. 406, indicating that James King has a demonstrable habit of misfiling documents in Petitioner's cases.

10.) All of the foregoing facts create the appearance of impropriety that James King should be assigned to any of Petitioner's cases, and for that reason James King should be recused from this case and any others involving Petitioner, pursuant to 28 U.S.C. 455(a) and any other relevant statute or rule.

Dated: 7/24/25

Respectfully Submitted,

Caleb L. McGillvary, ProSe
#1222665/SBI#102317GNJSP
PO Box 861, Trenton, NJ08625