# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

Related Cases
No. 24-3031, No. 25-2096

---

IN RE: CALEB MCGILLVARY

Petitioner

---

On Petition for Writ of Mandamus

To the United States District Court for the District of New Jersey

At Civil Action Number 2:21-cv-17121-MCA-CLW; now identified as Civil

Action Number 2:21-cv-17121-JMY-CLW

---

ANSWER TO PETITIONER'S PETITION FOR WRIT OF MANDAMUS

---

AUGUST 19, 2025

Date

*Barbara Schwartz*

BARBARA SCHWARTZ, ESQ.
ATTORNEY BAR #
358 Altessa Blvd., Melville, NY 11747
Attorney for Respondents: James Galfy,
Individually and as Executor/Agent of the Estate of
Joseph J. Galfy III, The Estate of Joseph J. Galfy II

i

## CERTIFICATE OF INTERESTED PERSONS

Respondent certifies that the following listed persons and entities as described in the fourth sentence of Rule 26.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal;

**1) In re: McGillvary,** Docket # 24-3031 Docketed 10/30/2024;

Plaintiff-Petitioner

Caleb L. McGillvary, Pro-Se

Defendant-Respondents

James Galfy, Individually and as Executor/Agent of The Estate of Joseph J Galfy III, The Estate of Joseph J. Galfy III. Scott M Peterson, Individually and in his Official Capacity, Theodore J. Romankow, individually and in his Official, Union County New Jersey Prosecutors Office, Peter a. Liguori, Individually and in his Official Capacity, John G. Cito, Robert Pandina, *Madeline C. Arleo Nominal Respondent*, Appealed to the Circuit Court; and

**2) In re: McGillvary,** Docket # 25-2096

Plaintiff-Petitioner

Caleb L. McGillvary, Pro-Se

Defendant-Respondents

James Galfy, Individually and as Executor/Agent of The Estate of Joseph J Galfy III, The Estate of Joseph J. Galfy III. Scott M Peterson, Individually and in his Official Capacity, Theodore J. Romankow, individually and in his Official, Union County New Jersey Prosecutors Office, Peter A. Liguori, Individually and in his Official Capacity, John G. Cito, Robert Pandina, *Clerks Office of the United States District Court for the District of New Jersey Nominal-Respondent*, Docket No. 2:21-cv-17121-MCA-CLW (9/17/2021); appealed to the Circuit Court.

Counsel for Respondents:

**Case No. 24-3031**

    A. Barbara S. Schwartz, Esq. represents James Galfy, Individually and as Executor/Agent of The Estate of Joseph J. Galfy, III, Estate of Joseph J. Galfy III,

    B. David Coppola, Esq. , and Dorothy M. Rodriquez, Esq. Office of the Attorney General of New Jersey, Respondent Scott M. Peterson, Individually and in his Official Capacity, Theodore J. Romankow, Individually and in his Official Capacity, Union County New Jersey Prosecutors Office,

    C. Thai L. Nguyen, Esq., Law firm Garces Grabler & LeBrocq, Respondent, 1) Peter A. Liguori, Individually and in His Official Capacity, 2) John G. Cito,

    D. Michael D'alessio, Jr. Esq., Respondent Robert Pandina,

**Case No. 25-2096**

Barbara S. Schwartz, Esq. represents James Galfy, Individually and as Executor/Agent of The Estate of Joseph J. Galfy, III, The Estate of Joseph J. Galfy III,

E.  David Coppola, Esq. , and Dorothy M. Rodriquez, Esq. Office of the Attorney General of New Jersey, Respondent Scott M. Peterson, Individually and in his Official Capacity, Theodore J. Romankow, Individually and in his Official Capacity, Union County New Jersey Prosecutors Office,

F.  1) Peter A. Liguori, Individually and in His Official Capacity, 2) John G. Cito,

G.  Michael D'alessio, Jr. Esq., Respondent Robert Pandina,

_____

**Barbara Schwartz, Esq.**
**Attorney of record for Respondent**
James Individually and as Executor/Agent of The Estate of Joseph J Galfy III, The Estate of Joseph J. Galfy III.

iii

## STATEMENT REGARDING ORAL ARGUMENT

Respondent James Individually and as Executor/Agent of The Estate of Joseph J. Galfy III, The Estate of Joseph J. Galfy III, requests oral argument as he believes it could significantly aid the decisional process in this case.

