In re McGillvary, No. 24-3177, 2025 WL 572380 (3d Cir. February 21, 2025)(Not Reported)

McGillvary v. U.S. Department of Homeland Security, No. 25cv1497 (EP), 2025 WL 1065474 (D.N.J. April 07, 2025)(Slip Copy)(unreported)

McGillvary v. Scutari, No. 23-cv-22605, 2024 WL 3878749 (D.N.J. August 20, 2024)(Slip Copy)(unreported)

In re McGillvary, No. 24-1129, 2024 WL 3912574 (3d Cir. August 23, 2024) (Not Reported)

In re McGillvary, No. 24-2104, 2024 WL 4035906 (3d Cir. September 04, 2024)

McGillvary v. Riez, Civil Action No. 22-6430 (MAS) (LHG)2022 WL 17253608 (D.N.J. November 28, 2022)(Not Reported).

McGillvary v. Long, No. 24-cv-9507-JMY,  2025 WL 744863(D.N.J. March 06, 2025)(Slip Copy)

In re McGillvary, No. 24-2843, 2024 WL 5103008 (3d Cir. December 13, 2024)(Not Reported)

In re McGillvary, No. 24-3327, 2025 WL 1691472 (3d Cir. June 17, 2025)(Not Reported)

McGillvary v. Holom, Civil Action No. 18-17487 (MCA) (LDW), 2019 WL 2124509 (D.N.J. May 15, 2019)(Not Reported)

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 1384316 (D.N.J. May 13, 2025)(Slip Copy), appealed, Case No. 25-2000 5/28/25

McGillvary v. Grande, 21-14015 (FLW), 2022 WL 1442241 (D.N.J. May 06, 2022)(unreported)

McGillvary v. Attorney General, 1:22-CV-04185-MRH, 2025 WL 1638466 (D.N.J. June 05, 2025)(Slip Copy)

McGillvary v. Union County, Civil Action No. 15-8840 (MCA), New Jersey, 2020 WL 2079266 (D.N.J. April 30, 2020)(Not Reported)

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 776103 (D.N.J. March 11, 2025)(Slip Copy)

McGillvary v. Riez, Civil Action No. 22-6430 (MAS) (JBD), 2023 WL 8066155 (D.N.J. November 20, 2023)

McGillvary v. Scutari, No. 23-cv-22605-JMY, 2025 WL 417061 (D.N.J. February 06, 2025)(Slip Copy)

## PROCEDURAL HISTORY/STATEMENT OF FACTS

1.   Petitioner was convicted of murdering Joseph J. Galfy in the first degree, sentenced to 57 years of imprisonment, and is now incarcerated in state prison. (ECF 1, Plaintiff Complaint, §1 . See Judge Madeline Cox Arleo's Order and Opinion both dated  7/28/2022 Docket No. 66, 67, and and on 3/28/20223 Order and Memorandum Opinion, in response to Caleb Mcgillvary's Motion to Amend Judgement dated 8/16/2022 from Caleb McGillvary v James Galfy, *supra*, hereinafter "Galfy" ).

2.   In his defense, Petitioner maintained that he was drugged by his murder victim and sexually assaulted. Galfy, *supra*.

3.   Petitioner claims that Dr. Pandina's statements regarding a drug's effects on Petitioner, as quoted by Ho and Peterson before a Grand Jury, were false and defamatory Galfy, *supra*.

4.   Petitioner claims that during an interview, Dr. Pandina switched course, making statements that were favorable to Petitioner and would corroborate his defense. Galfy, *supra.*

5.   The State decided not to call Dr. Pandina because of a potential conflict (apparently, Pandina's research institute had received money from decedent Galfy's Estate). Galfy, supra, ECF 1-3.

