an administrative termination pending the outcome of another case in a case where "28 U.S.C. 292(b) has been invoked" 1327, with no explanation for why the alleged lack of precedent proves anything *per se*. With no basis in the record he claims that Judge Cox Arleo bribed New Jersey's former Senator Menendez to get appointed to the federal bench,. 1327 and that his claims against her arose out of "bribery and obstruction of justice in support of an unregistered foreign agent, using her office to blackmail Petitioner into dropping the complaint." Id. Without any explanation or citation to authority, Petitioner claims that Judge Cox Arleo violated 28 U.S.C.A. § 455(b) (not one of the 5 subsections under § 455(b) identified or analyzed by Petitioner), apparently by denying his motions *before* he moved to have her removed from the subject matter. Petitioner thus claims that "[g]ood reasons for delay are absent in this case." 1325 Petitioner claims that he has a right to perpetuate Respondent's testimony pursuant to Rule 27.2:21-cv-17121-MCA-CLW (10/31/2024) page ID 1325. He asserts that the Circuit Court must grant his Petition for a Writ of Mandamus because the District Court's resolution process of the related matters has created a "loophole" of "undue delay" which "is tantamount to a failure to exercise jurisdiction." 2:21-cv-17121-MCA-CLW Page ID 1323 (quoting Madden, supra, 102 F.3d at 79). Petitioner asserts that he filed his motion to perpetuate testimony regarding Respondent due to the "high likelihood" that Respondent's testimony will be lost due to his age, and that the administrative

25

termination of his 1983 Action has thrown it into legal "limbo". 2:21-cv-17121-MCA-CLW(10/31/2024) Page ID 1324.

> A. **Petitioner has failed to show his "right to issuance is clear and indisputable", Madden, *supra*, 102 F.3d at 79, regarding his Heck-barred 1983 action.**

As discussed in **POINT I**, *supra*, Petitioner's 1983 action, and the Petition upon which it is based are Heck-barred. As discussed in **POINT II**, *supra*, Petitioner may not use Rule 27 to conduct post-conviction discovery in support of wild, unsupported accusations of conspiracy utterly unsupported by the record, and Petitioner cannot now seek testimony which he failed to adduce in discovery before or during his murder trial. Respondent's fantastical, circular and self-serving arguments ignore the fact that the claims regarding which he seeks Mandamus are the very ones the Court dismissed for lack of subject matter jurisdiction. See POINT I *supra*. Mandamus is "available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Madden, supra, at 77 n.3 (quoting Will v. United States, 389 U.S. 90, 95, 88 S.Ct. 269, 273 (1967)). Obviously the bench cannot "fail" to exercise jurisdiction when it has no subject matter jurisdiction to exercise in the first place, and the subject Petition is not ripe for determination.

Furthermore, Judge Cox Arleo ordered that "the Court shall *monitor the status of* the related case reassigned out-of-District to ensure that any delay in adjudicating

26

this matter does not cause prejudice to the Petitioner." The court has itself guaranteed its due diligence in preventing undue delay. Petitioner's Heck-barred 1983 action is getting all of the judicial attention it is due. The case has been transferred on 8/14/2025, to the Honorable John Milton Younge, *supra*.

Petitioner had his day in court, that is, in state court. He has exhausted his state appeals all the way up to the U.S. Supreme Court. He may not now seek post conviction relief by pretending that the Circuit Court has jurisdiction to compel Respondent to be deposed for the purpose of undermining Petitioner's state conviction.

## B. Petitioner is responsible for any delay in adjudication of his Heck-barred 1983 action

Any delay present in the subject matter is of Petitioner's own making, therefore, it is not "undue". Petitioner's fabricated allegations against New Jersey's federal bench required Judge Cox Arleo to transfer his subject claims out-of-district. Petitioner seeks to shift responsibility for the delay he caused to the very bench he targeted.

According to Madden v Myers, 102 F.3d 74,79 (3d Cir. 1996), cited by Petitioner, a court's improper refusal to exercise jurisdiction *is* an extraordinary circumstance justifying appellate review by writ of mandamus. Madden, however, is factually inapposite to the subject matter. In Madden, the court denied a prisoner's petition for writ of mandamus even though his *habeas corpus* petition sat undecided

27

*for several months*. The Madden court held that the District Court's delay of several months in deciding the prisoner's petition did not constitute "undue" delay. Accord In re Souels, 688 Fed.Appx. 134, 135 (3d. Cir 2017)(Mem)(court's 6+ month delay of federal prisoner's petition for writ of mandamus concerning his motion pursuant to 28 U.S.C.A. § 2255 did not constitute "undue delay").

