at the District Court level by directly disqualifying New Jersey's Federal District bench, the related case. He also requests that this Court make a *de novo* decision, and issue its own writ of mandamus. In Re: Caleb McGillvary, Case:25-2096 Document 1-1 Page14 Date Filed 6/11/2025. (Conclusion)

Petitioner has cited no authority which would allow this Court to substitute its judgement for that of the N.J. District Court's regarding federal subject matter jurisdiction, or discovery issues. He has cited no authority which would allow this Court to engage in a *de novo* findings of fact or law relative to issuing a writ of mandamus. Petitioner cites no authority which would allow him to do so. Petitioner's filings before this court are indeed "improperly styled as mandamus …. It is the nature of the document, rather than the label attached by the litigant, that controls." Madden, supra, 102 F.3d at 78.

### POINT VI
### PETITIONER IS FORUMSHOPPING HIS 1983 CLAIM UP TO THE THIRD CIRCUIT IN VIOLATION OF F.R.C.P. 19(A)&(B)(i-ii).

It appears that Petitioner filed Motions in the related matters and at least two separate actions in the Third Circuit, for a Writ of Mandamus filed 10/30/2024, under Docket # 24,3031, and for a Writ of Mandamus filed 6/11/2025, under Docket # 25-2096. **It appears that Petitioner is,** in, at least, three separate Federal Courts, **forum shopping** intentionally splintered cases with identical or similar issues of law and facts, including the subject matter, **in violation of the Entire Controversy**

**Doctrine** ("ECD"), and the F.R.C.P. 19(a)(1)(A)&(B)(i)-(ii) **established to effectuate the ECD,** in **violation of,** *inter alia,* **Respondent's Due Process Rights,** to possibly forum shop, by misusing the Court System, to obtain relief that he is not entitled to by law.

While Petitioner claims that he has "diligently complied, *in propria persona,* with federal civil procedures, to the letter", McGillvary v. Galfy, et als, supra, Docket no. 100(10/31/2024) Page 1324 Petitioner failed to join Respondent Galfy as a necessary party in the related matters, as required by the ECD embraced within Rule 19(a)(1)(A)&(B)(i)-(ii). Petitioner's complaints against Judge Cox Arleo and other federal judges in the related matters constitute a collateral attack on her judgements in the subject matter. Of necessity, Petitioner's success in the related matters would delegitimize her holdings in the subject matter, potentially exposing Respondent to relitigation, exacerbating Petitioner's waste of Respondent's time and resources. Petitioner's heavy reliance on cherry-picked facts from the related matters herein demonstrates that the court cannot accord relief to Respondent without his joinder in the related matters. Respondent's lack of joinder in the related matters is presently impeding his ability to protect himself from the Petitioner's egregious harassment of Respondent Galfy by way of mandamus. Compare Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC, 80 F.4th 223 (3d Cir. 2023)(factors to consider pursuant to Rule 19, including prejudice to unjoined

necessary parties). For example, Petitioner failed to attach any documentation to his Petition for Writ of Mandamus which regarding the basis, if any, for Petitioner's reference to his bare allegations of blackmail and hostage taking, of bribery and unregistered foreign agents, purported "facts" which Petitioner has vaguely imported into the subject matter. It is thus impossible for Respondent to even understand Petitioner's legal arguments, much less properly respond to them. Allowing this violates Respondent's Due Process rights to meaningful access to the court, and to notice and an opportunity to be heard under the First and Fifth Amendments.

## CONCLUSION

Mr. McGillvary's strategic attack on the District Court Judges through bare, irrational, fabricated and salacious allegations against members of the federal bench set in motion the administrative process required to address them. He is exploiting the deployment of that process by alleging that any delay he perceives is undue delay. There is, in fact, no delay: The process he initiated, caused exclusively by his own abuse of the judicial system, is processing through the courts with all deliberate speed. It is reasonable to conclude that with a decision imminent on the related matter(s), that Petitioner must await that/those decision(s).

This court should not tolerate Petitioner's trial strategy, but rather, it should neutralize his attack on our judicial system.

