Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDADTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) October 6, 2025<br>)<br>) |

**MOTION FOR ORDER COMPELLING RESPONSE TO INTERROGATORIES AND
TO REQUESTS FOR PRODUCTION OF DOCUMENTS
(Fed. R. Civ. P. 37(d))**

**Relief Sought**

Plaintiff Caleb L. McGillvary ("Plaintiff") moves this Court for an Order:

1. Compelling James Galfy ("Defendant") to answer Interrogatories 1, 2, 3, 4, 5, and 6 in a timely manner that cures the deficiencies raised in this motion; in writing and under oath, fully and without objection, no later than November 5, 2025;

2. Compelling James Galfy to produce all of the documents requested in requests No. 1, 2, 3, 4, & 5 of Plaintiff's First Request for Production of Documents at 81 Cell 6 Wing West Compound NJ State Prison 3rd & Federal Streets Trenton, NJ 08625 no later than November 5, 2025.

1

3. Finding that any and all potential objections to the Interrogatories 1, 2, 3, 4, 5, & 6 of Plaintiff's First Set of Interrogatories; and to production and use of documents listed in Requests No. 1, 2, 3, 4, & 5 from Plaintiff's First Request for Production of Documents have been waived by James Galfy;

4. Awarding Plaintiff its reasonable expenses, including attorneys fees, in compelling James Galfy to answer these Interrogatories and produce these documents; and

5. Establishing further sanctions in the event that James Galfy fails to comply with this Order.

### Factual Basis for Motion

The Supporting Declaration of Caleb L. McGillvary establishes that:

1. I am the pro se plaintiff in the above-captioned matter.

2. On February 14, 2024, I caused to be served on the attorney of record for James Galfy Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure; and also Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure.

3. The Interrogatories attached to this Affidavit as Exhibit A is a true and correct copy of the Interrogatories served on James Galfy.

4. The Requests for Production attached to this Declaration as Exhibit B is a true and correct copy of the Request served on James Galfy.

5. The Certificates of Service and postage remit and return receipt attached as Exhibit C is a true and correct copy of the Certificates of Service attached to the Interrogatories and Requests to Produce Documents served on James Galfy; and of the postage remit evidencing my mailing of same; and of the return receipt evidencing James Galfy's receipt of same.

6. James Galfy failed to respond to the following Interrogatories in a timely and meaningful manner, as specified as follows:

"INTERROGATORY NO. 1. Describe and list every transaction proceeding from the bank account of the Estate of Joseph J. Galfy, Jr. at the Bank of America Account # 381034636525, Bank # 02120033, including specific details regarding:

    a.) The date and time of each transaction

    b.) The amount of each transaction

    c.) The identity of the person or entity with which the transaction was made, including, if known, the address and contact information of each said person or entity;

    d.) A description of the purpose of each said transaction, including any goods or services tendered as consideration therefor

    e.) Any addtional documentation or records attendant on or associated with each transaction, including the name, address, and contact information of the custodian of such records

INTERROGATORY NO. 2. State which of the persons whose names are contained in the answer to interrogatory No. 1 above:

   a. Made written statements to you or your agents concerning this matter, and

   b. The name, title, and address of the custodian of each written statement.

INTERROGATORY NO. 3. State and describe with specificity any lists or memoranda attendant on the purported will of Joseph J. Galfy, Jr.

INTERROGATORY NO. 4. State and describe with specificity the disposition of all assets embodied by the Estate of Joseph J. Galfy, Jr., specifying the name, address, and contact information of any individual or entity who has received any such assets, and any documentation or records associated with any transfer or conveyance or bequeathal or devise or gift or disposition whatsoever of such assets, and the name, address, and contact information of the custodian of such records; including but not limited to:

a.) A record of the disposition of the "currency, coins, or ingots of gold or other precious metals, and commodities" described in the purported will of Joseph J. Galfy, Jr.;

b.) A record of the disposition of the tangible assets of the Estate;

c.) A record of the disposition of the funds from the sale of any real estate or other investments proceeding from the estate.

