Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2025 SEP -9 P 11: 48    **September 2, 2025**

Clerk, US Dist. Ct. - DNJ
US Courthouse
50 Walnut Street
Newark, NJ 07102

        RE: Caleb L. McGillvary v. Galfy et al
        Civil Action No. 2:21-cv-17121-MCA-CLW
        Hon. Madeline Cox-Arleo, U.S.D.J.
        Hon. Cathy L. Waldor, U.S.M.J.

Dear Clerk;
        Please find enclosed and file onto the docket the service copy
required by F.R.A.P.  21(a)(1) of my document filed in the mandamus
proceeding in the U.S. Court of Appeals for the 3rd Circuit at 25-3031;
and proof of service thereof; in the above-captioned matter.

                                        Kind Regards,

                                        Caleb L. McGillvary
                                        In Propria Persona

ENCL:
CC: FILE

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the service copy of the following documents in the above-captioned matter to the Clerk of the District Court at USDC-DNJ US Courthouse 50 Walnut St. Newark, NJ 07102:

1.) My Reply to Respondent James Galfy's Answer.

Pursuant to the prison mailbox rule,  these documents are constructively filed as of the date of mailing. Pursuant to DNJ Local Civil Rules, upon said filing the Clerk files Plaintiff's document into the CM/ECF system. See DNJ L.Civ.R. 5.2.2 ("All civil ...  cases and documents filed in this Court, will be entered into the Court's ECF System in accordance with these Procedures."). Upon entry of a document in CM/ECF, notice of electronic filing thereof ("NEF"); is automatically thereby sent to all CM/ECF-participating parties. See DNJ L.Civ.R. 5.2.1(d)("NEF is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system..."). This NEF constitutes service upon all such parties. See DNJ L.Civ.R. 5.2.14(b)(1)("Transmission of the NEF constitutes service of the filed document on Filing Users"). Therefore, pursuant to this Court's Local Civil Rules, on today's date I have also served a copy of each said document on all appearing captioned Defendants, who are represented by CM/ECF-user Counsel.

As far as I'm aware, no other defendants have yet appeared, and when they do, they will be represented by the counsel for Defendants currently of record.

I hereby invoke the prison mailbox rule.

I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this 2 Day of SEPTEMBER , 20 25

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625



2025 SEP -9 P 4:46September 2, 2025

Honorable Judges of the 3rd Circuit
US Ct. of App. - 3rd Cir.
21400 US Courthouse
Philadelphia, PA 19106-1790

> RE: In re Caleb L. McGillvary
> App. No. 25-2096
> On Petition for Writ of Mandamus to
> U.S Dist. Ct. - D.N.J. at
> Civil Action No. Not assigned
>
> In re Caleb L. McGillvary
> App. No. 24-3031
> On Petition for Writ of Mandamus to
> U.S. Dist. Ct. - D.N.J. at
> Civil Action No. 2:21-cv-17121-JMY
> Sat Below:
> Hon. John Milton Younge, U.S.D.J.

Dear Honorable Judges:

Please accept this letter in lieu of a more formal brief in reply to Respondent James Galfy ("Defendant")'s purported answer to my petitions for mandamus filed in the above-captioned matters.

Even in a brief that exceeds the word limits imposed by F.R.A.P. 21(d)(1) by almost 2,000 words, Defendant has failed to address the contentions of the underlying motion under Fed. R. Civ. P. 27: that the advanced age of the witnesses sought to be deposed is per se evidence of necessity under Texaco v. Borda, 383 F.2d 607, 609 (CA3 1967) ("it would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable future date..."). He doesn't address the petition to depose Theodore

