Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

RECEIVED
2025 SEP 23  P 4: 3⎕

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>    PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>    DEFENDADTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) October 20, 2025<br>)<br>) |

NOTICE OF MOTION FOR WRIT OF MANDAMUS
(28 U.S.C. 1651, Fed. R. Civ. P. 79(a))

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on October 20, 2025 at 10:00am before the Honorable John Milton Younge, U.S.D.J. at the U.S. Courthouse 50 Walnut St., Newark, NJ 07102, Plaintiff Caleb L. McGillvary ("Plaintiff") will move the Court for a writ of mandamus directing the Clerk to file his November 6, 2023 Petition pursuant to Fed. R. Civ. P. 27 onto the docket.

As grounds for this motion, Plaintiff relies upon his Declaration and Motion in support of this motion filed herewith.

A proposed form of order is lodged herewith

Date: 9/12/25

_____
Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>    PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>    DEFENDADTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) October 20, 2025<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION FOR WRIT OF
MANDAMUS
(28 U.S.C. 1651, Fed. R. Civ. P. 79(a))

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...iii

MOTION FOR WRIT OF MANDAMUS ...1

JURISDICTIONAL STATEMENT ...1

ISSUE PRESENTED ...2

STATEMENT OF THE FACTS NECESSARY TO UNDERSTAND THE ISSUE ...2

REASONS WHY THE WRIT SHOULD ISSUE ...3

A. THE DISTRICT COURT CLERK'S REFUSAL TO FILE THE RULE 27 PETITION LEAVES PLAINTIFF WITHOUT APPELLATE REMEDY FOR ITS INDEFINITE DEPRIVATION OF HIS DUE PROCESS RIGHTS EXCEPT THROUGH MANDAMUS ...3

B. PETITIONER HAS A CLEAR AND INDISPUTABLE RIGHT TO ISSUANCE OF MANDAMUS TO VINDICATE HIS DUE PROCESS RIGHTS ON PETITION TO PERPETUATE TESTIMONY ...4

C. MANDAMUS IS APPROPRIATE IN THIS EXTRAORDINARY CASE WITHIN WHICH THE CLERK HAS REFUSED EVEN AFTER TWO YEARS TO FILE AN URGENT PETITION TO PERPETUATE TESTIMONY ...7

CONCLUSION ...8

# TABLE OF AUTHORITIES

**CASELAW**

Haines v. Kerner 404 U.S. 519 (1972)
...1

Hassine v Zimmerman, 160 F.3d 941 (CA3 1998)
...4, 5

Hollingsworth v. Perry, 558 U.S. 183 (2010)
...3

In Re Diet Drugs Prods. Liab. Litig., 418 F.3d 372 (CA3 2005)
...3

Johnson v Rogers, 917 F.2d 1283 (CA10 1990)
...4, 5

Madden v Myers, 102 F.3d 74 (CA3 1996)
...4, 5

McGillvary v. Davis, Dkt. No. 1:22-cv-04185-MRH (U.S.D.J. – D.N.J.)
...5

McGillvary v. Galfy, Dkt No. 2:21-cv-17121-MCA-CLW (U.S.D.J. – D.N.J.)
...2

McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C. – D.N.J.)
...5

Will v Calvert Fire Ins. Co., 437 U.S. 655 (1978)
...3

**STATUTES**

28 U.S.C. 292(b)
...5

28 U.S.C. 1331
...1

28 U.S.C. 1332
...1

28 U.S.C. 1367
...1

28 U.S.C. 1651
...1

42 U.S.C. 1983
...1

**COURT RULES**
Fed. R. Civ. P. 27(a) ...in passim

Fed. R. Civ. P. 79(a) ...2

**CONSTITUTIONAL PROVISIONS**
U.S. Const. Amd. V ...4

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDADTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) October 20, 2025<br>)<br>) |

MEMORANDUM IN SUPPORT OF MOTION FOR WRIT OF
MANDAMUS
(28 U.S.C. 1651, Fed. R. Civ. P. 79(a))

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...iii

MOTION FOR WRIT OF MANDAMUS ...1

JURISDICTIONAL STATEMENT ...1

ISSUE PRESENTED ...2

STATEMENT OF THE FACTS NECESSARY TO UNDERSTAND THE ISSUE ...2

REASONS WHY THE WRIT SHOULD ISSUE ...3

A. THE DISTRICT COURT CLERK'S REFUSAL TO FILE THE RULE 27 PETITION LEAVES PLAINTIFF WITHOUT APPELLATE REMEDY FOR ITS INDEFINITE DEPRIVATION OF HIS DUE PROCESS RIGHTS EXCEPT THROUGH MANDAMUS ...3

B. PETITIONER HAS A CLEAR AND INDISPUTABLE RIGHT TO ISSUANCE OF MANDAMUS TO VINDICATE HIS DUE PROCESS RIGHTS ON PETITION TO PERPETUATE TESTIMONY ...4

