Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

| | |
|---|---|
| In Re Caleb L. McGillvary<br>PETITIONER | ) Appeal No. 24-3031<br>) On Petition for Mandamus to<br>) U.S.D.C. - D.N.J. at<br>) CIVIL ACTION NO.<br>) 2:21-cv-17121-JMY-CF<br>) Sat Below:<br>) Hon. John Milton Younge, USDJ<br>) Hon. Cari Fais, USMJ |

### PETITION FOR REHEARING EN BANC, OR IN THE ALTERNATIVE, FOR PANEL REHEARING
(Fed. R. App. P. 35, 40)

## TABLE OF CONTENTS

PETITION FOR REHEARING ...1

CONCLUSION ...6

# TABLE OF AUTHORITIES

**CASELAW**

In re Caleb L. McGillvary, Nos. 24-1129 (3d Cir. 2024) ...1, 2

In re Caleb L. McGillvary, Nos. 25-2096 (3d Cir. 2025) ...1, 5

McGillvary v. Attorney General of NJ, 1:22-cv-04185-MRH at CM/ECF No. 40 (U.S.D.C. - D.N.J. July 26, 2024) ...1

McGillvary v. Long, No. 25-1335 (3d Cir. 2025) ...5

McGillvary v. Scutari, No. 25-2000 (3d Cir. 2025) ...5

**STATUTES**

18 U.S.C. 1503 ...5

28 U.S.C. 292(b) ...3, 6

28 U.S.C. 455 ...1, 4

**COURT RULES**

F.R.A.P. 21(b)(6) ...2

F.R.A.P. 27(c) ...5

F.R.A.P. 35 ...1

F.R.A.P. 40 ...1

Fed. R. Civ. P. 27(b) ...2, 4

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amd. V ...1

U.S. Const. Amd. XIV ...1

**PETITION FOR REHEARING**

Caleb L. McGillvary ("Plaintiff"), hereby petitions the Court for rehearing en banc, or in the alternative for panel rehearing, pursuant to F.R.A.P. 35, 40. In support of his petition, he urges the following grounds:

1. The medical examiner who received funds from the Estate whose executor is sought to be deposed by this action, purports to have seen who may have been Judge Michael A. Chagares, who was on the panel, present at the active crime scene. Judge Chagares appears to have been personally acquainted with the rapist alleged to have been the homicide victim at that crime scene, through charity functions at Seton Hall Unversity School of Law while Judge Chagares was a professor there. See 3rd Cir. CM/ECF 10. Yet even upon motion, Judge Chagares has refused to recuse himself from this matter, which has deprived Petitioner of the Due Process guaranteed by the 5th and 14th Amendments of the U.S. Constitution, as construed by 28 U.S.C. 455. See 3rd Cir. CM/ECF 16. Instead, Chagares has yet again made himself the presiding judge over any federal proceedings challenging the propriety of investigators at that crime scene which he was present at. See, e.g. 3rd Cir. Dkt. Nos. 24-1129, 25-2096; see also DNJ Dkt No. 1:22-cv-04185-MRH at CM/ECF No. 40 (U.S.D.C. - D.N.J. July 26, 2024) (Judge Chagares interjected himself into habeas proceeding concerning this same crime scene, to designate an out of district judge instead of allowing findings nor a ruling on a pending 28 U.S.C. 455 motion challenging improprieties of DNJ judges in said

1

habeas proceedings). This creates the appearance of impropriety in Judge Chagares sitting on the panel.

2. This mandamus petition raised the issue that the District Judge Madeline Cox-Arleo had administratively terminated a pending Fed. R. Civ. P. 27(b) motion, which sought to depose a witness whose imminent death by old age could lead to the loss of his testimony. For this reason, this urgent Rule 27(b) petition was left in limbo, without recourse to appellate review for 2 years. Ordinary civil cases were advanced on the docket ahead of this case in flagrant disregard of F.R.A.P. 21(b)(6); and it is only now, on the 2nd term since this mandamus petition was filed, that the Court has belatedly addressed it. This undue delay, combined with failure of the Court to make findings of why the Court Below waited 2 years to reassign the case, or even to note that, seems to arise from Panel Judge Chagares having been classmates with the judge below, Judge Arleo, at Seton Hall University School of law in 1987: and with both of them being acquainted with the alleged victim at the crime scene referred to in pargraph "1" above, at issue in this case. See 3rd Cir. CM/ECF No. 10.

