fUNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK


BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANT GAFLY:

---

CALEB L. MCGILLVARY,                    :Hon.John Milton Younge, E.D.P.A.

        Plaintiff               :Civ.Action No. 2:21-cv-17121(JMY)
                                         RESPONDING BRIEF IN OPPOSITION TO
                                        :PLAINTIFF'S NOTICE OF MOTION AND
v.                                       OPPOSITION TO DEFENDANTS'MOTION
                                         TO DISMISS PURSUANT TO FED.R.CIV.
                                         P.12(B)(1) AND 12(B(6)AND/OR
                                        :PURSUANT TO F.R.C.P. RULE 15,
        Defendants.              AND/OR PURSUANT TO F.R.C.P.21
                                        :F.R.C.P. 8(C)(2) AND/OR
                                         F.R.C.P. 41(A)(2)
JAMES GALFY, INDIVIDUALLY AND   ON BEHALF OF DEFENDANTS, JAMES
EXECUTOR/AGENT OF THE ESTATE    GALFY, INDIVIDUALLY AND EXECUTOR/
OF JOSEPH J. GALFY, 111, AND    :AGENT OF THE ESTATE OF JOSEPH
THE ESTATE OF                    J. GALFY, 111, THE ESTATE OF
JOSEPH J. GALFY, 111, ET.SEQ.   :JOSEPH J. GALFY, 111.

---

OMNIBUS RESPONDING BRIEF IN OPPOSITION TO PLAINTIFF'S OMNIBUS
PRE-NOTICE MOTION TO REQUEST JUDICIAL NOTICE AND PLAINTIFF'S
RESPONDING OMNIBUS BRIEF FILED IN SUPPORT OF THEIR MOTION AND
OPPOSITION TO DEFENDANT GALFY'S NOTICE OF MOTION TO DISMISS THE
COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)
AND/OR PURSUANT TO F.R.C.P, RULE 15, AND/OR PURSUANT TO F.R.C.P
21, F.R.C.P. 8(C)(2) AND/OR F.R.C.P 41 (A)(2)

---

Barbara Schwartz, Esq.
Attorney for Defendants
Motion Return Date:APRIL 20,2026
On the Brief:
Barbara Schwartz, Esq.
Attorney ID No.030481983
Date NOTICE TO DISMISS Filed: Feb. 24, 2026
RETURN DATE: 5/4/2026

# TABLE OF CONTENTS

|  | PAGE |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| OPPOSING STATEMENT OF FACTS TO PLAINTIFF'S OMNIBUS NOTICE OF MOTION AND OPPOSITION PURSUANT TO 201(b).*PRO SE*. | 3 |
| LEGAL ARGUMENTS | |
| POINT I<br>PLAINTIFF'S FILINGS VIOLATE JUDGE FAIS' ORDER. | 3 |
| POINT II<br>GRAHAM v. MOSCHETTA, No. 23-2225, Nov. 17, 2023, 2023 WL 7983591 (3d. Cir)(unreported) DOES NOT ALLOW THE COLLATERAL ATTACK ON PLAINTIFF'S STATE MURDER CONVICTION IN HIS FILINGS. POB pp 1 & 16-18. | 4 |
| POINT III<br>JUDGE ARLEO HAD JURISDICTION TO RENDER HER JUDGEMENTS. | 7 |
| POINT IV<br>PLAINTIFF HAS NOT MET THE STANDARD FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 7.1(i). | 9 |
| POINT V<br>PLAINTIFF'S MISCAPTIONED MOTION FOR RECONSIDERATION WAS FILED OUT OF TIME. | 10 |
| POINT VI<br>THE THIRD CIRCUIT REMANDED FOR LACK OF APPELLATE JURISDICTION. | 11 |
| POINT VII<br>PLAINTIFF MUST BE BARRED FROM AMENDING HIS | 12 |

i

COMPLAINT.

POINT VIII                                                                14
THE ESTATE LACKS CAPACITY TO BE SUED.

