**BARBARA S. SCHWARTZ, ESQ.**
37 Mountain Boulevard, Suite 1
Warren, NJ 07059
Bar Number 030481983
Mobile No.: 908-963-9921
Email: bsschw9211@yahoo.com

May 5, 2026

VIA CM/ECF
The Hon. John Milton Younge, U.S.D.J
United States District Court for the Eastern District of Pennsylvania
15613 U.S. Courthouse 601 Market Street
Philadelphia, PA 19106

> Re:    McGillvary v. Galfy, et al.
>         Docket No. 2:21-cv-17121-JMY

Dear Judge Younge:

I represent the Galfy Defendants in the above referenced action. Please replace POINT IX with the following corrections, in the Galfy Defendants' response brief filed on April 20, 2026 (ECF 136) regarding POINT IX, appearing as Document 135-4 Page ID 2792-2793, thereof, which Brief was also refiled on May 4, 2026. (ECF 140). The corrected POINT IX attached below, appears, partially in bold, for the sake of identification of the corrections, of the originally filed Brief (ECF 136, ECF 140). Please insert this corrected POINT IX, listed as (ECF 136 Document 135-4 Page ID 2792-2793 and (ECF 140):

## POINT IX
## THE GALFY DEFENDANTS DID NOT WAIVE HECK

The Galfy Defendants joined in the other Moving Defendants' Brief in Support of **the Moving** Defendants' Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Doc. 30-3, filed 01/21/2022 p.20 of 32 pg. ID:328 et seq., which expressly referred to the favorable termination rule of Heck as barring Plaintiff's collateral attack on his state murder conviction. Said Brief also referenced the prior dismissal of Plaintiff's virtually identical §1983 claim as res judicata of, inter alia, Plaintiff's claims being Heck-barred. See also Galfy Defendants' Brief in Support of Motion to Dismiss, Doc. 43-3, filed 2/16/2022, pg 10 of 30, pg ID: 553; id. p. 13 of 30, pg. ID: 556; id. p. 16 of 30, pg. ID:559 et seq. (citing Heck and Plaintiff's failure to meet the requirements of the favorable termination rule, as barring his §1983 action). **The Galfy Defendants have** since contended that Plaintiff's §1983 action is Heck-barred literally in every responsive filing in the District of a New Jersey and the Third Circuit, the citations too voluminous to recount here. Plaintiff has cited no evidence of the Galfy Defendants' intentional waiver of their known right to the affirmative defense available to them under Heck; and thus, Plaintiff's waiver argument, see ECF132 Pg.ID: 2749 ("Defendant has waived the defense of Heck by failure to include it in their Answer in regard to this claim.") is patently frivolous. Hebrard v. Nofziger,

Page 15 of 17

90 F.4th 1000, 1006 (9th Cir. 2024)(requiring evidence of "intentional relinquishment of a known right" for finding of waiver of an affirmative defense under Heck.) Furthermore, Judge Arleo was required to dismiss Plaintiff's Complaint as Heck-barred, **as to all Defendants, regardless of whether they were a "moving defendant", and** even if the affirmative defense was waived. See Hebrard, 90 F.4th at 1006-1007 (state prisoner's §1983 claim disputing length of sentence was subject to PLRA, which mandates dismissal, *sua sponte* of Heck-barred claims.)(citing **Jones v. Bock**, 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing 28 U.S.CA. § 1915(e)(2)(B)). **Indeed, the Galfy Defendants' have already argued that the plain language of Judge Arleo's Rulings demonstrate that she _did_ dismiss the Complaint as to all Defendants, _including the Estate_. See (ECF 128, Document 128-3 filed 2/25/26 PageId 2654-2656). That said, if the District Court determines that Judge Arleo _did_ _not_ dismiss the Complaint against the Estate, _pursuant to 28 U.S.CA. §_ _1915(e)(2)(B),_ the District Court _must do so now_. Hebrard**, 90 F.4th at 1006-1007. **The Complaint may be dismissed at any time** *sua sponte* **pursuant to 28 U.S.CA. § 1915(e)(2)(B). Id.**

Page 16 of 17

Respectfully,

Barbara S. Schwartz. Esq.

Bss

See Certification of Service attached.