# TABLE OF CONTENTS

| | |
|---|---|
| Certificate of Interested Persons and Corporate Disclosure Statement | i-iii |
| Statement Regarding Oral Argument | iv |
| Table of Contents | v |
| Table of Citations | vi-xiii |
| Statement Regarding Interested Parties | |
| Jurisdictional Statement | 1 |
| Statement of the Issues | 4 |
| Statement of the Case | 7 |
| Summary of Related Cases and Proceedings | 9 |
| Procedural History/Statement of Facts | 14 |
| ARGUMENTS<br>POINT I<br>PETITIONER FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION PURSUANT TO THE FAVORABLE OUTCOME RULE OF HECK VL HUMPHRY, 512 U.S. 477 (1994), THUS THE PETITION FOR WRIT OF MANDAMUS IN DOCKET No. 24-3031 AND DOCKET No. 25-2096 MUST BE DISMISSED. F.R.C.P. 12(h)(3). | 17 |
| POINT II<br>PETITIONER FAILED TO MEET THE CRITEREIA PURSUANT TO RULE 27 FOR PERPETUATING TESTIMONY. | 20 |

| | |
|---|---|
| POINT III<br>PETITIONER FAILED TO DEMONSTRATE<br>EXTRAORDINARY CIRCUMSTANCES<br>JUSTIFYING THE CIRCUIT COURT'S<br>EXERCISE OF MANDAMUS JURISDICTION<br>OVER THE PETITION FOR MANDAMUS | 23 |
| A. Petitioner failed to show his "right to issuance<br>is clear and indisputable", Madden, supra, 102<br>F.3d at 79, regarding his Heck-barred 1983 action. | 26 |
| B. Petitioner is responsible for any delay in<br>adjudication of his Heck-barred 1983 action. | 27 |
| C. Petitioner's recourse is in state court. | 30 |
| POINT IV<br>THE PETITION IS FRIVOLOUS AND MUST<br>BE DISMISSED. THE COURT SHOULD<br>IMPOSE A "GATEKEEPER" ORDER<br>PROHIBITING ALL FUTURE ACTIONS AND<br>FILINGS BY PETITIONER AGAINST<br>RESPONDENT, EXCEPT UPON HIS<br>OBTAINING LEAVE OF COURT TO FILE,<br>AND DENY ANY OF HIS FUTURE<br>APPLICTIONS FOR IN FORMA PAUPERIS<br>STATUS REGARDING PEITITONS FOR<br>EXTRAORDINARY RELIEF. | 30 |
| POINT V<br>THE SUBJECT PETITION, MIS-STYLED AS<br>FOR WRIT OF MANDAMUS, DOES NOT<br>SEEK MANDAMUS RELIEF, THUS THE<br>CIRCUIT COURT MAY NOT EXERCISE<br>MANDAMUS JURISDICITON OVER IT. | 37 |

| | |
|---|---|
| POINT VI<br>PETITIONER IS FORUM SHOPPING HIS 1983<br>CLAIM UP TO THE THIRD CIRCUIT IN<br>VIOLATION OF F.R.C.P. 19(A)&(B)(i-ii). | 38 |
| Conclusion | 40 |
| Certificate Of Service | 43 |
| Certificate of Compliance | 45 |
| Electronic Document Certificate | 46 |

## TABLE OF CITATIONS

| CASES | PAGE |
|---|---|
| Abdul-Akbar v. Watson, 901 F.2d 329 (3d Cir. 1990) | 19 |
| Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33(1980) | 13 |
| Aruanno v. Davis, No. 16-1855, No. 16-1856, No. 16-1857, 679 Fed.Appx. 213 (3d. Cir. February 15, 2017)(unpublished) | 20 |
| Ash v. Cort, 512 F.2d 909 (3d Cir 1975) | 5 |
| Baker v. Wittenvrongel, Civil Action No. 08–cv–301 (PGS), 2009 WL 467854 * 4 (D.N.J. Feb, 24, 2009)(unreported) | 3 |
| Brow v. Farrelly, 994 F.2d 1027 (3d Cir. 1993) | 19 |
| Caleb McGillvary v. James Galfy, Docket No. 2:21-cv-17121-**JMY**-CLW (9/17/2021) (emphasis supplied, the Honorable Madeline Cox Arleo MCA transferred case to the Honorable John Milton Younge, JMY) | 7-10,16,24,30,32,41,42, |