14

6.    The UCPO sent a letter to Petitioner defense attorney, Peter Liguori, Esq., informing him of the potential conflict, and of its decision to re-present Petitioner to a new grand jury without Dr. Pandina's testimony.  Galfy, supra (ECF 1-3)

7.    Petitioner alleges he was never told about the letter or the conflict. Galfy, supra, ECF 1 §§ 11-12.

8.    Petitioner avers that this was all part of a conspiracy to conceal exculpatory evidence, adversely affecting him and "his entitlements." Galfy, supra.

9.    Petitioner posits that his murder victim's brother, Respondent James Galfy, used unidentified companies to "directly or indirectly pay Liguori and Cito to sabotage [Petitioner's] criminal defense … for the purpose of mitigating the liability of The Estate for personal injury caused by [Joseph Galfy] drugging and sexually assaulting [Petitioner]." Galfy, supra.

10.   Petitioner appealed his state conviction and lost his appeal and Petitioner was denied both leave to appeal and certification to the New Jersey Supreme Court, and Certiorari to the United States Supreme Court.

11.   By Order dated July 28, 2022, Docket No. 66, 67, the Hon. Madeline Cox Arleo, U.S.D.J. granted Respondent's motions to dismiss, dismissed certain of Respondent's claims under 42 U.S.C. § 1983 with prejudice, dismissed other §1983 claims without prejudice, declined to exercise supplemental jurisdiction over any remaining state law claims, and directed the Clerk of the Court to close

15

Galfy, *supra*. 7/28/2022 Docket No. 66, 67, and on 3/28/20223 Order and Memorandum Opinion.

12. Petitioner subsequently moved for reconsideration of that decision.

13. On March 31, 2023, Petitioner filed a motion to perpetuate Respondent's testimony pending resolution of his anticipated appeal. (ECF No. 74). Petitioner ultimately filed a notice of appeal regarding Judge Arleo's March 28, 2023 Order on or about April 25, 2023. (ECF No. 78). On or about 10/12/2023 Magistrate Waldor denied Petitioner's Motion to Perpetuate Testimony without prejudice. Galfy, *supra*, Docket No. 85,  On 10/12/2023 Docket No. 86.  On or about 4//5/2023 Petitioner filed a Notice of Appeal with the Circuit Court. On or about 10/12/2023, the Circuit Court denied Petitioner's Appeal as it was not final as to all parties, and therefore the court lacked jurisdiction.

14. Petitioner filed multiple lawsuits in the District Court, on numerous constitutional grounds, which include, *inter alia* 1) McGillvary v. Union County, New Jersey, No. 15-8840 (MCA), 2020 WL 2079266 at *6 (D.N.J. 4/30/2020)(unpublished); and 2)  McGillvary v. Galfy, Docket No. 2:21-cv-17121-MCA-CLW on September 17, 2021. See **STATEMENT OF RELATED CASES AND PROCEEDINGS**, *supra*.

## ARGUMENTS

### POINT I
### PETITIONER FAILED TO ESTABLISH SUBJECT MATTER JURISDICTION PURSUANT TO THE FAVORABLE OUTCOME RULE OF HECK v. HUMPHRY 512 U.S. 477 (1994) THUS THE PETITION FOR WRIT OF MANDAMUS IN DOCKET No. 24-3031 AND DOCKET No. 25-2096 MUST BE DISMISSED. F.R.C.P. 12(h)(3)

In his federal § 1983 action, Petitioner alleged a wide-ranging conspiracy among state actors and private individuals, including Respondent, to deprive Petitioner of expert testimony and physical evidence that would substantiate his claims that he was drugged and sexually assaulted by his murder victim, and that he acted in self-defense when he murdered his victim. McGillvary v. Galfy, No. 21-17121 (MCA), 2023 WL 2674845 *1 (D.N.J. March 28, 2023)(unreported)(Madeline Cox Arleo, U.S.D.J.). Petitioner alleged baseless, fabricated allegations that the Estate, through Respondent, its executor, made payments to a potential expert witness, the medical examiner, and the investigators. Petitioner also alleged that his due process rights were violated by the prosecutor's failure to turn over the financial records of the Estate in discovery, which would substantiate Petitioner's allegations. Id. See also McGillvary v. Galfy, No. 21-17121 (MCA), 2022 WL 3013086 (July 28, 2022)(unreported).