In making this determination, Madden cited McClellan v. Young, 421 F.2d 690 (6th Cir. 1970), where a District Court judge referred a prisoner's petition for *habeas corpus* to a university clinic for advocacy on the prisoner's behalf, ***without his consent***, and was also waiting for the release of a Supreme Court decision before rendering a decision. The Circuit Court noted that 28 U.S.C. § 2243 imposes a specific duty on courts to *summarily hear and dispose* of habeas corpus petitions, that the issues raised by the prisoner's habeas corpus petition had already been addressed by settled law, that the lower court could not delegate the prisoner's defense to the university clinic *without the prisoner's permission*, nor the court's own role.

In contrast to the *federal* prisoner in McClellan, *supra*, Petitioner, a *state* prisoner, filed multiple *federal* complaints and motions, some unnoticed to Respondent, *inter alia*, to disqualify Judge Cox Arleo and other N.J. District Court judges from presiding over his federal litigation. Those complaints and related motions, ***intentionally splintered by Petitioner across several dockets***, involve

common parties, and arise from a common core of alleged facts, law and issues, as do the motions relating to them. Only after the N.J. District Court administratively dismissed the subject Complaint, pending resolution of the related matters (the "resolution process"), did Petitioner petition this Court for relief regarding Judge Cox Arleo's Order. ***Petitioner himself, not the N.J. District Court***, intentionally and strategically set in motion the resolution process requiring out-of-district transfer of the related matters. That resolution process is not akin to the District Court abdicating its judicial role. Indeed, the transfer of the related matter(s) out-of-district, and the administrative termination pending their resolution is the ***fulfillment of the courts judicial role*** in the subject matter. Furthermore, Petitioner has expressly denied seeking *habeas corpus*, and there is no other statute relevant to the subject matter mandating summary disposition of either the related matters or Petitioner's meritless motions for discovery.

The law is clear that Petitioner may not case manage the subject matter through the filing of related, intentionally splintered, meritless complaints and motions against sitting judges, and/or the dockets they oversee. Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a District Court handle a case in a particular manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). Judges do not have to remove

themselves from a case when being baselessly accused of corruption. Judges so accused may decide that allegation without deferring it out.

### C. Petitioner's recourse is in state court

There is no undue delay or undue prejudice to the Petitioner, as determined by Judge Cox Arleo arising from the administrative termination of his 1983 claims. Petitioner's recourse is in state court. Docket McGillvary v Galfy, #2:21-CV-17121-MCA-CLW (ECF 101) 12/04/2024101.

## POINT IV
## THE PETITION IS FRIVOLOUS AND MUST BE DISMISSED; THE COURT SHOULD IMPOSE A "GATEKEEPER" ORDER PROHIBITING ALL FUTURE ACTIONS AND FILINGS BY PETITIONER AGAINST RESPONDENT EXCEPT UPON HIS OBTAINING LEAVE OF COURT TO FILE, AND DENY ANY OF HIS FUTURE APPLICATIONS FOR *IN FORMA PAUPEROUS* STATUS REGARDING PETITIONS FOR EXTRAORDINARY RELIEF.

Petitioner is incarcerated for his heinous murder of Respondent's brother, Joseph Galfy. Petitioner's personal fantasy, that he is innocent of his heinous murder of Joseph Galfy, is the *raison de entre* for his § 1983 Action. From its inception, Petitioner sought to shift the blame for his crime by targeting Respondent with **baseless** accusations of conspiracy, McGillvary v. Galfy, et al., Docket No. 2:21-cv-17121-MCA-CLW, Document 61 filed 4/26/2022 Page 9 of 18 Page ID:945, page 10 of 18 Page ID:946. Petitioner accuses the entire Galfy family of lynching unidentified "poor vagrants" as the KKK lynched poor Blacks, equating Petitioner's victim to the Times Square Killer, Jeffery Dahmer, Bill Cosby, Jeffrey

30

Epstein and Harvey Weinstein, and the entire Galfy family to the families of those individuals. (pp. 7-8 of the Document) Petitioner invokes the "ghosts" of the unnamed vagrants in his own search for justice.

Petitioner now accuses Judge Cox Arleo of bribing former New Jersey Senator Menendez to be appointed to the bench, and of blackmailing Petitioner, in a conspiracy involving unnamed foreign agents.