Courts are not impotent to resolve administrative or legal matters before it. [Petitioner's abuse of the federal court system] involves far more than an injury to a single litigant. Surely it cannot be that preservation of [judicial resources] must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of [abusive litigation practice]. Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250, 61 U.S.P.Q. 241 (1944)

There is no exception under The Federal Rule of Civil Procedure 27(b) and the Fed. R. Civ. P. 27(b)(1), to grant Petitioner's request for this court, rather than the District Court, to hear matters addressed in his Writ of Mandamus, filed here in the Circuit Court. The subject Petition must be denied. The court should, impose a gatekeeper Order requiring Petitioner to request permission to file claims and/or motions against Respondent, individually and/or as executor/agent of the Estate of Joseph J. Galfy, III, The Estate of Joseph J. Galfy, III, to avoid the ongoing harassment and financial bleeding of a family, now having to defend against a convicted murderer, who has forever harmed them through Petitioner's heinous crime against their loved one.

For all the foregoing reasons, Respondent respectfully requests the U.S. Court of Appeals for the Third Circuit, to deny the purported requests in Petitioner's Petition for Writ of Mandamus 1. as moot regarding its request to order the U.S. District Court for the District of New Jersey to recuse Judge Madeline Cox Arleo, and Cathy L. Waldor, as a. the matter has been transferred out of District by the Honorable Madeline Cox Arleo on 8/14/2025 in Case 2:21-cv-17121-JMY-CLW

Document III Page 1 of 1 PageID 2290 ; and 2. with respect to the balance of the requested relief, on grounds that it is <u>Heck</u>-barred as a collateral attack on Petitioner's state murder conviction, or, alternatively, that Petitioner has failed to demonstrate exceptional circumstances justifying this court's exercise of mandamus jurisdiction to adjudicate the merits of Petitioner's motion to perpetuate testimony at ECF 85, 87 in the matter <u>McGillvary v. Galfy</u>, Dkt. No. 2:21-CV-17121-MCA-CLW.

                              Respectfully submitted,

                              */s/ Barbara Schwartz*
                              Barbara Schwartz, Esq.
                              Attorney for Respondents James Galfy
                              Individually and as Executor/Agent of
                              The Estate of Joseph J. Galfy III,
                              The Estate of Joseph J. Galfy III

## CERTIFICATION OF SERVICE

I certify that I electronically filed this Answer to Caleb McGillvary - Petitioner Pro Se's Petition for Writ of Mandamus, and Notice of Motion, Cdertification of Counsel, in support of Motion, Form of Proposed Order, Certification of Service in this matter with the Clerk of the United State District Court Vis ECF, and the United States Circuit Court for the Third Circuit.

I served the Petitioner, Pro Se Caleb McGillvary, via First Class Mail, one paper copy to Petitioner, Caleb McGillvary, of the papers that I electronically filed: This Answer to Petitioner's Petition for Writ of Mandamus and Notice of Motion, Brief, Form of Proposed Order, and Certification of Service by First Class Mail, was sent to the following address of record:

**TO**: Caleb McGillvary
Inmate No. #1222665/SB1102317G
NJSP PO Box 861
Trenton, New Jersey 08625-0861

All counsel of record have been served electronically. I also electronically served the /district Court and I served the Circuit Court of Appeals, FIRST CLASS MAIL OR THIRD-PARTY COMMERCIAL CARRIER WITHIN 3 DAYS FRIM ELECTRONIC SERVICE to:

U.S. Court of Appeals – 3rd Cir.
21400 US Courthouse
601 Market St.

Philadelphia, PA 19106-1790

One Original and 6 copies of the Notice of Motion, Certification in Support thereof, and Order and One Original of the Brief and 6 copies of the Brief, in the Circuit Court of Appeals, for each Docket No. 24-3031 and No. 25-2096, thus serving a total of 2 Original Briefs and a total of 12 copies

Respectfully submitted,

By: *[signature]*

Barbara Schwartz, Esq.

Dated: August 19, 2025

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of FED.R. App.P. 32(A)(7)(B) because:

    - This brief contains on 9,259 words and no more than 13,000 words, excluding the parts of the brief exempted by FED. R. APP.P. 32(f).

2. This brief also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because:

    * This brief has been prepared in proportionally spaced typeface using Microsoft Word year 2025 With a 14-point font named Times New Roman.

By: *Barbara Schwartz*

Barbara Schwartz, Esq.

Dated: August 19, 2025

## ELECTRONIC DOCUMENT CERTIFICATE

- The Text of the electronic brief is identical to the text in the paper copies:

- A virus detection program was run on the electronic brief and no virus was detected. The version of the virus detection program is MacOs Sequoia 15.6 and the version of the virus program was updated on July 29, 2025.

I certify that the aforementioned is true to the best of my knowledge and if the aforementioned is willfully false I am subject to punishment.

_____
Date: August 19, 2025                                    Barbara Schwartz, Esq.