INTERROGATORY NO. 5. State and describe with specifity all corporations, limited liability companies, trusts, partnerships, and any other entities of any type or location, in any State or location whatsoever in the world, that have been created or

organized or brought into being by any means whatsoever by or through the powers of attorney or any other authority whatsoever created by or embodied by or effected by the Estate of Joseph J. Galfy, Jr. or the will of Joseph J. Galfy, Jr., including:

    a.) The name of each entity

    b.) The office, department, or governmental division in which each entity is registered, organized, or incorporated

    c.) The names, addresses, and contact information of each of the entities officers

    d.) A list of all the documents and records filed by each entity as part of its organization or incorporation, including the name, address, and contact information of the custodian of such records

    e.) All sources of capitalization of each said entity

INTERROGATORY NO. 6. Describe all of the information you know about Joseph J. Galfy, Jr.'s relationship with Edward Enderlin, including, if known, all the times that Joseph J. Galfy, Jr. purchased phenobarbital from Edward Enderlin"

    Defendant has failed to answer these questions whatsoever; and should be required to disclose the information requested by these Interrogatories.

    7. James Galfy failed to substantially respond to the Requests for Production of Documents in a timely manner. Specifically, James Galfy failed to produce the following documents requested:

"REQUEST NO. 1. All transactional records proceeding from the Bank Account associated with the Estate of Joseph J. Galfy, Jr.;

5

Account # 381034636525 Bank # 02120033; including but not limited to check images and endorsements, and attendant documentation, and showing the dates, times, and amounts of the transactions and the identities of the persons or entities with which they were made, including the names, addresses, and contact information of said persons or entities

REQUEST NO. 2. Any lists or memoranda attendant on the will of Joseph J. Galfy, Jr.

REQUEST NO. 3. Any and all certifications issued in regards to the Estate of Joseph J. Galfy, Jr.

REQUEST NO. 4. Any and all records of the disposition of the tangible assets of the Estate of Joseph J. Galfy, Jr.; including but not limited to the "currency, coins or ingots of gold or other precious metals, and commodities" described in the purported will of Joseph J. Galfy, Jr.; and including:

a.) The date and time of the dispositon
b.) The location of the disposition
c.) The identity of any witnesses to the disposition, including their names, addresses, and contact information
d.) The identity of the persons or entities who were involved in the dispositions or to whom the dispositions were made, including their names, addresses, and contact information
e.) The nature of the disposition
f.) Any records or documentation attendant on the disposition, including the name, address, and contact information of the custodian of such records.

REQUEST NO. 5. Any and all records of the disposition of the funds from the sale of any real estate or other investments or property proceeding from the Estate of Joseph J. Galfy, Jr.; including:

a.) The date and time of the dispositon
b.) The location of the disposition
c.) The identity of any witnesses to the disposition, including their names, addresses, and contact information
d.) The identity of the persons or entities who were involved in the dispositions or to whom the dispositions were made, including their names, addresses, and contact information
e.) The nature of the disposition
f.) Any records or documentation attendant on the disposition, including the name, address, and contact information of the custodian of such records."

Defendant has failed to produce any documents whatsoever; and should be required to produce the documents requested by these Requests.

8. There were no objections, answers, or other responses that were filed in response to the Interrogatories or Requests for Production of Documents, and there was no privilege log created nor information regarding privilege provided therefor, and the Interrogatories asked for relvant information to the issue of causation which is material to Plaintiff's claims which were allowed to proceed by remand from the 3rd Circuit. These claims involve the use of funds and assets from the Estate of Joseph J. Galfy, Jr., by the executor of that estate, James

Galfy: to bribe officials involved in the investigation of Joeseph J. Galfy, Jr.'s sexual assault against Plaintiff. Plaintiff's claims encompass both the personal injury of the sexual assault, as well as the intentional and/or negligent destruction of evidence of that assault by James Galfy or others acting on his behalf, in concert with him, or aiding and abetting him in doing so.

    9. I contacted Barbara S. Schwartz, the attorney for James Galfy by letter sent via USPS Certified Mail, Return Receipt Requested, on April 4, 2024.

    a. In my letter, I asked Barbara S. Schwartz to tell me whether James Galfy would seek relief from the consequences resulting from the failure to file a timely response, or whether James Galfy would provide answers after moving to extend time.

    b. A true and correct copy of that letter and my postage remit evidencing sending it is attached to this Declaration as Exhibit D.

    c. Defendant ignored my request.

    10. The Interrogatories served on James Galfy were served in good faith for the purposes of securing information that is important to Plaintiff in the investigation and preparation of this trial. The Interrogatories conform to the requirements of Rule 33 of the Federal Rules of Civil Procedure, and the Local Rules of this Court. The Requests for Documents and Interrogatories served on James Galfy were served in good faith for the purposes of securing information that is important to Plaintiff in the investigation and preparation of this trial. The

Request conforms to the requirements of Rule 34 of the Federal Rules of Civil Procedure, the Local Rules of this Court. This action is exempt from Rule 26(f) Discovery Conference and Discovery Plan requirements under Rule 26(a)(1)(B) because Plaintiff is a self-representing litigant in state custody.