1

Romankow, Junaid Shaikh, nor Robert Pandina at all, despite purporting to direct his prolix "Answer" at it. Nor does Defendant dispute the factual allegations substantiating the claims about which **he** is sought to be deposed: that he has transacted money from the Estate of Joseph J. Galfy, Jr. (Hereinafter, "the rapist who drugged my drink," "the rapist," or "the Estate"); to individuals in an effort to cover up the fact that his brother, the rapist who drugged my drink, sexually assaulted me. I have contended that he did so to mitigate the liability of the Estate for what have already been held to be meritorious claims, including personal injury for sexual assault. Yet instead of addressing the contentions, he relies on victim-blaming rape myths and ad hominems: calling me "MsGillvary" in the "cc" of his cover letter, repeatedly accusing me of having "fantasized" about being raped, saying it's "not my first rodeo," calling me crazy, accusing me of "attacking our judicial system" and "targeting judges," and more. The sexualized and predatory ad hominems are in flagrant disregard of 3rd Cir. L. A. R. 28.1(d), and his fearmongering is likewise inappropriate and uncalled for.

But in addition to his misstatements of facts and salacious invectives, his arguments are frivolous. First of all, the Court Below found that it had jurisdiction pursuant to 28 U.S.C. 1331 when it identified meritorious constitutional claims of a conspiracy to deprive me of Due Process rights, based on the facts alleged. The abstention doctrine of Heck v. Humphrey, 512 U.S. 477 (1994) is based on principles of comity, not on subject

2

matter jurisdiction. See Stoe v. Flaherty, 436 F.3d 209, 214 n.1 (CA3 2006).

Secondly, he misconstrues the petition for mandamus as asking for de novo review of the findings of fact and conclusions of law of the district court in the underlying case. But this mandamus petition seeks only to compel the court below to rule upon the Rule 27 motion which has been pending on appeal from the magistrate to the district court, for 2 years. The denial of a Rule 27 motion is an appealable order, from which an appeal can be taken to review the findings of fact and conclusions of law. See Ash v. Cort, 512 F.2d 909, 910 (CA3 1975). The obstruction of that appeal by the district court's obstinate refusal to adjudicate the Rule 72 appeal of the magistrate's order regarding the Rule 27 motion, however, is squarely under the ambit of the writ of mandamus. See Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666-67 (1978) ("where a district court obstinately refuses to adjuducate a matter properly before it, a Court of Appeals may issue the writ to correct unauthorized action of the district court obstructing the appeal").

Defendant asserts without providing any clarification or basis that "Petitioner's recourse is in the state courts"; and goes on a convoluted tirade about how Plaintiff "could've deposed Defendant in the lead up to his criminal trial"; but the essence of the claim which the court below found to be meritorious was that the evidence of Defendant's use of the Estate to bribe investigators and witnesses wasn't discovered by Plaintiff until *after* trial. So the Law of the Case cuts against Defendant's

3

arguments. What's more, he claims he's "unfamiliar with the facts alleged" in a host of cases, then proceeds to make arguments which belie his assertion of lacking knowledge, describing the claims within certain cases with gratutious misconstruction and evident foreknowledge.

Defendant has claimed that he is an "indispensable party" in McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY ("Scutari Case"), which involved the use of public land and tax rebates to bribe Netflix to skew the narrative of a movie about me. The Scutari Case also alleged the bribery of judges and public officials to obstruct and subvert proceedings which challenge those bribes or that narrative. Defendant's Answer demonstrates that he has familiarized himself with these claims, so he has asserted his claim to be an "indispensible party" pursuant to Fed. R. Civ. P. 19(a)(1) with open eyes. Defendant further claims that he is an indispensable party to a case involving bribery of police to obstruct my court cases, presumably because he is part of the white supremacist police gang, "The Family"; which is alleged to be a RICO enterprise in McGillvary v. Long, Dkt. No. 1:24-cv-09507-JMY ("Long Case"). But I didn't add him to those cases because I had no evidence of his personal involvement until he went and admitted it just now.