C. MANDAMUS IS APPROPRIATE IN THIS EXTRAORDINARY CASE WITHIN WHICH THE CLERK HAS REFUSED EVEN AFTER TWO YEARS TO FILE AN URGENT PETITION TO PERPETUATE TESTIMONY ...7

CONCLUSION ...8

# TABLE OF AUTHORITIES

**CASELAW**

Haines v. Kerner 404 U.S. 519 (1972) ...1

Hassine v Zimmerman, 160 F.3d 941 (CA3 1998) ...4, 5

Hollingsworth v. Perry, 558 U.S. 183 (2010) ...3

In Re Diet Drugs Prods. Liab. Litig., 418 F.3d 372 (CA3 2005) ...3

Johnson v Rogers, 917 F.2d 1283 (CA10 1990) ...4, 5

Madden v Myers, 102 F.3d 74 (CA3 1996) ...4, 5

McGillvary v. Davis, Dkt. No. 1:22-cv-04185-MRH (U.S.D.J. – D.N.J.) ...5

McGillvary v. Galfy, Dkt No. 2:21-cv-17121-MCA-CLW (U.S.D.J. – D.N.J.) ...2

McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY (U.S.D.C. – D.N.J.) ...5

Will v Calvert Fire Ins. Co., 437 U.S. 655 (1978) ...3

**STATUTES**

28 U.S.C. 292(b) ...5

28 U.S.C. 1331 ...1

28 U.S.C. 1332 ...1

28 U.S.C. 1367 ...1

28 U.S.C. 1651 ...1

42 U.S.C. 1983 ...1

**COURT RULES**
Fed. R. Civ. P. 27(a) ...in passim

Fed. R. Civ. P. 79(a) ...2

**CONSTITUTIONAL PROVISIONS**
U.S. Const. Amd. V ...4

## I. MOTION FOR WRIT OF MANDAMUS

Comes now the Plaintiff, Caleb L. McGillvary pro se, and hereby moves the Court to issue the writ of Mandamus ordering the U.S. District Court for the District of New Jersey to file his Petition to Perpetuate Testimony Under Rule 27(a), with accompanying Declaration, JS-44, and Application to Proceed In Forma Pauperis with attached 6 month certified inmate account statement onto the docket.

The Plaintiff asserts that the writ should issue pursuant to the Rules, Law, and Equity as provided herein.

In support, the Plaintiff urges the following:

## II. JURISDICTIONAL STATEMENT

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 for the claims under 42 U.S.C. 1983; under 28 U.S.C. 1332 and 1367 for the state law claims; and the All Writs Act, 28 U.S.C. 1651. Plaintiff is a citizen of Canada, all captioned Defendants are citizens of New Jersey, and the amount of damages exceeds $75,000. The Plaintiff avers that he is currently in State custody and filing pro se, and therefore requests this court to liberally construe his filings in light of Haines v. Kerner 404 U.S. 519, 521 (1972).

1

## III. ISSUE PRESENTED

1.) Should the writ of mandamus issue ordering the Clerk of the U.S. District Court for the District of New Jersey to file his Petition to Perpetuate Testimony Under Rule 27(a), with accompanying Declaration, JS-44, and Application to Proceed In Forma Pauperis with attached 6 month certified inmate account statement onto the docket; and thereafter forthwith to decide the merits of it; when the Clerk has refused to perform their duty under Fed. R. Civ. P. 79(a) to file the petition for almost 2 years, thereby obstructing Plaintiff's petition and depriving the plaintiff of Due Process indefinitely?

## IV. STATEMENT OF FACTS NECESSARY TO UNDERSTAND THE ISSUE

On November 6, 2023, Plaintiff sent a petition under <u>Fed. R. Civ. P.</u> 27(a) to preserve the testimony of three 75 year old key witnesses in <u>McGillvary v. Galfy</u>, Dkt No. 2:21-cv-17121-MCA-CLW (U.S.D.J. – D.N.J.) ("<u>Galfy</u> Case"): to the Camden vicinage via Certified Mail.

On November 16, 2023 the Clerk of the Camden vicinage signed the return receipt for this document. As of today's date, this document has not been entered onto the docket.

This petition for writ of mandamus is now before the Court.

2

## V. REASONS WHY THE WRIT SHOULD ISSUE

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. See In Re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (CA3 2005). A Plaintiff seeking mandamus relief must show that "(1) No other adequate means exist to attain the relief he desires, (2) The party's right to issuance of the write is clear & indisputable, and (3) The writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010). A court "may issue the writ to correct unauthorized action of the district court [clerk] obstructing the appeal." Will v Calvert Fire Ins. Co., 437 U.S. 655, 666-67 (1978) (emphasis provided).