3. This is not the first time that Judge Chagares has inserted himself into proceedings regarding the crime scene he was seen at, flouted F.R.A.P. 21(b)(6)'s mandate of precedence on the docket, and thereafter made opaque rulings that obscured the impropriety of irregular proceedings involving that crime scene. A mandamus proceeding at 3rd Cir. Dkt. No. 24-1129 was filed

2

because of the suspension of the writ of habeas corpus, but instead of issuing the writ of mandamus and making findings on the impropriety of the Court Below's suspension of the writ, Judge Chagares issued an order under 28 U.S.C. 292(b) designating an out of district judge and assigning the underlying proceeding to him, then dismissed the mandamus proceeding (which he was on the panel of) as moot. This had the effect of leaving no record of the findings upon which the 28 U.S.C. 292(b) motion was based, nor providing any public accountability for the issue of why the mandamaus proceeding was filed: despite the fact that the order under Section 292(b) was filed by a Judge on the panel which decided the proceeding, while the proceeding was pending, related to the proceeding and seemingly as relief therefor. Instead, it appears as though Judge Chagares is deliberately obfuscating improprieties of the NJ-located judges in regards to proceedings concerning the crime scene which Judge Chagares was present at, by avoiding making a record of why the relief was granted.

4. The doctrine of objective chances militates against Judge Chagares being assigned to each of this proceeding, 24-1129, and 25-2096 by accident or happenstance. It also militates against it being an accident that this is the second mandamus proceeding culminating in behind the scenes maneuvering by Chagares under 28 U.S.C. 292(b) whilst he was on the panel for the mandamus petition, rendering mandamus moot by granting relief outside of the mandamus proceeding instead of making findings on the record of why the relief was granted. This appears to the reasonable

3

observer that he is covering up for irregularities in proceedings which call into question the crime scene he was seen present at, by granting relief requested by the proceeding outside of the proceeding, and thereby leaving no findings nor reasoning on the record within the proceeding for why the relief was granted. It also deprives any reviewing Court of a record by which to ascertain whether 28 U.S.C. 455 should have applied to earlier proceedings, or any decisions rendered therein, and this seems to be by Judge Chagares' design.

5. It is of particular import that the witness sought to be deposed in this extraordinarily delayed Rule 27(b) petition at issue in the underlying proceeding, is the executor of the Estate of someone who Judge Chagares was personally acquainted with for over 16 years while he was adjunct professor at Seton Hall University School of Law. This alleged victim was also acquainted with Judge Arleo, whose impropriety in the proceedings below Judge Chagares seems to be covering for, by the same reason: the alleged victim was a wealthy benefactor of Judge Arleo and Judge Chagares' alma mater, and Judge Chagares' former workplace. See 3rd Cir. CM/ECF No. 10. It appears to the reasonable observer that Judge Chagares is perpetuating the undue delay together with Judge Arleo, in an effort to delay the deposition until the witness dies of old age, out of a vested interest in preventing a deposition that could result in the $50,000 to their alma mater being exposed as a quid pro quo or fraudulent transfer.

4

6. Petitioner filed single judge motions to Hon. Emil Bove under F.R.A.P. 27(c) in this matter, at 3rd Cir. ECF 14; in 3rd Cir. Dkt. No.25-1335 at ECF 32; in 3rd Cir. Dkt. No. 25-2000 at ECF 59; and in 3rd Cir. Dkt No. 25-2096 at ECF 6; none of which were delivered to Judge Bove despite F.R.A.P. 27(c)'s mandate. Plaintiff respectfully asks Judge Bove's clerk, reviewing this, to notify Judge Bove of this error and ask him to consider this in his vote whether to grant en banc determination of whether F.R.A.P. 27(c) allows for motions to be directed at a single judge; and also in his decision whether to write a dissent calling attention to the fact that, in addition to refusing to recuse himself, Judge Chagares has foreclosed the input of other circuit judges in matters which could require federal law enforcement investigation. It should be noted that two of these motions sought to bring to Judge Bove's attention the commission of federal offenses including obstruction of justice under 18 U.S.C. 1503, and that it is unprecedented to refuse to deliver a motion under F.R.A.P. 27(c) to the Judge to whom that motion is addressed. Although Judge Chagares may have disagreed with President Trump's nomination of Judge Bove, snubbing him by hiding motions from him is improper: as US Attorney General Pam Bondi has noted in her public statements against "activist judges" in the DNJ, including Judge Arleo, partisan politics of this kind have no place in the federal courts.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully prays the Court for a rehearing on this petition for mandamus, recusing Judge Chagares and making findings on the record why the order under 28 U.S.C. 292(b) issued in connection with this petition for writ of mandamus.

Date: 9/18/25

Respectfully submitted,

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

6