POINT IX                                                                  15
THE GALFY DEFENDANTS DID NOT WAIVE HECK

POINT X                                                                   16
SANCTIONS AGAINST PLAINTIFF ARE APPROPRIATE

CONCLUSION                                                                17

## TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|
| Edwards v. Balisok, 520 U.S. 641, 648 (1997) | 6 |
| Gaines v. Busnardo, Civ. A. No. 13-06566, 2015 WL 5771233 (D.N.J.) | 11 |
| Graham v. Moschetta, No. 23-2225, Nov. 17, 2023, 2023 WL 7983591 (3d. Cir)(unreported) | 2, 4, 6, 7 |
| Hebrard v. Nofziger, 90 F.4th 1000 (9th Cir. 2024) | 16 |
| Heck v. Humphrey, 512 U.S. 477 (1994) | 1, 2, 5, 6, 7, 10, 13, 15, 16 |
| Home Depot USA , Inc . v . Lafarge N. Am. , Inc., 59 F.4th 55 (3d Cir. 2023) | 11, 12 |
| In re Allergan Erisa Litigation, 975 F.3d 348, 358 (3d Cir 2020) | 14 |
| In re Harkins, 445 B.R. 414 (E.D.P.A. 2009) | 15 |

In re Walmart Inc. Securities Litigation, 151 F.4th 103 (3d Cir. 2025)          14

Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)          16

Liteky v. United States, 510 U.S. 540 (1994)          9

Long v. Atlantic City Police Dept., 670 F.3d 436 (3d Cir. 2012)          9, 10

Matter of 299 Jack-Hemp Associates, 20 B.R. 412 (S.D.N.Y. 1982)          15

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669
(3d Cir. 1999)          9

McGillvary v. Davis, Dkt. 1: 22-cv-04195-MRH (D.N.J.)(unreported)          2, 3

McGillvary v. Galfy, Civil Action No. 21-17121 (MCA), July 28,
2022, 2022 WL 3013086 (D.N.J.)(unreported)          7

McGillvary v. Galfy, Civil Action No. 21-17121 (MCA), March 28,
2023, 2023 WL 2674845 (D.N.J.)(unreported)          11

McGillvary v. Scutari, No. 23-cv-22605-JMY, 3/11/2025, 2025 WL
776103 (D.N.J.)(unreported), aff'd., C.A. No. 25-2000, 9/18/2025,
2025 WL 3459592, (unreported), cert. den., No. 25-6295, 1/26/2026, -
-- S.Ct. ----, 2026 WL 189866 (Mem)          8

North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194 (3d
Cir.1995)          9

P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d
349, 352 (D.N.J. 2001)          9

Rich v. State, 294 F.Supp.3d 266 (D.N.J. 2018)          9

Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273 (3d Cir.
2000)          9

Skinner v. Switzer, 562 U.S. 521 (2011)          6, 10

Three Keys Ltd. v. SR Utility Holding Co, 540 F.3d 220 (3dCir. 2008)          14

United States v. Abel, 469 U.S. 45 (1984)          8

United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173 (3d Cir. 2009)          8

## COURT RULES

| | PAGE |
|---|---|
| Fed. R. Civ. P. 12(b)(1) | 15 |
| Fed. R. Civ. P. 12(b)(6) | 15 |
| Fed. R. Civ. P.15(a)(1)(A)&(B) | 14 |
| Fed. R. Civ. P. 19(a) | 14 |
| L. Civ. R. 7.1(i) | 1, 9, 11 |
| L. Civ. R. 7.2 | 3 |
| N.J.C.R.R. 3:13-3(b) | 1, 4, 7 |

## STATUTES

| | PAGE |
|---|---|
| 11 U.S.C.A. §109 | 15 |
| 28 U.S.C.A. 455(a) | 7, 8 |
| 28 U.S.C.A. § 1291 | 12 |
| 28 U.S.CA. § 1915(e)(2)(B)(PLRA) | 16 |
| 42 U.S.C.A §1983 | 1-7, 9, 10, 15-16 |
| N.J.S.A. 3B:14-33 | 15 |

iv

## PRELIMINARY STATEMENT

Judge Arleo's Ruling of 7/28/2022 dismissed Plaintiff's §1983 action as a collateral attack on his state murder conviction barred by Heck v. Humphrey, 512 U.S. 477 (1994), and denied discovery, and her Ruling of 3/28/2023 denied reconsideration (collectively "Judge Arleo's Rulings"). On 3/23/2026 Magistrate Judge Cari Fais ("Judge Fais") issued an Order prohibiting all motions until the subject Motion to Dismiss is decided. However, on 3/31/2026 Plaintiff Caleb McGillvary filed a "MOTION TO REQUEST JUDICIAL NOTICE" ("MRJN"), a "DECLARATION IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE" ("Declaration"), and "PLAINTIFF'S OPPOSITION TO DEFENDANT JAMES GALFY AND THE ESTATE OF JOSEPH J. GALFY, JR.' S MOTION TO DISMISS" ("POB")(ECF 132)(collectively "Plaintiff's filings")(entered on 4/6/2025). By way of his filings, Plaintiff has "pre-filed" his miscaptioned motion for discovery by asking this court to "revisit" Judge Arleo's Rulings denying Plaintiff's deposition of James Galfy, and her Ruling "that the Estate's assets were not discoverable under N.J.C.R.R. 3:13-3(b)" (ECF 132) Pg ID 2745-46 in violation of Judge Fais' Order and of L. Civ. R. 7.1(i). Plaintiff's miscaptioned filings also seek to amend his Complaint to include new allegations of discrimination, and old medical publications.