Caleb McGillvary v. James Galfy, Docket No. 2:21-cv-17121-MCA-CLW (9/17/2021), Individually and as Executor/Agent of The Estate of Joseph J Galfy III, The Estate of Joseph J. Galfy III. Scott M Peterson, Individually and in his Official Capacity, Theodore J. Romankow, individually and in his Official, Union County New Jersey Prosecutors Office, Peter A. Liguori, Individually and in his Official Capacity, John G. Cito, Robert Pandina, *Madeline C. Arleo Nominal Respondent*, **In re: McGillvary,** Docket # 24-3031 Docketed 10/30/24. (emphasis added)

Caleb McGillvary v. James Galfy, Docket No. 2:21-cv-17121-MCA-CLW (9/17/2021), Individually and as Executor/Agent of The Estate of Joseph J Galfy III, The Estate of Joseph J. Galfy III. Scott M Peterson, Individually and in his Official Capacity, Theodore J. Romankow, individually and in his Official, Union County New Jersey Prosecutors Office, Peter a. Liguori, Individually and in his Official Capacity, John G. Cito, Robert Pandina, *Clerks Office of the United States District Court for the District of New Jersey Nominal-Respondent*. (emphasis added), **In re: McGillvary,** Docket # 25-2096,  Docketed 6/11/2025. (emphasis added).

## CASES                                                                    PAGE

Dunleavy v. Gannon, Civil Action No. 2:11–cv–0361(DMC)(MF) 2012          35
WL 259382 (D.N.J. Jan. 26, 2012)

Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, 80 F.4th 223     39
(3d Cir. 2023)

Garrett v. Murphy, 17 F.4th 419 (3d Cir. 2021)                          18

Gordon v. Secretary of State of N. J., 460 F.Supp. 1026 (D.N.J. 1978)   31

Green v. Carlson, 649 F.2d 285 (CA5 1981)                               36

Green v. Nottingham, 90 F.3d 415 (10th Cir.1996)                        37

Harris v. Bennett, Civil Action No. 13–6674 (PGS), 2015 WL 3764654      37
(D.N.J. June 16, 2015)(unreported)

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 41
88 L.Ed. 1250, 61 U.S.P.Q. 241 (1944)

Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, 62     3-4,17,
USLW 4594 (1994)                                                        18, 19,
                                                                       20, 26,
                                                                       27, 32,
                                                                       33,42

Hurt v. Social Security Admin., 544 F.3d 308, 383 U.S.App.D.C. 213      36
(2008)

In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372(3d Cir. 2005)       24

In re Fine Paper Antitrust Litig., 685 F.2d 810 (3d Cir. 1982)         29

In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989)    35, 36

In re McGillvary, No. 25-2025, 2025 WL 1672341(3d Cir. June 13,         11
2025)

In re McGillvary, No. 22-3068, 2022 WL 17974454(3d Cir. December        11
28, 2022)(Not Reported)

ix

**CASES**                                                                    **PAGE**

In re Mcgillvary, No. 23-2188, 2023 WL 5696108 (3d Cir. September 5,        11
2023)(Not Reported)

In re McGillvary, No. 23-3055, 2023 WL 8798082 (3d Cir. December            11
20, 2023)(Not Reported)

In re McGillvary, No. 24-1129, 2024 WL 3912574 (3d Cir. August 23,          12
2024) (Not Reported)

In re McGillvary, No. 24-2104, 2024 WL 4035906 (3d Cir. September           12
04, 2024)

In re McGillvary, No. 24-2843, 2024 WL 5103008 (3d Cir. December            12
13, 2024)(Not Reported)

In re McGillvary, No. 24-3177, 2025 WL 572380 (3d Cir. February 21,         12
2025)(Not Reported)

In re McGillvary, No. 24-3327, 2025 WL 1691472 (3d Cir. June 17,            12
2025)(Not Reported)

In re McGillvary, No. 25-1753, 2025 WL 1367816 (3d Cir. May 12,             11
2025)(Not Reported)

In re McGillvary, Nos. 23-2660 & 23-2820, 2023 WL 8229975 (3d Cir.          11
November 28, 2023)(Not Reported)

In re Navy Chaplaincy, No. 07–269 (GK), 287 F.R.D. 100 (D.D.C. Nov.         23
29, 2012)

In re Patenaude, 210 F.3d 135 (3d Cir. 2000)                                 2


In re Souels, No. 16-4423, 688 Fed.Appx. 134 (3d. Cir. May 4,               28
2017)(Mem)