In pursuit of his federal claims, Petitioner moved for discovery regarding Respondent and the Estate, and moved to perpetuate Respondent's testimony to compel him to submit to depositions. Judge Arleo Cox dismissed the case and

denied Petitioner's motion for discovery on or about 7/28/2022, 66, 67, and subsequently, Petitioner sought to Amend the Judgment, and Judge Arleo Cox issued a memorandum opinion on or about 3/28/2023 denying Petitioner's motion to amend. In that decision she stated regarding Petitioner's above referenced claims:

> Success on Plaintiff's claims would substantiate his defense(s) to the murder charge **and necessarily undermine his first-degree murder conviction. For that reason, these claims, however framed, are barred by _Heck_.** McGillvary v. Galfy, _supra_, No. 21-17121 (MCA), 2022 WL 2674845 *3. (emphasis added)

In _Heck_ a state prisoner brought a federal §1983 action against state prosecutors and an investigator for alleged misconduct, including, _inter alia_, knowingly destroying exculpatory evidence. Heck, _supra_, 512 U.S. at 478–479. The Court held that those claims collaterally attacked the legality of the plaintiff's state conviction, _id_. at 480 n.2, and that a prisoner seeking monetary damages due to an alleged unconstitutional state conviction

> has no cause of action under § 1983 **unless and until** the conviction … is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. Id. at 486-489.(emphasis added)

The _Heck_ abstention doctrine has been deemed the "Favorable Termination Requirement", see, e.g., McDonough v. Smith, 588 U.S. 109, 139 S.Ct. 2149, 2157, 204 L.Ed.2d 506 (2019); see also Garrett v. Murphy, 17 F.4th 419, 426 (3d Cir. 2021)(incarcerated state criminal's constitutional claims challenging his prosecution, arrest and conviction were dismissed due to his appeal of his state

conviction being denied) (citing <u>Heck</u>, <u>supra</u>, 512 <u>U.S.</u> 477). Thus, until Petitioner favorably terminates his conviction, no §1983 claims he may have with regard thereto are ripe for determination before this or any other federal court. <u>Thompson on behalf of N.S. v. Cherry Hill Township</u>, No. 25-822 (KMW-EAP) 2025 WL 919852 *1 n.1)(D.N.J. March 24, 2025)(Slip Copy)(unpublished)(state criminal proceedings cannot be collaterally attacked in federal court pursuant to <u>Heck</u>)(citing <u>McGillvary v, Scutari</u>, No. 22-22605, 2025 WL 417061 * 4 n.1 (D.N.J. Feb.6, 2025));<u>Baker v. Wittenvrongel</u>, Civil Action No. 08–cv–301 (PGS), 2009 WL 467854 * 4 (D.N.J. Feb, 24, 2009)(unreported)("[T]he standard announced in *Heck* represents a question of ripeness just the sort of threshold question [that] … may be resolved before addressing jurisdiction.")(quoting <u>Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.</u>, 549 <u>U.S.</u> 442, 127 *S.Ct.* 1184, 1191 (2007); <u>Thompson on behalf of N.S. v. Cherry Hill Township</u>, No. 25-822 (KMW-EAP) 2025 WL 919852 *1 n.1 (D.N.J. March 24, 2025)(Slip Copy)(unpublished)([T]o the extent Plaintiff seeks relief for the alleged deprivation of her juvenile son's rights … in the underlying state court criminal proceedings, this Court cannot provide such relief. *See McGillvary v. Scutari*, No. 23-22605, 2025 WL 417061, at *4, n.1 (D.N.J. Feb. 6, 2025) (finding plaintiff "cannot pursue claims under 42 U.S.C. § 1983 because if [the p]laintiff were to prevail on claims he seeks to assert, this favorable disposition would constitute a collateral attack on the validity of his

19

criminal conviction in violation of the rule espoused in *Heck v. Humprhey.*")(italics in original)).