> "For ... obvious reasons, the [Petition] is of a class with U. S. ex rel. Mayo v. Satan, 54 F.R.D. 282 (D-Pa., 1971); McConahy v. City of London, 381 F.Supp. 728 (D-N.J., 1974); Ruth v. First Nat'l Bank, 410 F.Supp. 1233 (D-N.J., 1976); Searight v. New Jersey, 412 F.Supp. 413 (D-N.J., 1976); Ruth v. Congress, etc., 71 F.R.D. 676 (D-N.J., 1976); and Keno v. Doe, 74 F.R.D. 587 (D-N.J., 1978). *It is frivolous within the meaning of 28 U.S.C. s 1915(d)*." Gordon v. Secretary of State of N. J., 460 F.Supp. 1026, 1028 (D.N.J. 1978)(incarcerated plaintiff not prevented from being elected President. Order of dismissal entered)

There is no legitimate basis in fact or law for Petitioner to have brought his § 1983 action against Respondent. The sole purpose of this litigation is to harass and further victimize Defendant Galfy, forcing him to pay attorneys in his defense, and to revisit Plaintiff's torture and murder of Defendant Galfy's beloved brother:

> The medical examiner testified that *[Joseph J.] Galfy [Jr.] died from blunt force trauma from many blows over his body, including to his eyes, mouth, ears, the back of his head, his neck, his shoulders, arms, and ribs. Blood splatters in the bedroom surrounded the victim*. Galfy was a seventy-four-year-old man, smaller in stature than defendant, and the severity and number of his injuries supported the jury's conclusion that defendant knew his actions created substantial risk of

31

death, or that he was aware that death was practically certain to result. ***The repeated crushing blows*** demonstrated defendant's intent to cause serious bodily injury. State of New Jersey v. Caleb McGillvary, 2021 WL 3378024 *7 referencing Indictment No. 16-05-0344, Superior Court of New Jersey, Law Division, Union County, (Plaintiff's NJ state conviction)(emphasis added).

Respondent remains a target of Petitioner's ongoing vendetta. As retribution for his conviction, Petitioner continues to harass Respondent, by filing his § 1983 Action, in the District Court, on 1/10/2022 McGillvary v. James Galfy et. Als. Docket # 2:21-cv-17121-MCA-CLW, which was dismissed for lack of jurisdiction, 3/28/23 Page 1of 12 ID 1085. Petitioner appealed to this court, and the matter was remanded back to the District Court, for lack of jurisdiction, 10/12/2023 #86 (C.A. No. 23-1816). Both the matter on remand and Petitioner's Motion to Perpetuate Testimony subject Petition were being addressed in the District Court, prior to Petitioner's filing the subject Petition for Writ of Mandamus to be heard here. Petitioner's demand for Respondent's testimony falsely asserts that Petitioner is a "key witness" (ECF 1-1 pg 9), thus central to Petitioner's defense, despite the fact that Respondent was never called as a witness in Petitioner's murder trial.

Petitioner's strategy now goes beyond Judge Cox Arleo to embraces an entire District Court, he groundlessly attacking its judges. It is in this context that he purports to seek Mandamus relief allegedly to preserve testimony to support his Heck-barred 1983 Action. Likewise, in his Motion to Preserve Testimony in the N.J. District Court and now in his Petition(s) for Writ of Mandamus before the

Circuit Court, Petitioner has *not produced any evidence to support his fantastical allegations, which exist solely in the imagination of an incarcerated murderer.*

Petitioner's buckshot reference to statutes and Court Rules, without any citation or documented facts in support of his arguments, is an insufficient basis upon which to conclude that Judge Cox Arleo did not have, and/or did not appropriately exercise the discretion to manage the subject matter in the fashion in which she elected to do so. The cases cited by Petitioner do not support his bare conclusions. Indeed, they too demonstrate the legality of the court's administrative handling of the subject matter. To hold otherwise would allow violent, incarcerated murderers, such as Petitioner, to collaterally attack their state convictions in federal court by suing any judge who would dare enforce the court's obligation to police its dockets for subject matter jurisdiction and to enforce the Federal Rules of Civil Procedure. His *ad hominem* attack upon Judge Cox Arleo, utterly unsubstantiated by the record, is the definition of frivolous litigation, among other things.

Plaintiff's claims are indisputably Heck-barred, because he failed to meet Heck's Favorable Termination Requirement. See **POINT I**, *supra*. His claims are indisputably meritless because all of the government actors are immune from suit, see Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, (citing Williams v. Goldsmith, 701 F.2d 603 (7th Cir. 1983), and because his allegations, taken in a light most favorable to Plaintiff are "fantastic or delusional scenarios". Neitzke,

33

supra, 490 U.S. at 328. The Complaint is thus the definition of meritless litigation. Indeed, this court dismissed Plaintiff's prior §1983 action against Dr. Pandina, and some of the same parties as in the subject matter, with regard to the same core of facts. The District Court admonished Plaintiff:

> Because Plaintiff has not shown that his conviction has been set aside, he cannot bring [his] claim … at this time. *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016). This claim is therefore dismissed without prejudice ***until such time that Plaintiff sets aside his conviction***. McGillvary, *supra*, 2020 WL 2079266 at *6 (emphasis added)