**Legal Basis for Motion**

**A. The Relief Sought by the Motion Is Appropriate**

Rule 37(d)(3) of the Federal Rules of Civil Procedure expressly authorizes a court to impose sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)(vi), when a party deliberately disobeys a court order regarding discovery. Furthermore, Rule 37(d) states that, in addition to ordering a response, the court must make an order requiring the party who failed to respond to a discovery request pay the moving partys reasonable expenses, including attorneys fees.

Requiring James Galfy to produce the documents by November 5, 2025 not only establishes a definite date for measuring compliance, it provides Plaintiff with a time to comply that is reasonable, given the excessive time that has already passed: over a year and a half.

The court should expressly rule that any potential objections to the Request have been waived by virtue of James Galfy's failure to make a timely and proper written response to the subject matter of this request, as allowed by Rule 34(b). See, e.g., Eureka Financial Corp. v. Hartford Acc. & Indem. Co., 136 F.R.D. 179, 182185 (E.D. Cal. 1991) (improper blanket objection resulted in waiver of attorney-client privilege and

work product protection). Virtually all of the documents covered in this Request would have been produced or identified in James Galfy's initial Rule 26(a) disclosures or in a Rule 26(e)(1) supplement to those disclosures; but this case is exempt from intial disclosures under Rule 26(a)(1)(B). Instead, this request was required to be answered in full by James Galfy, who has now chosen to defy this formal request.

    Requiring James Galfy to answer the Interrogatories by November 5, 2025 not only establishes a definite date for measuring compliance, it provides James Galfy with a time to comply that is reasonable, given the excessive time that has already passed: 19 months.

    Requiring James Galfy to answer Interrogatories 1-6 fully and without objection is proper because any objections to the Interrogatories have been waived by virtue of James Galfys failure to provide a written response within the time allowed by Rule 33(b)(2). See Fed. R. Civ. P. 33(b)(4) (Any ground not stated in a timely objection is waived ).

    It is also critical that the court specify what consequences will follow any further failure to comply with discovery obligations and the Courts order regarding the Request for Production and Interrogatories. The sanctions that should follow from disobedience should be severe enough to motivate compliance and to assure that James Galfy is sincere in his wish to defend this action. In this particular case, the Interrogatories and Requests to Produce Documents are seeking evidence to substantiate the claims at issue. Therefore, an order

deeming the facts alleged in the First Amended Complaint as established would be appropriate. Unless the court is prepared to impose the ultimate sanction now, striking the answer and entering a default judgment, an order compelling James Galfy to answer the Interrogatories and produce the requested documents by a definite date on pain of further sanctions is completely appropriate. See, e.g., Acme Printing Ink Co. v. Menard, Inc., 812 F. Supp. 1498, 1521 (E.D. Wis. 1992) (court ordered party to answer interrogatories because they would help apportion liability among defendants).

**B. There Are No Excuses Available for Failing to Respond**

As noted above, the Interrogatories and Requests to Produce Documents in this case were served in good faith for legitimate purposes. In any event, Rule 37(d)(2) expressly states that the failure to serve a sufficient response is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). In the year and a half since the Interrogatories and Requests to Produce Documents were served on Defendant, no such motion for a protective order has ever been filed.

**C. Sanctions Are Justified**

Because virtually no justification is conceivable or has been offered to date for the failure to file a complete and honest response to the Interrogatories or to produce the documents requested, sanctions are justified. The sanctions authorized by Rule 37(d) do not require any showing that the

11

responding partys failure to comply with its discovery obligations was wilful. Unintentional and accidental failures are subject to the sanctions provided by <u>Rule</u> 37(d). See, e.g., <u>Telluride Mgmt. Solutions, Inc. v. Telluride Inv. Group</u>, 55 F.3d 463, 466 (9th Cir. 1995) (sanctions for failure to appear at deposition).

## Supporting Documents

This motion is based on this document, on the Supporting Declaration of Caleb L. McGillvary served with this document, on the proof of service of these documents on James Galfy, on all of the papers and records already on file in this matter, and on whatever argument and evidence may be heard at any hearing on this motion.

Dated: 8/27/25

By: _____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

12