I mean, I knew he was part of the police gang that fabricates evidence to frame innocent people, because when he was police chief in Irvington he covered up his officers' patterns of racist abuse. See, e.g. Oliveira v. Twp. of Irvington, 41 F. App'x 555 (CA3 2005 (James Galfy as deputy police chief,

4

represented by his rapist brother Joseph J. Galfy, Jr., defends racist policies in his police department by gaslighting the victims, much as he attempts to do in this case through his current counsel). This includes racist cops cruising around with toy guns in their trunk to frame up people they kill for driving, walking, or playing in a playground while black. See, e.g. Estate of Abdul Kamal v. Twp. of Irvington, 2018 U.S. Dist. LEXIS 192855 (D.N.J. Nov. 9, 2018).

And I also knew that Defendant's brother, the lawyer who drugged my drink and raped me when I was passed out on the floor, was politically connected. The head judge of the criminal division in Union County testified that the first responding officer was a law client of the rapist. See McGillvary v. Davis, Dkt. No. 1:22-cv-04185-MRH (U.S.D.C. - D.N.J.) ("Davis Case") at CM/ECF no. 12.32, page 17 lines 13 to 20. The head judge knew this because that officer called him on his personal phone from within the crime scene, and because he was the law *partner* of the rapist. Ibid.; see also Id. at page 15 line 17 to page 16 line 1 (Head Judge Robert Mega was partners with Joseph J. Galfy, Jr. at Kochanski, Mega, & Galfy). The head judge wasn't the only judge who knew the rapist, the medical examiner saw a whole cadre of state and federal judges standing outside the crime scene where the sexual assault upon my person occured. See Id. at page 9 lines 8 to 18. One of these judges was almost certainly Hon. Michael A. Chagares, who lived nearby; and who was adjunct professor at Seton Hall University School of Law from 1991-2006, when the rapist was "very involved in the charities at Seton Hall

5

University." See Davis Case at CM/ECF No. 12.39 at page 123 lines 14 to 15. It is judicially noticeable that faculty members of colleges are required to attend charity events. See F.R.E. 201(b)

Yet there's no way I could've known that the Estate of the rapist who drugged my drink; or the executor thereof, were "indispensible parties" to those actions; because this action involved only the use of the Estate to bribe investigators to cover up evidence of the sexual assault. That's the claim I had evidence for when I filed this action. Don't just take my word for it, look at the check for $150,000 signed by Defendant, made out to the drug effect expert, rendering him unavailable to testify at trial that my stated symptoms match those of the most common rape drugs. See DNJ CM/ECF No. 1.3 (Exhibit A), DNJ CM/ECF No. 1.4 (Exhibit B). Another $150,000 was "Bequeathed" in the purported will to the medical examiner's workplace, and another $50,000 to Judge Chagares' former workplace and alma mater. See DNJ CM/ECF No. 43.2 (Certification of Barbara S. Schwartz, attached to which is the purported will). That supposed Will is "notarized" by Andrew Baron, the rapist's law partner; Ibid.; and the signature likewise looks to be Baron's. The will wasn't filed in the chancery division until *after* Defendant met Junaid Shaikh, the medical examiner in receipt of the $150k. Yet any suspicious flaw in the document was overlooked by, or perhaps a quid pro quo caused the wilful ignorance of, the clerk of the chancery division: where the rapist, and Andrew Baron, practiced estate and real estate law for decades.

6

But all of this didn't automatically mean the rapist's estate was used to bribe politicians to organize a smear campaign against me using Netflix. It didn't automatically mean that it was used to bribe cops to obstruct my cases from within the prison. It didn't automatically mean that former U.S. Senator Robert "Gold Bar Bob" Menendez was paid "gold, ingots, or precious metals" (an actual quote from the purported will) to recommend the appointment of the "rogue" and "activist" judges who are currently under investigation by the USDOJ. At least not by the Estate, I mean, his conviction was for acting as an unregistered foreign agent so you'd think it would be China, Cuba, or Iran shelling out the bribes, right? (I mean, no wonder they're being called "rogue," and under investigation, by the U.S. Attorney General, right?). So there's no way I could know that Defendant was using the Estate to launder money for bribes in each of the cases he claims he's an "indispensible party" to, at least not until he went and admitted that he's an "indispensible party" pursuant to Fed. R. Civ. P. 19(a)(1)(A), (B)(i)-(ii).