### A. THE DISTRICT COURT CLERK'S REFUSAL TO FILE THE RULE 27 PETITION LEAVES PLAINTIFF WITHOUT REMEDY FOR THE INDEFINITE DEPRIVATION OF HIS DUE PROCESS RIGHTS EXCEPT THROUGH MANDAMUS

Plaintiff has diligently complied, in propria persona, with federal civil procedures, to the letter. He has filed his Petition to Perpetuate Testimony Under Rule 27(a), with accompanying Declaration, JS-44, and Application to Proceed In Forma Pauperis with attached 6 month certified inmate account statement by sending it to the District Court; but the District Court Clerk's refusal to file the petition has deprived

3

him of Due Process in the consideration of his petition. And there is no remedy available to vindicate Plaintiff's Due Process rights except for mandamus.

## B. PLAINTIFF HAS A CLEAR AND INDISPUTABLE RIGHT TO ISSUANCE OF MANDAMUS TO VINDICATE HIS DUE PROCESS RIGHTS ON PETITION TO PERPETUATE TESTIMONY

The 3rd Circuit has held that the 5th Amendment Right to Due Process is implicated by an inordinate delay in the resolution of a petition:

> "We stated [in Madden v Myers] that 'although this [8 month] delay is of concern, it does not yet rise to the level of a denial of due process', implying that at some point, delay by the district court could become so excessive as to warrant the issuance of a writ of mandamus ... we are not alone in entertaining writs of mandamus due to extraordinary federal delay. See, E.G. Johnson v Rogers, 917 F.2d 1283, 1285 (CA10 1990)(Granting a writ of mandamus after a fourteen-month delay [from filing] by the district court)." Hassine v Zimmerman, 160 F.3d 941, 954 (CA3 1998)(Quoting Madden, 102 F.3d at 76).

Petitions to perpetuate testimony are intended to be swift remedies to preserve testimony that may otherwise be lost through delay. Fed. R. Civ. P. 27. Good reasons for delay are absent in this case. Plaintiff has complied with every procedure. The refusal by the Clerk to file this petition shows that the reality of the indefinite delay of the case

4

will likely result in the loss of the witnesses' testimony through their death by old age.

The Clerk's refusal to file this petition has deprived Defendant of due process indefinitely. There is no assurance that the district court will rule upon the petition in due course; as the Clerk has persistently refused to file the petition even after Plaintiff attempted to sue for an injunction for the Clerk to file it. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605-JMY at ECF 84 (U.S. Dist. Ct. – D.N.J.). Plaintiff is entitled to the writ of mandamus for the same reasons given in Madden, Hassine, and Calvert: to preserve Plaintiff's due process rights.

## C. MANDAMUS IS APPROPRIATE IN THIS EXTRAORDINARY CASE WITHIN WHICH THE CLERK HAS REFUSED EVEN AFTER TWO YEARS TO FILE AN URGENT PETITION TO PERPETUATE TESTIMONY

There is no provision in the Federal Rules or Statutes for the total refusal of a Clerk to file a Rule 27(a) petition. Chief Judge Chagares has already found designation of an out of district judge under 28 U.S.C. 292(b) to be in the public interest in the related McGillvary v. Davis, Dkt. No. 1:22-cv-04185-MRH (U.S.D.J. – D.N.J.); because of the persistent obstruction of that case by the Clerk of the DNJ. This procedural posture is just the sort of "extraordinary circumstances" that

5

mandamus is designed for. No judge can rule on Plaintiff's petition to perpetuate testimony unless and until the Clerk files his Petition to Perpetuate Testimony Under Rule 27(a), with accompanying Declaration, JS-44, and Application to Proceed In Forma Pauperis with attached 6 month certified inmate account statement onto the docket

Mandamus is the only appropriate remedy for an indefinite refusal to file that continues to deprive Plaintiff of his Due Process rights, indefinitely.

## VI. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Honorable John Milton Younge, U.S.D.J. to issue the writ of mandamus and ordering the Clerk of the U.S. District Court for the District of New Jersey to file his Petition to Perpetuate Testimony Under Rule 27(a), with accompanying Declaration, JS-44, and Application to Proceed In Forma Pauperis with attached 6 month certified inmate account statement onto the docket.

Date: 9/12/25

Respectfully submitted,

Caleb L. McGillvary, Pro se
#1222665/SBI#102317G NJSP
Po Box 861, Trenton, NJ 08625-0861

6

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>    PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>    DEFENDADTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-MCA-CLW<br>) Hon. John Milton Younge, USDJ<br>)<br>)<br>)<br>)<br>) |

PROPOSED ORDER

The Motion of Caleb L. McGillvary for writ of mandamus directing the Clerk to file his November 6, 2023 Petition to Perpetuate Testimony Pursuant to Fed. R. Civ. P. 27(a); was submitted for hearing on October 20, 2025. The court has reviewed the papers submitted and considered the arguments of counsel as well as the authorities cited. Being so informed, and for good cause shown:

IT IS ORDERED THAT:

1. The Plaintiff's motion is hereby GRANTED

2. The Clerk is DIRECTED to file Plaintiff's November 6, 2023 Petition pursuant to Fed. R. Civ. P. 27 onto the docket;

3. A copy of this order shall be served by the Clerk upon all parties within 7 days of this order

Dated:

                                               Hon. John Milton Younge, U.S.D.J.