Case 2:21-cv-17121-JMY-CF   Document 135-4   Filed 04/20/26   Page 7 of 22 PageID: 2779

To that end, Plaintiff's POB improperly incorporates Heck-barred content from his MRJN and Declaration, misidentified therein as "adjudicative facts". Plaintiff also contends that Judge Arleo's recusal retroactively invalidated her jurisdiction, that Plaintiff's requests for discovery are not Heck-barred pursuant to Graham v. Moschetta, No. 23-2225, Nov. 17, 2023, 2023 WL 7983591 (3d. Cir)(unreported), and that "whether or not the claims are Heck-barred", he "deserves" to take James Galfy's testimony. . He urges that therefore *all* matters must be heard anew before Judge Younge. POB (ECF 132) Pg. ID. 2723.

Nothing in Plaintiff's filings justifies re-reconsideration in a court of coordinate jurisdiction of Judge Arleo's rulings, now *res judicata*, or supports the finding that she lacked jurisdiction to make them. Plaintiff's sole purpose in raising the purported "adjudicative facts" is to impugn his conviction; they are thus Heck-barred. Graham is inapposite to the subject matter, and does not overcome the bar to Plaintiff's §1983 action established by Heck. Plaintiff's Complaint was dismissed, and cannot be amended until Plaintiff overturns his conviction. Plaintiff strategically failed to join the Galfy Defendants from, *inter alia*, McGillvary v . Davis, Dkt. 1: 22-cv-04195-MRH (D.N.J.)(unreported)(ECF 132) Pg.ID.2700, or timely notice the Galfy Defendants of them, despite their obvious relevance to the subject matter, such that he is citing them for support in his filings. His strategy is to bifurcate and prolong litigation, and relitigate identical issues over and over with frivolous litigation. The

Galfy Defendants have no access to Davis, or the exhibits Plaintiff referenced therein, and his inclusion of those matters herein is unduely prejudicial to them. Finally, Plaintiff's obvious pleasure in reliving the most gruesome details of his murder, debating whether he broke his prone victim's neck while standing above him, must not be lost on this court. It is not lost on the Galfy family. Plaintiff's using his §1983 action to harass the Galfy family in frivolous litigation must end. *Sit finis rerum.*

## OPPOSING STATEMENT OF FACTS TO PLAINTIFF'S OMNIBUS NOTICE OF MOTION AND OPPOSITION PURSUANT TO 201(b), *PRO SE.*

The Galfy Defendants incorporate by reference their Statement of Facts in support of their Motion To Dismiss, herein. (ECF128), which is unopposed by Plaintiff's filings. Plaintiff has filed his Notice of Motion without permission of the Court, in violation of Judge Fais' Order. Moreover, Plaintiff's Declaration was without the required personal knowledge of facts, which he describes as "purported", or says "indicates", based only on his assumptions manufactured by his own, murderous, self-serving imagination, in violation of L. Civ. R. 7.2. For this reason, Plaintiff's determination that his "motion requesting judicial notice of the foregoing facts is now before the Court" (ECF 2702) must be rejected.

## POINT I
## PLAINTIFF'S FILINGS VIOLATE JUDGE FAIS' ORDER.

Judge Fais issued an Order on 3/23/2026 (ECF130), states in part:

Furthermore, the Court will *sua sponte* stay discovery in this matter pending decision on Defendants' Motion to Dismiss filed on 2/25/2026.... Discovery in this matter is accordingly STAYED, and Plaintiff's Motion to Compel, (Dkt. No. 117), is hereby ADMINISTRATIVELY TERMINATED, pending decision on Defendants' Motion to Dismiss.(ECF 130)

Plaintiff's filings address matters outside the scope of the Galfy Defendants' Motion, requesting this Court to "revisit" Judge Arleo's prior Orders, *res judicata*, in addition to requesting discovery, violating Judge Fais' Order, and misusing his IFP status to do so. N.J.C.R.R. 3:13-3(b)

## POINT II
### GRAHAM v. MOSCHETTA, No. 23-2235, Nov. 17, 2023, 2023 WL 7983591 (3d. Cir)(unreported) DOES NOT ALLOW THE COLLATERAL ATTACK ON PLAINTIFF'S STATE MURDER CONVICTION IN HIS FILINGS. ECF 132 Pg. 1D 2720, 2735-2737.