In re Tsymbal, Civil Action No. 11–3054 (FLW), 2011 WL 8218997              22
(D.N.J. Dec. 9, 2011)(unreported)

x

 **CASES**                                                                      **PAGE**

In re McGillvary, docket No. 24-3031 Docketed 10/30/2024                            9

In re: McGillvary, Docket No. 25-2096  Docketed 6/11/2025                       9, 17,38

Jaye v. Shipp, 2018 WL 2278100 (DNJ 2018)(unreported)                              35

JPMorgan Chase Bank, National Association v. Roggio, 2020 WL                       34
7711698 (DNJ 2020)(unpublished)

Keno v. Doe, Civ. No. 77-0928, 74 F.R.D. 587 (D.N.J. June 1, 1977)                 31

Kornafel v. Del Chevrolet, United States District Court, E.D.                      35
Pennsylvania, January 4, 2021 Slip Copy 2021 WL 26969

Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996)                                     2
                                                                                24-28
                                                                                37,38

Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273 (1967)                  26

Martin v. United States, 96 F.3d 853, 854 (7th Cir.1996)                          37

McClellan v. Young, 421 F.2d 690 (6th Cir. 1970)                                    8

McConahy v. City of London, 381 F.Supp. 728 (D-N.J. 1974)                          31

McDonough v. Smith, 588 U.S. 109, 139 S.Ct. 2149, 2157, 204 L.Ed.2d              18
506 (2019)

McGillvary v. Attorney General, 1:22-CV-04185-MRH, 2025 WL                         13
1638466 (D.N.J. June 05, 2025)(Slip Copy)

McGillvary v. Galfy, No. 21-17121 (MCA), 2023 WL 2674845 *1 (D.N.J.           3,17,18
March 28, 2023)(unreported)

CASES                                                                   PAGE

McGillvary v. Grande, 21-14015 (FLW), 2022 WL 1442241 (D.N.J.            12
May 06, 2022)(unreported)

McGillvary v. Holom, Civil Action No. 18-17487 (MCA) (LDW), 2019        12
WL 2124509 (D.N.J. May 15, 2019)(Not Reported)

McGillvary v. Long, No. 24-cv-9507-JMY,  2025 WL 744863(D.N.J.          12
March 06, 2025)(Slip Copy)

McGillvary v. Long, United States District Court, No. 24-cv-9507-JMY,   11
2025 WL 490542 (D.N.J. February 13, 2025)(Slip Copy)

McGillvary v. Riez, Civil Action No. 22-6430 (MAS) (JBD), 2023 WL       13
8066155 (D.N.J. November 20, 2023)

McGillvary v. Riez, Civil Action No. 22-6430 (MAS) (LHG)2022 WL         12
17253608 (D.N.J. November 28, 2022)(Not Reported).

McGillvary v. Scutari,  No. 23-22605, 2025 WL 417061 (D.N.J.         13,19
Feb. 6, 2025)                                                            34

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2024 WL 5202487             11
(D.N.J. December 23, 2024)(Slip Copy)(unreported)

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 1384316             12
(D.N.J. May 13, 2025)(Slip Copy), appealed, Case No. 25-2000 5/28/25

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 417061 (D.N.J.   13,19
February 06, 2025)(Slip Copy)                                            43

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 776103 (D.N.J.      13
March 11, 2025)(Slip Copy)

McGillvary v. Scutari, No. 23-cv-22605, 2024 WL                         11
3759729(D.N.J.August 12, 2024)(Slip Copy)(unreported)

McGillvary v. Scutari, No. 23-cv-22605, 2024 WL 3878749 (D.N.J.         12
August 20, 2024)(Slip Copy)(unreported)

**CASES**                                                                      **PAGE**

McGillvary v. U.S. Department of Homeland Security, No. 25cv1497          12
(EP), 2025 WL 1065474 (D.N.J. April 07, 2025)(Slip Copy)(unreported)

McGillvary v. U.S. Department of Homeland Security,No. 25cv1497          11
(EP) 2025 WL 1527441 (D.N.J. May 28, 2025) Slip Copy 2025 WL
1527441

McGillvary v. Union County, Civil Action No. 15-8840 (MCA), New          13
Jersey, 2020 WL 2079266 (D.N.J. April 30, 2020)(Not Reported)          16,34

Napier v. Thirty or More unidentified Fed. Agents, Employees or Officers,  35
855 F.2d 1080 (3d Cir. 1988)

Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 1833             33

Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434       24
U.S. 1305, 1307, 98 S.Ct. 2, 54 L.Ed.2d 17 (1977)