Petitioner never disputed that he is presently incarcerated for the murder of Respondent's brother, or that his appeal of his state conviction was dismissed. See, e.g., State v. McGillvary, 2021 WL 3378024 (N.J.App.Div.), 249 N.J. 341, (certif. den. 2001), 250 N.J. 171 (reh. den. 2002)(unreported). Petitioner expressly stated that he did not seek a writ of habeas corpus. See Petitioner's brief filed with the N.J. District Court, Document 33-1 filed 1/10/22 page 4 of 5, Page ID 372. Therefore Petitioner failed to meet the Heck Favorable Determination Requirement, *a prerequisite to the N.J. District Court's subject matter jurisdiction*, and the subject Petitions must be dismissed. See F.R.C.P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action.")(emphasis added)

### POINT II
### PETITIONER FAILED TO MEET THE CRITERIA PURSUANT TO RULE 27 FOR PERPETUATING TESTIMONY

Subsequent to Judge Cox Arleo's rulings of 3/31/2023 which dismissed Petitioner's 1983 action pursuant to Heck, *supra*, 512 U.S. at 486-489, Petitioner filed a Motion to Perpetuate Testimony of Respondent in anticipation of his appeal of that ruling. Petitioner's purported reasons for seeking Petitioner's testimony was limited to Respondents age, and general statistics on life span.

Judge Cathy L. Waldor, United States Magistrate Judge denied that motion.

# 85, #86. Citing <u>Ash v. Cort,</u> 512 <u>F</u>.2d 909 (3d Cir 1975), the court determined that

Petitioner had failed to identify the facts he wanted to establish through the

proposed testimony and the reasons to perpetuate it, and that his allegation that

Respondent was 76 years of age, alone, with no evidence in the record that

Respondent was in ill health, was not enough to meet the standard for granting relief

pursuant to F.R.C.P.27("Rule 27"), Rule 27(b). Docket No. 2:21-cv-17121-JMY-

CLW, No.85, 86.

Rule 27 concerns only the preservation of testimony. It does not allow for

discovery. In <u>Ash,</u> the court held that perpetuation of testimony pursuant to Rule 27

is not a substitute for discovery, and is available in a clearly defined and narrow set

of circumstances only "to preserve testimony which could otherwise be lost." <u>Ash,</u>

*supra,* 512 <u>F</u>.2d at 912. The <u>Ash</u> court denied the motion because the movant in

<u>Ash</u> "misperceive[d] Rule 27 as a substitute for general discovery...." <u>Id</u>. The court

noted that ***the passage of two years*** without discovery was "plainly irrelevant to

Rule 27", and deemed conclusory the movant's claim that the intended deponants'

ages being over 50 years of age, and that one intended deponent had died, evidenced

the likelihood of loss of evidence. <u>Id</u>. The <u>Ash</u> court also noted that the decision of

whether to grant relief is entirely within the sound discretion of the court, and that

the movant had failed to demonstrate the lower court's abuse of that discretion. <u>Id</u>.

21

In the subject matter, Petitioner has never revealed what testimony he expects of Respondent, a prerequisite to relief pursuant to Rule 27(b). Indeed, Petitioner has ***no idea*** what Mr. Galfy would say if deposed, and has offered only conclusory opinions as to what Mr. Galfy would say in a future fabricated action that only exists in Petitioner's fantasy. Petitioner stated before Judge Waldor that he intends to use Respondent's testimony in a future case once he overturns his conviction, 3/32/2023 ECF #74. Petitioner's "fishing" for discovery for this or any future action is not permitted by Rule 27. In re Tsymbal, Civil Action No. 11–3054 (FLW), 2011 WL 8218997 (D.N.J. Dec. 9, 2011)(unreported)("[T]o enable a person to fish for some ground for bringing suit would be an abuse of the rule"); Robinson v. Winslow Twp., Civil No. 10–2824 (JHR/JS), 2010 WL 3326678, at *5 (D.N.J. Aug. 23, 2010)(unreported). Furthermore, Petitioner has exhausted his appeals, rendering virtually impossible the future litigation for which he seeks the perpetuation of testimony. State v. McGillvary, No. A-4519-18, 2021 WL 3378024 (App.Div.)(unreported); 246 N.J. 446, 251 A.3d 755 (2021)(leave to appeal den.); 249 N.J. 341, 265 A.3d 1242 (2021)(certif. den.)(unreported); 250 N.J. 171, 270 A.3d 1082 (2022)(reh den.)(unreported); McGillvary v. New Jersey, 142 S.Ct. 1685 (Mem) 212 L.Ed.2d 588 2022 WL 1131468 (2022)(cert. den.)