Petitioner has been instructed in cases beyond the subject matter that he cannot colatterally attack his state murder conviction in federal court. See McGillvary v. Scutari, No. 22-22605, 2025 WL 417061 * 4 n.1 (D.N.J. Feb.6, 2025). This is not his first rodeo. Since he has been unsuccessful in his appeal, and exhausted his appeals, see *supra* **POINT I**, Petitioner has brought the subject Petition in defiance of the District Court's order. ***There must be consequences***. This court should thus impose a gatekeeping order prohibiting Plaintiff from filing any other actions, motions or papers against Defendant Galfy without the prior permission of the court. See JPMorgan Chase Bank, National Association v. Roggio, 2020 WL 7711698 (DNJ 2020)(unpublished)(after defendant filed five meritless motions, bank sought gatekeeper order preventing defendant from filing subsequent motions without permission of the court). Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a court may enter a pre-filing injunction "to preclude abusive,

groundless and vexatious litigation." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). "When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction and contempt to protect its process." Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990). "Courts have uniformly sanctioned litigants who attempt to relitigate issues already decided against [them] ...." Dunleavy v. Gannon, 2012 WL 259382 (D.N.J. Jan. 26, 2012) (citing Napier v. Thirty or More unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080 (3d Cir. 1988). Accord Jaye v. Shipp, 2018 WL 2278100 (DNJ 2018)(unreported); Kornafel v. Del Chevrolet, United States District Court, E.D. Pennsylvania, January 4, 2021 Slip Copy 2021 WL 26969 (abusive litigant attempted to relitigate merits of his state case and his federal claims based on his state case. Held: absent an injunction, he will continue to repeatedly pursue claims that have already been resolved and rejected.)

In In re McDonald, 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989), the Court observed that the *habeas corpus* petitioner was "no stranger" to the Court. Id. at 180. In little more than a decade, he had made over 73 separate filings with the Court. Id. at 181-182 & n. 1-5. The court reasoned that "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction

from conduct which impairs their ability to carry out Article III functions," and thus, it denied the petitioner's request to proceed in forma pauperis ("IFP") in that and all other petitions for extraordinary relief, due to his frivolous and repetitive litigation, which used the Court's resources in a way that did not promote the interests of justice. In re McDonald, *supra*, 489 U.S. at 184 & n.8. (citing Procup v. Strickland, 792 F.2d 1069 (CA11 1986); Peck v. Hoff, 660 F.2d 371 (CA8 1981); Green v. Carlson, 649 F.2d 285 (CA5 1981)). See also Aruanno v. Davis, No. 16-1855, No. 16-1856, No. 16-1857, 679 Fed.Appx. 213, 215-216 (3d. Cir. February 15, 2017)(unpublished)(applicant for IFP status denied for over 39 civil actions and 45 appeals); Hurt v. Social Security Admin., 544 F.3d 308, 309-310, 383 U.S.App.D.C. 213 (2008)(plaintiff's filing of extraordinary number of meritless suits and appeals, targeting, *inter alia*, various courts and their officers, warranted revocation of plaintiff's IFP privilege pursuant to 28 U.S.C.A. § 1915(a) & (e)(2))

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996) ("PLRA"), courts must review complaints in civil actions in which a prisoner, such as Petitioner, proceeds *in forma pauperis,* see 28 U.S.C. §1915(e)(2)(B), seeking redress against a governmental employee, such as Judge Cox Arleo. See 28 U.S.C.A. § 1915 et seq.. The PLRA directs courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. Since Respondent has been excluded from the related matters, he is unable to make this argument before the relevant court, however, it appears that the related matters are subject to *sua sponte* screening for dismissal under 28 *U.S.C.* § (e)(2)(B) because Plaintiff is proceeding as an indigent and is a prisoner. Harris v. Bennett, Civil Action No. 13–6674 (PGS), 2015 WL 3764654 * 6 (D.N.J. June 16, 2015)(unreported).

### POINT V
### THE SUBJECT PETITION, MIS-STYLED AS FOR WRIT OF MANDAMUS, DOES NOT SEEK MANDAMUS RELIEF, THUS THE CIRCUIT COURT MAY NOT EXERCISE MANDAMUS JURISDICTION OVER IT.

A writ of mandamus "is a procedural mechanism through which a court of appeals reviews a carefully circumscribed and discrete category of district court orders." Madden, supra, 102 F.3d at 76-77 (citing Martin v. United States, 96 F.3d 853, 854 (7th Cir.1996) (mandamus is "a procedural step in the ... litigation."); Green v. Nottingham, 90 F.3d 415, 417 (10th Cir.1996)). Nowhere does Petitioner reference Judge Cox Arleo's finding of facts, the law she identified, or her application of that law to the facts for review or suggest any standard of review. Petitioner is forum shopping up to the Circuit Court, for it to make an independent, *de novo* decision, unfettered by the determinations and processes of the lower courts. Petitioner asks this Court to supplant the resolution process **_he_** put in motion