Defendant repetitively invokes the terrifying phrase "targeting judges"; as though imputing pizza doxxing to me, when I've adhered strictly to the letter and formal structure of the law in my efforts to gain relief. He failed to mention that the judge he's referring to, Hon. Madeline Cox Arleo, lives within a 5 minute drive from the crime scene; went to Seton Hall University with Chagares when the rapist "was very involved" in the charities there; and was likely one of the judges seen at the

7

active crime scene. Yet I have challenged the impropriety of that appearance in the Court, not by "targeting." I'm on the up and up. For real though, the Court can look at my work in McGillvary v. Riez, Dkt. No. 3:21-cv-06430-MAS-JBD: and see that, when the case is decided by the facts and the law instead of political maneuvering behind closed doors, I actually win sometimes. Yet even knowing I'm being railroaded, I'm not so bitter or with a "grudge" to take actions outside of the law, much less "target judges." The Defendant is trying to incite fear, to provoke the Court to "send a message" with me by filing a "Gatekeeper Order" to prevent me from vindicating my rights in the Courts. Which is inappropriate, morally reprehensible, and par for the course in the Defendant's network.

That's why I wasn't surprised to see him claim he was "indispensible" to the Riez Case. I wouldn't put it past him to use his brother's Estate, through a conduit within the police union he was a ranking officer in and the police gang he admits to being part of, to bribe the dental worker at the prison to deliberately break my tooth with a dental drill. I wasn't surprised to discover he used the Estate to pay a paper-mill quack mental health counselor calling himself "Doctor Grande" to smear my mental health on YouTube. See McGillvary v. Grande, 1:21-cv-01342-JLH. Although I *was* surprised that he admitted to involvement with one of "Gold Bar Bob"s recommended "rogue judges" (to quote U.S. Attorney General Pam Bondi); who mischaracterized my declaratory judgment case to enforce my American Indian rights under INA 289, in a seeming effort to get

8

me deported to El Salvador, South Sudan, or Eswatini. See McGillvary v. U.S. Dept. of Homeland Security, Dkt. No. 2:25-cv-01497-EP. But maybe I shouldn't be, that's probably why those "activist judges" are being investigated right now, isn't it?

The Defendant has relied on pleas to passion, on fearmongering, and worst of all, on reversing the role of victim and offender. Defendant knows damn well his brother was a rapist: he blurted out to officers interviewing him, before a suspect was developed, that his brother had a run-in with a vagrant in the 70's. This "vagrant" was his phenobarbitol (read: rape drug) dealer, Edward Enderlin, which facts I seek to develop in my deposition of Defendant. The Netflix movie shows an unidentified male breaking the crime scene tape and handing a bag of evidence to Defendant: you can judicially notice this, because I want to ask him about that too. But here's where Defendant's desparate attempts to rile the passions of the Court lead to: he doesn't want to hand over the financial records of his brother's Estate.

Because he knows if you follow the money, he's probably going to jail.

The bribery of the investigators, the politicians, possibly even the judges; which Defendant implicitly admits to, by claiming he's an "indispensible party": is illegal. It's also part of an effort by Defendant to cover up evidence of his brother serially raping vagrants, of which I was the last. New Jersey has no statute of limitations on a personal injury suit for rape, and it is law of the case that I've stated claims which will accrue once I am finally released from prison. However,

9

Defendant is 76 years old, and not likely to live much longer as a matter of life expectancy. So I need to ask him questions under oath now, in order to preserve the evidence for these meritorious claims. But his fearmongering, victim-blaming pleas to passion are solely designed to obfuscate that. He wants to cover up the truth, just like he did for his Irvington Police officer who murdered a black child playing in the playground, back when he was deputy chief of police.