To collaterally attack his state murder conviction, Plaintiff filed the subject §1983 action seeking $150 million against, *inter alia*, James Galfy and the Estate of his murder victim, Joseph Galfy (the "Estate"). Plaintiff's Complaint alleged, *inter alia*, that James Galfy conspired with state actors to create a conflict of interest for medical expert Dr. Robert Pandina, who had exculpatory evidence, to prevent his testimony from being introduced at trial, and that James Galfy conspired to secret the conflict and the exculpatory evidence from Plaintiff.

Ignoring Judge Arleo's rulings that Plaintiff may not use his §1983 action to collaterally attack his state murder conviction, Plaintiff once more affirmatively misrepresents in his Opposition Brief that on

May 12, 2013, Joseph J. Galfy, Jr. drugged Plaintiff's drink and sexually assaulted him while he was passed out on the floor. On waking. Plaintiff fought his way out from underneath and fled. Galfy died of his injuries. POB (ECF 132) Pg. 29-62 Pg. ID 2724.

Plaintiff then repeats the above referenced allegations which Judge Arleo deemed Heck-barred. He claims to be exclusively pursuing "an access-to-evidence claim", POB (ECF 132) Pg. ID 2723, which he misrepresents was "allowed by the Third Circuit to proceed", see POINT VI *infra*), and that pursuant to Graham, *supra,* 2023 WL 7983591, his claims are not Heck-barred. Plaintiff claims that "whether or not the claims are Heck-barred", he "deserves" to take James Galfy's testimony. However, the sole purpose of Plaintiff's miscaptioned filings is to collaterally attack his state murder conviction. *But for* their contradiction of expert medical testimony at Plaintiff's trial, the information which is the subject of Plaintiff's filings is irrelevant to his purported access to information claims. Thus, they are Heck-barred. POB (ECF 132) Pg. ID 2723.

Graham does not lift the bar established by Heck for Plaintiff's filings. Graham was a prisoner serving a life sentence in Pennsylvania state prison for murder. He filed a claim pursuant to Pennsylvania's Post Conviction Relief Act seeking DNA evidence. After Pennsylvania's PCRA court ordered the county prosecutor's office to produce or give Graham access to discovery which had already been produced during his criminal trial, that office took almost 2 years to provide any, and ultimately failed to produce all of it. Graham filed a §1983 action in federal

court alleging that the defendants violated his due process rights by failing to comply with court ordered discovery. Graham, 2023 WL 7983591 at *1.

The Third Circuit held that Graham's §1983 action was not Heck-barred based on these dispositive factors: 1. Graham never "specifically allege[d] or identif[ed] any particular favorable evidence that was withheld prior to trial and resulted in prejudice", id. at *2 (citing Skinner v. Switzer, 562 U.S. 521, 536 (2011) (stating elements of a Brady claim)); and 2. Graham alleged an ongoing violation of his rights *due to the withholding of evidence previously disclosed, which had been ordered to be produced*, thus "[s]uccess on that claim does not necessarily imply the invalidity of his conviction or confinement"; and 3. Graham sought no monetary damages, but rather sought only injunctive and declaratory relief. Graham, 2023 WL 7983591 *2 (citing Edwards v. Balisok, 520 U.S. 641, 648 (1997)).

Unlike the murderer in Graham, Plaintiff makes Heck-barred allegations in his filings of unlawful discrimination against him and of medical journals with no other purpose than to impugn his conviction. Unlike Graham, no court has ever ordered the Galfy Defendants to produce discovery to Plaintiff, nor has Plaintiff alleged that anyone is in violation of any such order. Thus, because Plaintiff never had the right to discovery, there is no ongoing violation of his right to discovery. Indeed, Plaintiff's arguing that Graham, *a case about previously disclosed evidence*, is "perfectly apposite", and that its logic applies to the subject matter in favor of

requiring production of Defendant Estate's financial records". POB p.16, *Plaintiff is admitting that Dr. Pandina's testimony, and the conflict regarding it were previously disclosed to him*. That admission eliminates the vast conspiracy of non-disclosure and information withholding upon which his charade of a §1983 action is based. Finally, unlike Graham, who sought only injunctive and declaratory relief, Plaintiff in the subject matter, seeks $150 million in damages.