Peck v. Hoff, 660 F.2d 371 (CA8 1981)                                    36

Procup v. Strickland, 792 F.2d 1069 (CA11 1986)                          36

Robinson v. Winslow Twp., Civil No. 10–2824 (JHR/JS), 2010 WL            22
3326678, at *5 (D.N.J. Aug. 23, 2010)(unreported)

Ruth v. Congress, etc., Civ. A. No. 76–1553, 71 F.R.D. 676 (D-N.J.,      31
Aug. 6, 1976)

Ruth v. First Nat'l Bank, 410 F.Supp. 1233 (D-N.J. 1976)                31

Searight v. New Jersey, 412 F.Supp. 413 (D-N.J., 1976)                  31

Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S.   19
442, 127 S.Ct. 1184, 1191 (2007)

**CASES**                                                                          **PAGE**

State of New Jersey v. Caleb McGillvary, 2021 WL 3378024                          1,7,20
Indictment No. 16-05-0344, Superior Court of New Jersey, Law                      22,32
Division, Union County, (Plaintiff's NJ state conviction)(emphasis
added).

State v. McGillvary, No. A-4519-18, 2021 WL 3378024 (App.Div.                     1,7,20
August 4, 2021)(unreported); 246 N.J. 446, 251 A.3d 755 (2021)(leave             22,32
to appeal den.); 249 N.J. 341, 265 A.3d 1242 (2021)(certif.
den.)(unreported); 250 N.J. 171, 270 A.3d 1082 (2022)(reh
den.)(unreported); McGillvary v. New Jersey, 142 S.Ct. 1685, 212
L.Ed.2d 588, 2022 WL 1131468 (2022)(Mem)(cert. den.)

State v. McGillvary, No. A-4519-18, 2021 WL 3378024                                 1,7,
(App.Div.)(unreported); 246 N.J. 446, 251 A.3d 755 (2021)(leave to                20,22
appeal den.); 249 N.J. 341, 265 A.3d 1242 (2021)(certif.
den.)(unreported); 250 N.J. 171, 270 A.3d 1082 (2022)(reh
den.)(unreported); McGillvary v. New Jersey, 142 S.Ct. 1685 (Mem) 212
L.Ed.2d 588 2022 WL 1131468 (2022)(cert. den.)

Thompson on behalf of N.S. v. Cherry Hill Township, No. 25-822 (KMW-                19
EAP) 2025 WL 919852 (D.N.J. March 24, 2025)(Slip Copy)(unpublished)

U. S. ex rel. Mayo v. Satan, Misc., No. 5357, 54 F.R.D. 282 (D-Pa.,                 31
Dec. 3, 1971)

Williams v. Goldsmith, 701 F.2d 603 (7th Cir. 1983)                                 33

**STATUTES**                                                    **PAGE**

28 U.S.C. 292(b)                                                    25

28 U.S.C.A. § 455(b)                                               25

28 <u>U.S.C.A</u>. § 1291                                          3,6

28 <u>U.S.C</u>. § 1651(a)                                          34

28 <u>U.S.C.A</u>. § 1915                                       31,36,37

28 <u>U.S.C</u>. § 2243                                             28

28 U.S.C.A. § 2255                                                  28

42 U.S.C.A. § 1983          1-5, 7, 78,15, 17-20, 26,27,30-34,38


**<u>RULES</u>**                                                **<u>PAGE</u>**

F.R.A.P. 26.1

F.R.C.P. 12                                                   12,17,20

F.R.C.P. 19                                                     38, 39

F.R.A.P. 27                                               4,20,21,22,25,25

## JURISDICTIONAL STATEMENT

The subject action was filed by Caleb McGillvary ("Petitioner") in the United States District Court for the District of New Jersey, Civil Division ("District Court"), on 9/17/2021 against James Galfy, (misidentified as Joseph J. Galfy, III) individually, and as Executor/Agent of the Estate of Joseph J. Galphy III, The Estate of Joseph J. Galfy III, ("Respondent"). The Complaint alleges violations of the Civil Rights Act of 1871, 42 U.S.C.A. §1983 ("§1983"). The District Court determined that it did not have subject matter jurisdiction over the subject §1983 action. The subject Petition for Writ of Mandamus ("Petition"), predicated upon the §1983 action, seeks for the Circuit Court to order the recusal of the District Court Judges, who presided over Petitioner's §1983 Complaint, at the time of the Petition's filing, and for the Circuit Court to order the perpetuation of Respondent's testimony pursuant to Rule 27.  However,