Significantly, Judge Cox Arleo noted that Petitioner had the chance to depose Respondent during pretrial discovery of his state murder trial for his murder of

22

Respondent's brother. Petitioner elected not to depose Respondent, and has offered no legitimate reason why he failed to do so. He therefore has no right to an Order to Preserve Testimony pursuant to Rule 27. See e.g., In re Navy Chaplaincy, 287 F.R.D. 100 (D.D.C. 2012)(Navy chaplains not entitled to deposition to preserve general's testimony, where they failed excuse their failure to depose general years earlier).

## POINT III
## PETITIONER FAILED TO DEMONSTRATE THAT EXTRAORDINARY CIRCUMSTANCES JUSTIFYING THE CIRCUIT COURT'S EXERCISE OF MANDAMUS JURISDICTION OVER THE PETITION FOR MANDAMUS.

Petitioner filed a motion for reconsideration of Judge Arleo's denial of discovery regarding Respondent, and on or about 10/10/2023 by Letter Order, Document 85, page ID 1205, Judge Waldor denied Petitioner's Motion to Perpetuate Respondent's testimony. Thereafter, Petitioner filed civil actions against multiple judges in the District Court, including, *inter alia*, Judges Cox Arleo and Waldor. As a result of Petitioner's suit(s) against them, Judge Cox Arleo administratively terminated the subject matter on 5/8/2024 #99, modified 12/4/2024, entered 12/5/2024 101. Judge Cox Arleo ordered that "the Court shall *monitor the status* of the related case reassigned out-of-District to ensure that any delay in adjudicating this matter does not cause prejudice to the Petitioner." 12/04/2004 McGillvary v. Galfy, 2:21-cv-17121, Docket No. 101.

23

On 12/15/2023 #89, Petitioner filed a Motion to recuse Judge Madeline Cox

Arleo, in apparent dislike of the Judge's sound determinations based on law and

fact. Judge Cox Arleo denied the recusal motion, however, by Order dated August

14, 2025, and transferred McGillvary v. Galfy, Dkt. No 2:21-cv-17121 JMY-CLW

to the Honorable John Milton Younge of the United States District Court for the

Eastern District of Pennsylvania, pursuant to the January 2, 2024 Order of Judge

Michael A. Chagares, Chief Judge of the Circuit Court, Document 111-1 filed

8/14/2025 Page 1 of 1 PageID 2291, who was handling the "related matter".

"While discovery orders are not themselves appealable, in **extraordinary**

circumstances interlocutory review of them may be had by way of mandamus."

Pacific Union Conference of Seventh-Day Adventists v. Marshall, 434 U.S. 1305,

1307, 98 S.Ct. 2, 54 L.Ed.2d 17 (1977) (emphasis added); accord In re Diet Drugs

Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ

"must have **no other adequate means to obtain the desired relief**, and must show

that **the right to issuance is clear and indisputable**." Madden v. Myers, 102 F.3d

74, 79 (3d Cir. 1996)(emphasis added).

Petitioner filed the subject Petition for Writ of Mandamus regarding the

orders of Judge Cox Arleo and Judge Waldor alleging that the administrative

termination pending the outcome of the related matters has caused "undue delay",

constituting "extraordinary circumstances". He claims that there is no precedent for

24