Your Honors, the police gang he's a part of is brutal, dishonest, and judicially noticeable. The New York Times ran an article on them called "BLUE SHADOWS - A Special Report: Suspicions Swirl Around New Jersey Police Clique"; in which they describe officers with Nazi flags in their offices praising Hitler and referring to their squad cars as "Panzer Columns." See https://www.nytimes.com/2000/05/13/nyregion/blue-shadows-a-special-report-suspicions-swirl-around-new-jersey-police-clique.html; F.R.E. 201(b). A cop of color named John Guslavage who tried exposing them was framed, then shot in the head, then framed again to make it look like a suicide. Ibid.; See also "Breaking Through the Plate Glass Window - A social ethical study of racial profiling and violent innocence in Elizabeth, New Jersey", Granzen, Michael, Drew University (2011). This isn't just from twenty years ago, recently the NJ Star Ledger ran an article on the Police Chief and Internal Affairs director in the township where the rapist carried out his assaults on vagrants: "A Culture of Racist Corruption in Clark Township: Editorial"; See https://www.nj.com/opinion/2022/04/a-culture-of-racist-

10

corruption-in-clark-township-editorial.html;    F.R.E.    201(b).    I
know firsthand the brutality of this police gang, because I was
jailed for 6 years without trial in Union County Jail, where they
psychologically and physically tortured me in an effort to make
me kill myself, and thereby silence me. Kinda like they did to a
guy I knew in county jail, who I can attest was tortured *for
sport* by this police gang because he was a vagrant, until he
killed himself. See In the Matter of Augustin Alvarez, Union Cty.
Dept. of Corr., CSC Dkt. No. 2021-1692, OAL Dkt No. CSV 04718-21;
https://nj.gov/csc/about/meetings/decisions/pdf/2022/6-15-
22/A002%20ALWAREZ%20AUGSUTIN.PDF;  F.R.E.  201(b). So contrary to
Defendant's claim that I'm "targeting judges"; certain officers
of the Court have more to fear from driving in Clark Township and
surrounding area than Plaintiff would ever dream of inflicting on
someone. Just ask the 17 year old child of color Defendant
participated in covering up the murder of, or the police officer
who was shot in the head for trying to uncover "The Family"... Oh
wait, you can't: Defendant and his cronies killed those
witnesses.

        That's what they do. They use their positions of power to
prey upon those disadvantaged by social constructs like race or
socioeconomic status, and they help each other destroy the
evidence of it afterwards. I'm a loose end to them, an outlier
because I was known as a hero for saving the lives of people of
color from a white supremacist attack, and the massive public
support I still had after ten years threatened their rape culture
so much that they used $400 million tax dollars to bribe Netflix

                                11

to kill my reputation. They've tried railroading me, smearing me, even killing me, but I just won't die. Despite all their attempts to bury me, I'm seeking to uncover the truth, and this action is designed to do exactly that.

Contrary to Defendant's mentally-taxing convolution of an argument, a Heck-bar of certain claims doesn't change the calculus of necessity under Fed. R. Civ. P. 27 to perpetuate his testimony. I just need to get that evidence, so I don't lose my chance to pursue what's already been held to be a meritorious claim, when I finally reclaim my freedom. And this petition for mandamus is asking to direct the district court to rule upon the motion under Rule 27 so I can do exactly that.

CONCLUSION

For all the foregoing reasons, the Court should issue the Writ of Mandamus and direct the District Court to rule on the Rule 27 motion promptly.

Respectfully Submitted,

DATE: 9/2/25

Caleb L. McGillvary
In Propria Persona

CC: FILE
All parties via Clerk's NEF on CM/ECF below

12



C MCGILLVARY
#1222665/SBI#102317G
NJSP PO BOX 861
TRENTON, NJ
08625

CLERK
US DIST. CT. - DNJ
50 WALNUT ST.
NEWARK, NJ
07102

LEGAL MAIL