Significantly, Plaintiff misrepresents that Judge Arleo deemed James Galfy's testimony "relevant and material to a meritorious claim", POB p. 13, and that even if his claims are Heck-barred, since it is the law of the case that his claims are meritorious, he should get discovery. BOP p. 20. Judge Arleo, however, NEVER deemed Plaintiff's claims meritorious. She merely stated that if Plaintiff's action were not Heck-barred, his Complaint could withstand a motion to dismiss because she was *required* to assume all of his allegations were true at what was then the "early stage" of the case. McGillvary v. Galfy. Civil Action No. 21-17121 (MCA), July 28, 2022, 2022 WL 3013086 *5 (D.N.J.)(unreported).

## POINT III
### JUDGE ARLEO HAD JURISDICTION TO RENDER HER JUDGEMENTS.

Plaintiff contends that pursuant to 28 U.S.C.A. 455(a), Judge Arleo had no jurisdiction to find "that the Estate's assets were not discoverable under N.J.C.R.R. 3:13-3 (b)"because she recused herself from this matter.PgID2745.Plaintiff cites no legal authority for his contention because there is none. The recusal statute, 28

U.S.C.A. 455(a), does not expressly require nullification of the previous orders of a recused judge, and no court has ever interpreted it as requiring nullification.

Plaintiff also argues that Judge Arleo's findings were "erroneous" because she had "a personal bias ... as defined by United States v. Abel, 469 U.S. 45, 52 (1984). Plaintiff requests that the Court revisit this finding...."ECF 132 Pg.ID.2745. Plaintiff asserts that Judge Arleo "long-delayed" his efforts under Rule 27(a) and Rule 27(b) to preserve the testimony of James Galfy. ECF 132.Pg.ID 2723

The record refutes Plaintiff's "delay" argument. Furthermore, in McGillvary v. Scutari. No. 23-cv-22605-JMY, 3/11/2025, 2025 WL 776103 (D.N.J.)(unreported), aff'd., C.A. No. 25-2000, 9/18/2025, 2025 WL 3459592, (unreported), cert. den., No. 25-6295, 1/26/2026, --- S.Ct. ----, 2026 WL 189866 (Mem), the court rejected Plaintiff's identical allegations against Judge Arleo, alleging, inter alia, her bias and conspiracy to deprive plaintiff of his rights in the subject matter. The Scuteri court dismissed Plaintiff's allegations of bias and lack of jurisdiction with prejudice. McGillvary v. Scutari. 2025 WL 776103 at *4 - *6 & n.1, res judicata, and Plaintiff is precluded from raising them again in the subject matter. United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173 (3d Cir. 2009).

Contrary to the plaintiff in Abel, who shared membership in a prison gang with a trial witness, Judge Arleo's innocuous relationship with Plaintiff was solely that of a jurist. Plaintiff's displeasure with her findings are no basis for finding bias

or attacking her jurisdiction. Liteky v. United States, 510 U.S. 540 (1994);

Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273 (3d Cir. 2000).

## POINT IV
## PLAINTIFF HAS NOT MET THE STANDARD FOR RECONSIDERATION UNDER LOCAL CIVIL RULE 7.1(i).

Motions for reconsideration are governed in the District of New Jersey by

Local Civil Rule 7.1(i). Rich v. State, 294 F.Supp.3d 266, 271 (D.N.J. 2018).

Because reconsideration is "an extraordinary remedy" granted "very sparingly",

under a "shall" requirement, a movant must file with their Notice of Motion a brief

"setting forth concisely the matter or controlling decisions which the party believes

the Judge or Magistrate Judge has overlooked...." Id. at 272 (citing L. Civ. R. 7.1(i)).

A movant must show

> at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995). Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669 (3d Cir. 1999)

Mere "disagreement with the court's decision" is insufficient. P. Schoenfeld Asset

Mgmt., LLC v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

In Long v. Atlantic City Police Dept., 670 F.3d 436 (3d Cir. 2012), the

plaintiff filed a §1983 action claiming that a city Police Department, the State Police,

two police officers, and two forensic chemists conspired to present false evidence at

his trial, and prevented him from obtaining exculpatory DNA testing. Id. at 438. The

District Court dismissed his complaint as Heck-barred. Affirming the lower court's

denial of reconsideration the Third Circuit observed:

> Long's complaint seeks the sort of relief that is plainly barred by *Heck* because he seeks § 1983 relief on the ground that the defendants conspired to obtain a capital murder conviction against him, but he has not demonstrated that his conviction has already been invalidated. (*See* Amicus App. at 133 (alleging that "the Defendants violated [Long's] constitutional and civil rights ... by committing perjury and/or fabricating evidence and engaging in conspiratorial acts to hide evidence to prevent DNA testing, causing ... [Long] to be falsely convicted of capital murder").) Although the Supreme Court has clarified that *Heck* does not bar a litigant from seeking access to DNA evidence through § 1983, *see Skinner v. Switzer*, — U.S. —, 131 S.Ct. 1289, 1298, 179 L.Ed.2d 233 (2011), the conspiracy described in Long's complaint does not, even liberally construed, seek such relief. Long, 670 F.3d at 447.

Neither does Plaintiff in the subject matter. Furthermore, Plaintiff has

not demonstrated that Judge Arleo's rulings were either biased or made

without jurisdiction. He has identified no change in controlling law, or error

of law or fact in her rulings. All of his arguments are based on conclusory,

unsupportable allegations, either previously considered by the court, *res

judicata,* and/or based solely on his own unsupportable information and

beliefs, some of which he misrepresents as new evidence, and allegations of

conspiracy, which are Heck-barred. As such, he has not met the burden for

granting reconsideration of Judge Arleo's rulings.

## POINT V
## PLAINTIFF'S MISCAPTIONED MOTION FOR RECONSIDERATION WAS FILED OUT OF TIME.

Plaintiff's motion to perpetuate James Galfy's testimony (ECF 74) was denied

on 10/10/2023 (ECF 85). Plaintiff's prior Motion for Reconsideration of Judge Cox Arleo's Ruling was denied on March 28, 2023 (ECF 73) See McGillvary v. Galfy, Civil Action No. 21-17121 (MCA), March 28, 2023, 2023 WL 2674845 *2 (D.N.J.)(unreported). Under Local Civil Rule 7.1(i), Plaintiff's miscaptioned motion for reconsideration (ECF 132) had to be filed within 14 days after entry of the above referenced judgements. Plaintiff's filings are therefore filed three years too late Local Civil Rule 7.1(i), and Plaintiff has not set forth any facts justifying his delay in filing. See Gaines v. Busnardo, Civ. A. No. 13-06566, Sept. 30, 2015, 2015 WL 5771233, at *6 (D.N.J.) (motion for reconsideration deemed untimely). Plaintiff's miscaptioned motion for reconsideration must be denied.

## POINT VI
## THE THIRD CIRCUIT REMANDED FOR LACK OF APPELLATE JURISDICTION.

Plaintiff states:

The appeal docketed in the 3rd Circuit at Dkt. No. 23-1816 was remanded to this Court on October 12, 2023 with instructions to re-open this case and allow the claims against James Galfy and the Estate of Joseph J . Galfy, Jr . to proceed. See CM/ECF No. 86. This order explicitly held that the Estate's claim for indemnification is a crossclaim and not an affirmative defense, and implicitly held that the Estate had standing to pursue it. POB (ECF 132) Pg. ID 2747-2748.

Plaintiff thus contends that these alleged rulings of the Third Circuit are the law of the case pursuant to Home Depot USA , Inc . v . Lafarge N. Am. , Inc., 59 F.4th 55 (3d Cir. 2023).

The Third Circuit, however, ruled that it did not have appellate jurisdiction pursuant to 28 U.S.C.A. § 1291. Without jurisdiction, the Third Circuit could not, and did not "expressly" or "necessarily resolve" issues that Plaintiff referenced, such as reopening Plaintiff's Complaint, allowing Plaintiff's claims against the Galfy Defendants to proceed, determining the classification of the Galfy Defendants' claim for indemnification, or the Estate's standing to be sued. Plaintiff's reference to the law of the case doctrine announced in Home Depot is thus irrelevant.

## POINT VII
## PLAINTIFF MUST BE BARRED FROM AMENDING HIS COMPLAINT.

Plaintiff's filings allege that James Galfy was a chief of police in the Clark Police Department, which discriminated against those of *"mixed ancestry, and who have a foreign national origin"*, MRJN Pg. 6 of 62 Pg.ID:2701 ¶7, like Plaintiff who is "Canadian Native American". ECF 132 PgID:2720. Plaintiff's murder victim, Joseph Galfy, was an attorney. Plaintiff appears to allege that the officers at the murder scene had been represented by Joseph Galfy, id. as had been James Galfy, and thus "it's not 'fantasy' that he and his brother are well-acquainted with bribes to witnesses and investigators to cover-up their misdeeds", id, as though Plaintiff's murder victim is presently doing so from the grave. Plaintiff further alleges that Joseph Galfy, who executed his brother's will, paid a Rutgers University lab the $150,000 bequest designated for it by the will (prior to the murder)

after negotiating with a UCPO detective to participate in the investigation in exchange for *'lockboxes full of cash'*; which fact was withheld from Plaintiff by the prosecutor until after trial. A sum that substantial would've been potent impeachment evidence for bias.POB pp. 1-2 (emphasis added).