**1**. **No federal court has subject matter jurisdiction over the subject Petition or Petitioner's §1983 action, regarding which the Writ is sought**, as each collaterally attack Petitioner's state murder conviction and are barred by the abstention doctrine announced in Heck v. Humphrey**,** 512 U.S. 477, n.8, 114 S.Ct. 2364, 129 L.Ed.2d 383; and

**2**. **No extraordinary circumstances exist justifying this court's exercise of mandamus jurisdiction**: Petitioner is solely responsible for the

1

administrative termination of his §1983 action pending the outcome of the baseless suits he filed against the District Court Judges, thus any resulting delay is not "undue"; Petitioner's unsubstantiated allegations regarding the District Court Judges are not a proper basis for their recusal; Petitioner's allegation that Respondent is 76 years old is not, *per se*, a basis for granting the Petition, with no showing that Respondent is in anything but good health; Petitioner's recourse is in state court; and

    **3**. Petitioner's bifurcation of post-conviction relief between the state and federal courts after his exhaustion of appeals in state court is barred by New Jersey state law, as well as the entire controversy doctrine in both jurisdictions; and

    **4**. Petitioner's strategy of excluding Respondent, as an indispensable party, from the related matters, while at the same time cherry-picking aspects of those matters as a basis for the subject Petition creates undue prejudice for Respondent, and gives Petitioner an unfair advantage because Respondent has had no notice of the related matters, or their status, making it impossible for Respondent to adequately respond. The related matters might have already been decided; thus **the Circuit Court's exercise of jurisdiction over the subject Petition would violate Respondent's Due Process rights under the First and Fifth Amendments, including, inter alia, his right to meaningful access to the court, notice, and an opportunity to be heard.**

**5**. The Petition does not seek appeal from the entry of a final judgment on all claims and parties, conferring jurisdiction to the Circuit Court pursuant to 28 U.S.C.A. § 1291, nor does it substantively seek mandamus relief. The Petition is instead improperly styled as a Writ of Mandamus, seeking for the Circuit Court to decide Petitioner's motions *de novo* with *no review* of the District Court's denials of the relief sought, no standard of review identified by Petitioner, therefore the Circuit Court should not exercise mandamus jurisdiction over it.

## STATEMENT OF ISSUES

1. When a prisoner convicted of murder in state court files a §1983 action in the Federal District Court for the District of New Jersey, Civil Division ("District Court") collaterally attacking his conviction, does the U.S. Circuit Court of Appeals for the Third Circuit ("Circuit Court") have subject matter jurisdiction over that prisoner's Petition for Writ of Mandamus which arises out of his federal §1983 action, when he failed to demonstrate that his appeal of his conviction, *e.g.*, State v. McGillvary, No. A-4519-18, 2021 WL 3378024 (App.Div. August 4, 2021)(unreported); 246 N.J. 446, 251 A.3d 755 (2021)(leave to appeal den.); 249 N.J. 341, 265 A.3d 1242 (2021)(certif. den.)(unreported); 250 N.J. 171, 270 A.3d 1082 (2022)(reh den.)(unreported); McGillvary v. New Jersey, 142 S.Ct. 1685, 212 L.Ed.2d 588, 2022 WL 1131468 (2022)(Mem)(cert. den.), resulted in a "favorable outcome", a prerequisite to subject matter jurisdiction required by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383, 62 USLW 4594 (1994)?

2. When the convicted murderer referenced in Q #1 *supra* sues the judge referenced in Q#1 in the District Court where she presides, does the fact she subsequently transfers the murderer's federal action against her ("related matter") out-of-district, and administratively terminates the prisoner's §1983 action pending the outcome of the related matter, does the administrative termination give rise to extraordinary

4

circumstances justifying the Circuit Court's exercise of jurisdiction over the murderer's subsequently filed Petition for a Writ of Mandamus for perpetuation of testimony simply because a. the deponent targeted by the Writ is 76 years of age, and there is no showing that he is in anything but good health, and/or b. the prisoner targeted the judge with unsupported, fantastical ad hominem allegations that she is involved in a conspiracy to blackmail the prisoner to drop his action against her?

3. Would the fact that the prisoner referenced in Q#1, supra, sued the judge referenced in Q#1, supra, who denied him discovery in his federal §1983 action, would his claim that the targeted judge administratively terminated his §1983 action pending the outcome of the related matters in order to blackmail him into dropping his action against her be rendered moot, and also render the existence of "extraordinary circumstances" impossible, if she transferred the §1983 action to another judge?