Aside from the fact that the "lock boxes" never existed, and thus, information regarding them was never withheld, none of these allegations regarding discriminatory policies were made in Plaintiff's Complaint or Amended Complaint. Indeed, Plaintiff instructed the court that he is a citizen of New Jersey, and of the United States, and crossed out dual citizenship as an issue. 2:21-cv-17121-JMY-CF Document 1-1 Filed 09/17/21 Pg. 1 of 3 Pg.ID: 12, #1, § III (Civil Cover Sheet that Plaintiff filed with his Complaint). If he is in fact a Canadian citizen, he never pled that fact, and appears to have disclaimed any such fact in his Complaint. Furthermore, Plaintiff never alleged anything regarding an unidentified male accessing the crime scene, or lockboxes full of cash before, though he could have. Every one of these allegations is introduced purely to impugn Plaintiff's state murder conviction, and are thus Heck-barred. Furthermore, Plaintiff's nonsensical self-identification as a "Canadian Native American" belies his allegations, whereas indigenous Canadians are recognized as "First Nations", "Inuit" or "Métis".

Pursuant to Rule 15, Plaintiff may now amend his Complaint only with leave of court. See F.R.C.P. 15(a)(1)(A)&(B) (limiting amendment as of right to 21 days after serving the Complaint). To do so Plaintiff must expressly move, in writing, to amend his Complaint, attaching his proposed amended complaint, which Plaintiff has not done,

thus leave to amend may be granted. See In re Allergan Erisa Litigation, 975 F.3d 348, 358 (3d Cir 2020). Furthermore, granting Plaintiff leave to amend would be futile, whereas his newest allegations also collaterally attack his state murder conviction, and thus do not cure the defects in his original or amended complaint, and merely compound those defects, thus leave to amend should be denied. In re Walmart Inc. Securities Litigation, 151 F.4th 103, 112 (3d Cir. 2025)

## POINT VIII
## THE ESTATE LACKS CAPACITY TO BE SUED.

Plaintiff claims that the estate is an indispensable party pursuant to F.R.C.P. 19(a) because it is an entity "without which relief cannot be properly accorded between the parties...." ECF 132 (Filed 03/31/26) Pg. 46 of 62 Pg.ID:2741 (citing Rule 19). Plaintiff, however, joined James Galfy as Executor/Agent of the Estate, therefore Plaintiff has recourse against the Estate through him. Furthermore, the dicta cited by Plaintiff from Three Keys Ltd. v. SR Utility Holding Co, 540 F.3d 220 (3dCir. 2008) regarding Pennsylvania law is irrelevant to the Estate's lack of capacity to be sued qua the Estate under New Jersey law, cited extensively in the Galfy Defendants' Brief. See (ECF 128-2), p. 15 of 20, Pg. ID:2643, citing N.J.S.A. 3B:14-33; ECF 128-2, Pg ID:2648 - ECF 128-3 Pg ID:2649. Plaintiff insists that the Estate may be sued pursuant to "a wealth of case law" that he does not cite regarding bankruptcy, but under the Bankruptcy Code, 11 U.S.C.A. § 109, a probate estate is not a "person, or a "debtor", and thus cannot file for bankruptcy protection. In re

Harkins, 445 B.R. 414, n.4 (E.D.P.A. 2009). See also Matter of 299 Jack-Hemp Associates, 20 B.R. 412, 413 (S.D.N.Y. 1982)("Congress left no doubt that "person" was not to include an estate.").