4. When the convicted murderer referenced in Q #1, *supra*, files with the Circuit Court of Appeals a Petition, "improperly styled" as one seeking a Writ of Mandamus, Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996)("It is the nature of the document, rather than the label attached by the litigant, that controls.") that does not seek "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so", In re Patenaude, 210 F.3d 135 (3d Cir. 2000), and does not seek review of the facts

5

found and law applied by the District Court, *i.e.*, that the Petitioner's §1983 action

is barred by <u>Heck</u>, <u>supra</u>, 512 <u>U.S</u>. 477, <u>see</u> <u>McGillvary v Galfy</u>, No. 21-17121

(MCA), 2023 WL 2674845 * 3 (D.N.J. March 28, 2023)(unreported), but rather

urges the Circuit Court of Appeals to decide issues of fact and law *de novo* in place

of the District Court, does the Petition represent forum shopping of his motion for

perpetuation of testimony, previously denied by the District Court, by way of

improper interlocutory appeal over which the Circuit Court does not have

jurisdiction pursuant to 28 <u>U.S.C.A</u>. § 1291?

6

## STATEMENT OF THE CASE

Petitioner was convicted in New Jersey state court for the murder of Joseph J. Galfy, ("Petitioner's murder victim") and is presently incarcerated for a term of 57 years in state prison. His appeal of his conviction was denied. See State v. McGillvary, No. A-4519-18, 2021 WL 3378024 (App.Div. August 4, 2021)(unreported); 246 N.J. 446, 251 A.3d 755 (2021)(leave to appeal den.); 249 N.J. 341, 265 A.3d 1242 (2021)(certif. den.)(unreported); 250 N.J. 171, 270 A.3d 1082 (2022)(reh den.)(unreported); McGillvary v. New Jersey, 142 S.Ct. 1685, 212 L.Ed.2d 588, 2022 WL 1131468 (2022)(Mem)(cert. den.). Petitioner filed an action in the District Court pursuant to §1983, seeking money damages, alleging a conspiracy to deprive him of his Due Process rights involving the Union County Prosecutor's Office ("U.C.P.O.") and Respondent James Galphy ("Respondent"), among others. Respondent is the brother of Petitioner's murder victim. McGillvary v. Galfy, Dkt. No 2:21-cv-17121 MCA-CLW.

Judge Madeline Cox Arleo dismissed Petitioner's §1983 action, and denied his discovery requests for lack of subject matter jurisdiction. Magistrate-Judge Cathy L. Waldor ("Judge Waldor") denied Petitioner's motion to perpetuate Respondent's testimony. Petitioner then filed federal complaints against, *inter alia*, Judges Cox Arleo and Waldor, apparently alleging their illegal conspiracy against him (the "related matters"). *Because Respondent was not joined in, served with or*

7

*noticed of those related matters, he does not know the allegations in or status of them.* The related matters were transferred out-of-district. Judge Cox Arleo then administratively terminated Petitioner's §1983 action pending the outcome of the related matters. Petitioner filed two Petitions for Writ of Mandamus in the Circuit Court of Appeals seeking to have it issue a writ of mandamus ordering the District Court to recuse Judges Cox Arleo and Waldor, and for the Circuit Court to itself adjudicate the merits of Petitioner's motion to perpetuate testimony, in the matter McGillvary v. Galfy, Dkt. No 2:21-cv-17121 MCA-CLW, in order to preserve Respondent's testimony, solely on the basis of Respondent's age. Petitioner claims that Judge Arleo Cox is blackmailing him to drop his complaint(s) against her, through the administrative termination of his 1983 action, and that the resulting "undue delay" constitutes "extraordinary circumstances" justifying this court's exercise of mandamus jurisdiction. On August 14, 2025, Galfy, *supra,* No. 2:21-cv-17121 MCA-CLW, was transferred to the Honorable John Milton Younge of the United States District Court for the Eastern District of Pennsylvania pursuant to the January 2, 2024 Order of Judge Michael A Chagares, Chief Judge of the Circuit Court, executed by Honorable Madeline Cox Arleo .