## POINT IX
## THE GALFY DEFENDANTS DID NOT WAIVE HECK

The Galfy Defendants joined in the other Moving Defendants' Brief in Support of Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Doc. 30-3, filed 01/21/2022 p.20 of 32 pg. ID:328 et seq., which expressly referred to the favorable termination rule of Heck as barring Plaintiff's collateral attack on his state murder conviction. Said Brief also referenced the prior dismissal of Plaintiff's virtually identical §1983 claim as *res judicata* of, *inter alia*, Plaintiff's claims being Heck-barred. See also Galfy Defendants' Brief in Support of Motion to Dismiss, Doc. 43-3, filed 2/16/2022, pg 10 of 30, pg ID: 553; id. p. 13 of 30, pg. ID: 556; id. p. 16 of 30, pg. ID:559 *et seq.* (citing Heck and Plaintiff's failure to meet the requirements of the favorable termination rule as barring his §1983 action). Plaintiff's since contended that Plaintiff's §1983 action is Heck-barred literally in every responsive filing in the District of a New Jersey and the Third Circuit, the citations too voluminous to recount here. Plaintiff has cited no evidence of the Galfy Defendants' intentional waiver of their known right to the affirmative defense available to them under Heck, and thus, Plaintiff's waiver argument, see ECF 132 Pg.ID: 2749 ("Defendant has waived the defense of Heck by

Page **15** of **17**

failure to include it in their Answer in regard to this claim.") is patently frivolous. Hebrard v. Nofziger, 90 F.4th 1000, 1006 (9th Cir. 2024)(requiring evidence of "intentional relinquishment of a known right" for finding of waiver of affirmative defense under Heck.) Furthermore, Judge Arleo was required to dismiss Plaintiff's Complaint as Heck-barred, even if the affirmative defense was waived. See Hebrard, 90 F.4th at 1006-1007 (9th Cir. 2024)(state prisoner's §1983 claim disputing length of sentence was subject to PLRA, which mandates dismissal, sua sponte of Heck-barred claims.)(citing Jones v. Bock, 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing 28 U.S.CA. § 1915(e)(2)(B)).

## POINT X
## SANCTIONS AGAINST PLAINTIFF ARE APPROPRIATE.

Plaintiff's Point VII contains allegations beyond the scope of Defendants' Motion to Dismiss and violates Judge Fais' Order, which were addressed and dismissed by the various courts in which Plaintiff chose to impugn his state murder conviction. He cites cases that do not support his Heck-barred, irrational allegations and conclusions. He misrepresents that Judge Arleo deemed his claims meritorious. He reargues the Third Circuit's denial of his Petitions for Mandamus to depose James Galfy. He blames the judges who denied discovery for delaying his appeal, when his own motions to recuse them caused the delay, and terminated their jurisdiction over the subject matter. He petitioned the Third Circuit to order them to exercise that jurisdiction, even though he now claims they had no jurisdiction, for

their alleged bias, which claims were dismissed, *res judicata*, in cases Plaintiff intentionally strategically bifurcated from the subject matter, without prior notice to the Galfy Defendants. These arguments, characteristic of all of Plaintiff's filings, are sufficient for sanctions to be imposed. *Res ipsa loquitur*.

## CONCLUSION

For all of the reasons stated hereinabove, the Galfy Defendants ask this court for the relief enumerated in their Motion to Dismiss and supporting Briefs of their Motion to Dismiss. (ECF 128).

## CERTIFICATION

I certify that the aforementioned is true to the best of my knowledge and if the aforementioned is willfully false I am subject to punishment.

April 20, 2026                                      Barbara Schwartz

_____                            _____

Date                                               Barbara Schwartz, Esq.

BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANTS:

CALEB L. MCGILLVARY,                    :Hon. John Milton Younge,E.D.P.A.

                                        :Civ. Action No. 2:21-cv-17121

CIVIL ACTION NO.21-17121(JMY) :

            Plaintiff,                  CERTIFICATION OF SERVICE

        V.                              :

                                        :

            Defendants.                 :

JAMES GALFY, INDIVIDUALLY AND :
EXECUTOR/AGENT OF THE ESTATE :
OF JOSEPH J. GALFY, 111,
THE ESTATE OF JOSEPH J.                 :
GAFLY, 111., ET.SEQ.                    :

I certify that I electronically filed a Notice of motion, Brief, form of Proposed Order, and Certification of Counsel and Certification of Service, in this matter, with the Clerk of the United State District Court via ECF.

A courtesy copy was electronically sent to the Judge Younge's Chambers.

I further certify that I have caused a copy of the motion to be mailed to Plaintiff pro se, Celeb McGillvary, via regular mail to the following address of record:L

Caleb McGillvary
Inmate No. #1222665
NJSP PO Box 861
Trenton, New Jersey 08625-0861

All counsel of record have been served electronically.

4/20/2026

Date

Barbara Schwartz, Esq.
Attorney for Defendants

On the Brief:
Barbara Schwartz, Esq.
Attorney ID No.030481983