8

## STATEMENT OF RELATED CASES
## AND PROCEEDINGS

1. James Galfy, individually, and as Executor/Agent of the Estate of Joseph J.

Galphy III, The Estate of Joseph J. Galfy III, are listed as Respondents in two

Circuit Court matters, on appeal from District Court, which are the following:

**1)** Case Caleb McGillvary v. James Galfy, Individually and as

Executor/Agent of The Estate of Joseph J Galfy III, Estate of Joseph J. Galfy

III. Scott M Peterson, Individually and in his Official Capacity, Theodore J.

Romankow, individually and in his Official, Union County New Jersey

Prosecutors Office, Peter a. Liguori, Individually and in his Official Capacity,

John G. Cito, Robert Pandina, *Madeline C. Arleo Nominal Respondent*,

Docket No. 2:21-cv-17121-MCA-CLW (9/17/2021); appealed by the

Petitioner to the Circuit Court, from the same case filing two separate

Petitions for Writs of Mandamus, which are the following:

**1) In re McGillvary,** Docket No. 24-3031 Docketed 10/30/2024; and

**2) In re McGillvary**, Docket # 25-2096 Docketed 6/11/2025.

Respondents

James Galfy, Individually and as Executor/Agent of The Estate of Joseph J

Galfy III, The Estate of Joseph J. Galfy III. Scott M Peterson, Individually

and in his Official Capacity, Theodore J. Romankow, individually and in his

Official, Union County New Jersey Prosecutors Office, Peter A. Liguori,

9

Individually and in his Official Capacity, John G. Cito, Robert Pandina, ***Clerks Office of the United States District Court for the District of New Jersey Nominal-Respondent***

2. On 8/14/2025, <u>Caleb McGillvary v. James Galfy</u>, Docket No. 2:21-cv-17121-**JMY**-CLW (9/17/2021) was transferred to the Honorable John Milton Younge of the United States District Court for the Eastern District of Pennsylvania, pursuant to the January 2, 2024 Order of Judge Michael A Chagares, Chief Judge of the United States Court of Appeals for the Third Circuit, Judge Michael A. Chagares, so Ordered, hereinafter "The Order", by the Honorable Madeline Cox Arleo, United States District Court. Case Docket No. 2:21-cv-17121-JMY-CLW Document III Filed 8/14/25 Page 1 of 1 Page ID-2290

3. In the decision to transfer, *supra*, the Order states that Case 2:21-cv-17121-JMY-CLW raises issues common to those in Caleb L. <u>McGillvary v. Nicholas Scutari</u>, *et al*, Civil Action No. 23-22605 (ED. Pa. 2023); however Galfy has ***<u>not</u>*** been served with the documents in <u>Scutari</u>, and Respondent is unaware of any decisions therein, as Respondent *has not been joined in <u>Scutari</u>,* in violation of <u>F. R.C. P.</u> 19. A reference to this related case in which Respondent has not been joined would violate his access to the court, in violation of his due process rights, and that of the Estate Joseph J. Galfy III. See Point 1 infra. Although Galfy has

10

not been served with the matter(s) deemed "*related*" by both Judge Madeline

Arleo Cox and Petitioner, a search of West Law identifies numerous matters that

he has filed, which Galfy has not been served which include, but probably are not

limited to those listed below:

McGillvary v. Long, United States District Court, No. 24-cv-9507-JMY, 2025
WL 490542 (D.N.J. February 13, 2025)(Slip Copy)

In re McGillvary, Nos. 23-2660 & 23-2820, 2023 WL 8229975 (3d Cir.
November 28, 2023)(Not Reported)

McGillvary v. U.S. Department of Homeland Security,No. 25cv1497 (EP) 2025
WL 1527441 (D.N.J. May 28, 2025) Slip Copy 2025 WL 1527441

In re McGillvary, No. 23-3055, 2023 WL 8798082 (3d Cir. December 20,
2023)(Not Reported)

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2024 WL 5202487 (D.N.J.
December 23, 2024)(Slip Copy)(unreported)

In re McGillvary, No. 23-2188, 2023 WL 5696108 (3d Cir. September 05,
2023)(Not Reported)

In re McGillvary, No. 25-1753, 2025 WL 1367816 (3d Cir. May 12, 2025)(Not
Reported)

In re McGillvary, 2025 WL 1672341(3d Cir. June 13, 2025)(Not Reported)

McGillvary v. Scutari, No. 23-cv-22605, 2024 WL 3759729(D.N.J.August 12,
2024)(Slip Copy)(unreported)

In re McGillvary, No. 22-3068, 2022 WL 17974454(3d Cir. December 28,
2022)(Not Reported)

11