UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANTS:
JAMES GAFLY, INDIVIDUALLY AND EXECUTOR/AGENT
OF THE ESTATE OF JOSEPH J. GALFY 111,
AND THE ESTATE OF JOSEPH J. GALFY 111.

---

| | |
|---|---|
| CALEB L. MCGILLVARY, | :Hon.John Milton Younge, E.D.P.A.<br>CIV.ACTION NO. 2:21-CV-17121(JMY) |
| Plaintiff | : |
| | NOTICE OF MOTION<br>TO FILE OPPOSITION TO<br>PLAINTIFF'S SUR-REPLY |
| | : AND |
| v. | INFORMAL CROSS-MOTION,<br>in accordance with |
| | Local Civ. Rule 7.1(d)(3), 7.1(i) and<br>7.2(b)ON BEHALF OF DEFENDANTS,<br>JAMES GALFY, INDIVIDUALLY AND |
| | :EXECUTOR/AGENT OF THE ESTATE OF |
| Defendants. | JOSEPH J. GALFY, 111, THE ESTATE<br>:OF JOSEPH J. GALFY, 111.AND TO A<br>ADD PAGES TO DEFENDANTS' BRIEF. |
| JAMES GALFY, INDIVIDUALLY AND<br>EXECUTOR/AGENT OF THE ESTATE<br>OF JOSEPH J. GALFY, 111, AND :<br>THE ESTATE OF<br>JOSEPH J. GALFY, 111, ET.SEQ. : | |

---

NOTICE OF MOTION IN SUPPORT OF DEFENDANT GALFY'S MOTION TO FILE AN OPPOSITION TO PLAINTIFF'S 1) SUR-REPLY, AND 2) HIS INFORMAL CROSS-MOTION. DEFENDANTS REQUEST PERMISSION TO FILE ABOVE THE 15 PAGES LIMIT DUE TO PLAINTIFF'S OMNIBUS FILING. (DOC. #143)

---

Barbara Schwartz, Esq.
Attorney for Defendants:JAMES GAFLY, INDIVIDUALLY AND
EXECUTOR/AGENT OF THE ESTATE OF JOSEPH J. GALFY 111,
AND THE ESTATE OF JOSEPH J. GALFY 111.
ON THE BRIEF: BARBARA SCHWARTZ, ESQ.
ATTORNEY BAR NO.030481983, DATE FILED JULY 1, 2026

**PLEASE TAKE NOTICE** that on **August 3, 2026**, or as soon thereafter as counsel may be heard, or at a time and date determined by this court, the undersigned, attorney for Defendants, James GALFY, INDIVIDUALLY AND as EXECUTOR/AGENT OF THE ESTATE OF JOSEPH J. GALFY, III AND THE ESTATE OF JOSEPH J. GAFLY, III ("Galfy Defendants") will apply to the Chief Judge, or designee, of the United States District Court for the District of New Jersey for the following:

1. Motion to File a Sur-Reply; and

2. Motion to File Opposition to Plaintiff's informal Cross-Motion.

3. The Brief in Opposition to Plaintiff's informal Cross-Motion herein attached as Exhibit A is to be accepted as the filed brief in this matter, thus not requiring a refiling of the Brief requested to be filed herein in this Notice of Motion.

4. Motion to permit an enlarged brief, and additional 23 pages above 15 pages, due to the new cases and law Plaintiff relies upon in support of his Sur-Reply filed without permission of this court and Plaintiff's newly filed Cross-Motion, also filed without permission from this Court.

2

Plaintiff, in his newly filed Sur-Reply and informal Cross-Motion, has also identified in his letter brief, in support thereof, identified splintered actions which forced this matter's administrative termination and transfer out-of-district. Plaintiff's frivolous litigation in lieu of appeal, see U.S. v. Bertoli, 854 F.Supp. 975, 1124 (D.N.J. 1994), used to judge-shop, see McCann v. Communications Design Corp., 775 F.Supp. 1506, 1522 (D.Ct. 1991)(citing Lamborn v. Dittmer, 726 F.Supp. 510, 522 (S.D.N.Y.1989)) wreaked havoc on the orderly administration of this matter, and caused undue prejudice to the Galfy Defendants, they excluded from the litigation though they were the subject of it, and foreseeably affected by it. The Galfy Defendants require the filing of additional pages in their Sur-Reply and Cross-Motion to identify the undue prejudice necessary to seek justice, in this court, by their filing of their Brief Opposition to Plaintiff's informal Cross-Motion herein attached as Exhibit A.

**PLEASE TAKE NOTICE** that it is requested that the Court consider this motion on the papers submitted unless

timely opposition is filed, in which case oral argument is requested.

**PLEASE TAKE NOTICE** that the Galfy Defendants will rely upon the attached Certification of Defendant's Counsel and Exhibit A. Brief in support of this motion. A proposed form of Order is attached.

July 2, 2026

Barbara Schwartz, Esq.
*Attorney for Defendants*
Attorney ID No.030481983

Date July 2, 2026

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANTS:
JAMES GAFLY, INDIVIDUALLY AND EXECUTOR/AGENT
OF THE ESTATE OF JOSEPH J. GALFY 111,
AND THE ESTATE OF JOSEPH J. GALFY 111.

---

CALEB L. MCGILLVARY,          :Hon.John Milton Younge, E.D.P.A.
                              CIV.ACTION NO. 2:21-CV-17121(JMY)
        Plaintiff             :

                              :

                              :CERTIFICATION OF COUNSELL

v.
                              :ON BEHALF OF DEFENDANTS:

        Defendants.
                              :JAMES GALFY, INDIVIDUALLY AND
                              EXECUTOR/AGENT OF THE ESTATE
JAMES GALFY, INDIVIDUALLY AND OF JOSEPH J. GALFY, III, AND
EXECUTOR/AGENT OF THE ESTATE  THE ESTATE OF
OF JOSEPH J. GALFY, III, AND  :JOSEPH J. GALFY, III, ET.SEQ.
THE ESTATE OF
JOSEPH J. GALFY, III, ET.SEQ. :

---

5

**Barbara S. Schwartz, Esq.**
Bar No. 030481983
37 Mountain Blvd., Suite 1
Warren, NJ 07059

July 2, 2026

VIA CM/ECF

The Hon. John Milton Younge, U.S.D.J

United States District Court for the Eastern District of Pennsylvania

15613 U.S. Courthouse 601 Market Street

Philadelphia, PA 19106

> Re: <u>McGillvary v. Galfy</u>, Civ. Action No. 2:21-cv-17121-JMY
>
> **Certification of Counsel in Support of Notice of Motion to file a Response to Plaintiff's Sur-reply and a Reply to Plaintiff's Informal Cross-Motions for Reconsideration, in accordance with Local Civ. Rule 7.1(d)(3), 7.1(i) and 7.2 (b). Defendants also request permission to file an extended brief.**

Dear Judge Younge:

I represent Defendant James Galfy ("James Galfy"), in his personal capacity, and as Executor/Agent of the Estate of Joseph Galfy, Jr., ("the Estate") as well as the Estate (collectively the "Galfy Defendants") in the above referenced action. For the reasons discussed *infra,* the Galfy Defendants seek permission of the Court pursuant to Local Civ. Rule 7.1(d)(3), 7.1(i) and 7.2(b) to respond to Plaintiff's Sur-reply, and to answer his informal Cross-Motions for Reconsideration, and his *de facto* Motion for Summary Judgement. The Court granted Plaintiff's Motion for Extension of Time

6

by Order (Docket # 143). The court has not scheduled a return date on Defendant's Motion to Dismiss (Docket # 128) and Plaintiff's Motions.

On February 25, 2026, the Galfy Defendants filed their Motion to Dismiss the subject §1983 action pursuant to F.R.C.P. 12(b)(1) and F.R.C.P. 12(b)(6). (Document 128). On March 31, 2026, Plaintiff filed a Motion ("MRJN"), with supporting documents (Case 2:21-cv-17121-JMY-CF Document # 132 Filed 03/31/26 ("Doc. 132") PG ID:2699, 2706, 2707), requesting this court to take judicial notice of purported facts to prove that James Galfy used the Estate's resources to conspire with state actors to deprive Plaintiff of his due process rights. Also on March 31, 2026, Plaintiff filed his Response Brief in Opposition ("POB")(assigned the same document number as the MRJN) to the Galfy Defendants' Motion to Dismiss Plaintiff's §1983 action, incorporating the MRJN by reference. Doc. 132 PG ID: 2711. On May 15, 2026 Plaintiff filed a "letter reply" Case 2:21-cv-17121-JMY-CF, Document 143, filed 5/15/2026 ("Doc. 143") PG ID: 2863, incorporating both the MRJN and the POB by reference. Plaintiff's letter reply is a Sur-reply, filed without the court's permission in violation of the District of New Jersey's Local Civ. R. 7.1(d)(6). The Sur-reply alleges facts, and raises cases and legal arguments not previously raised in Plaintiff's PRJN or POB. In the interests of justice, the Galfy Defendants request permission to respond thereto.

Additionally, Plaintiff's PRJN, POB and Sur-reply expressly seek this court's reconsideration of Judge Arleo's dismissal of his § 1983 action. Individually and cumulatively *they constitute a miscaptioned and informal Cross-Motion for Reconsideration ("CMFR")*, violative of the letter and spirit of F.R.C.P. 7(b)(1)(a)-(c) and this court's Local Civil Rule 7.1(b) which require that a request for a court order be made by motion and that the motion must state the totality of the relief sought. Pursuant to Local Rule 7.1(i), the last day for Plaintiff to have filed his Motion for the court to reconsider its denial of his first Motion for Reconsideration was 10 days after Judge Arleo's denial was filed; it has been over three years. See McGillvary v. Galfy, C.A. No. 21-17121 (MCA), 7/28/2022, 2022 WL 3013086 (D.N.J.), C.A. No. 21-17121 (MCA), 3/28/2023, 2023 WL 2674845 (reconsideration den.), C.A. No. 23-1816, 10/12/2023, 2023 WL 7319450 (3d. Cir)(app. dis.)(unreported).

Instead of timely moving for reconsideration, or then appealing Judge Arleo's judgements, Plaintiff strategically sued Judge Arleo and other jurists in the Federal District of New Jersey, including, *inter alia*, Chief Judge Renée Marie Bumb, see McGillvary v. Scutari, No. 23-cv-22605-JMY, May 13, 2025, 2025 WL 1384316 *5 (D.N.J.)(unreported)(all claims against Judge Arleo *with regard to the subject matter* dismissed *sua sponte* with prejudice as "frivolous"), *summarily aff'd*, C.A. No. 25-2000, 09/18/2025, 2025 WL 3459592(3d Cir.), 2026 WL 189866 (mem),

*cert. den.*, 223 L.Ed.2d 583 (2026), alleging their culpability regarding the subject matter. Plaintiff's splintered action forced this matter's administrative termination and transfer out-of-district. Plaintiff's frivolous litigation in lieu of appeal, see U.S. v. Bertoli, 854 F.Supp. 975, 1124 (D.N.J. 1994), used to judge-shop, see McCann v. Communications Design Corp., 775 F.Supp. 1506, 1522 (D.Ct. 1991)(citing Lamborn v. Dittmer, 726 F.Supp. 510, 522 (S.D.N.Y.1989)) wreaked havoc on the orderly administration of this matter, and caused undue prejudice to the Galfy Defendants, they excluded from the litigation though they were the subject of it, and foreseeably affected by it.

This exclusion continues to compel the Galfy Defendants to relitigate substantively identical issues. See, e.g., McGillvary v. Union County, New Jersey, Civil Action No. 15-8840 (MCA), April 30, 2020, 2020 WL 2079266 (D.N.J.)(unreported)(§1983 action against, *inter alia*, UCPO for violating Plaintiff's pretrial discovery rights dismissed as Heck-barred); McGillvary v. Scutari, No. 23-cv-22605-JMY, May 13, 2025, 2025 WL 1384316 *5 (D.N.J.)(unreported)(all claims against Judge Arleo ***with regard to the subject matter*** dismissed *sua sponte* with prejudice as "frivolous"), *summarily aff'd*, C.A. No. 25-2000, 09/18/2025, 2025 WL 3459592(3d Cir.)(unreported), 2026 WL 189866 (mem), *cert. den.*, 223 L.Ed.2d 583 (2026); McGillvary v. Attorney General, No. 1:22-CV-04185-MRH, June 5, 2025, 2025 WL 1638466 (D.N.J.)(*habeas corpus* petition for violation of Plaintiff's

pretrial discovery rights denied, and certificate of appealability not issued "because "reasonable jurists" would not find the Court's assessment of Petitioner's claims "debatable or wrong."), *aff'd sub nom*, McGillvary v. Attorney General New Jersey, C.A. No. 25-2159, Sept. 30, 2025, 2025 WL 4792692 (3dCir.)(unreported)("We have considered and rejected as … lacking arguable merit McGillvary's allegations that … the prosecution withheld evidence of payments to the medical examiner and Dr. Pandina."), *appeal pending sub nom*, McGillvary v. Jennifer Davenport, Attorney General of New Jersey, et. al., No. 25-7559, filed 06/10/2026.

Because the Galfy Defendants were not joined in or even informed of any splintered cases, they do not know if those identified *supra* constitute the full roster of matters directly related to the dispositive allegations in the subject matter. See F.R.C.P. 19(a)(1)(B)(i). The Galfy Defendants have an interest relating to the subject of the splintered actions *i.e.*, the determination of whether Plaintiff was denied due process by way of the UCPO's purported denial of his pretrial discovery rights involving Dr. Pandina and the medical examiner, and disposition of the actions in the absence of the Galfy Defendants as a practical matter are impeding the Galfy Defendants' ability to protect their interests, because they do not have, and are not privy to the internal workings of the UCPO, and do not know what the UCPO possesses, or produced to Plaintiff in his criminal trial, because the Galfy Defendants took no part in it, as a witness or otherwise.

Other courts determined that Plaintiff has no cause of action based on the facts being brought up in this matter, but the Galfy Defendants are being required to *relitigate* those facts *at their own expense*. Plaintiff is counting on the Galfy family running out of resources and the ability to do so. Plaintiff's untimely CMFR shares that purpose. By raising his CMFR *informally* through his MRJN, POB and Sur-reply, Plaintiff bypassed the time limit placed on his right to seek reconsideration of Judge Arleo's rulings by motion, and deprived the Galfy Defendants of the opportunity to *formally* respond to it. Furthermore, the CMFR seeks to expand the record beyond the pleadings, without a formal motion to amend Plaintiff's Complaint, and without a formal motion to reconsider Judge Arleo's denial of his original motion to amend his Complaint, McGillvary v. Galfy, 2023 WL 2674845 * 6, as an end-run around the requirement that the Galfy Defendants' Motion to Dismiss pursuant to F.R.C.P. 12(b)(6) be decided solely on Plaintiff's pleadings. Plaintiff has thus transformed the pending Motion to Dismiss into a Motion for Summary Judgement without a formal motion to do so. Plaintiff also, without motion therefor, seeks an *in camera* review of the Estate's records, and apparently also seeks reconsideration of the court's denial of discovery pursuant to Rules 27(a) and 27(b). PG ID: 2871 (referencing ECF 87 (Filed October 23, 2023)) Plaintiff should not be permitted to continue to wreak havoc, and unduly prejudice the Galfy Defendants by splintering and miscaptioning his motions, out of time, and ignoring Judge Fais'

Order (ECF 130) which stayed discovery and administratively terminated Plaintiff's

Motion to Compel Discovery.

Barbara S. Schwartz, Esq.

I certify that the aforementioned is true to the best of my knowledge and if the

aforementioned is willfully false, I am subject to punishment.

July 2, 2026

Barbara S. Schwartz, Esq.

12

BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANTS:

---

CALEB L. MCGILLVARY,                    :Hon. John Milton Younge,E.D.P.A.

                                        :

                                                CIVIL ACTION NO.21-17121(JMY)

                                        :

                                                        ORDER

        Plaintiff,

                                        :

        V.

                                        :

                                        :

        Defendants.                     :

JAMES GALFY, INDIVIDUALLY AND :
EXECUTOR/AGENT OF THE ESTATE  :
OF JOSEPH J. GALFY, III,
THE ESTATE OF JOSEPH J.       :
GAFLY, III., ET.SEQ.          :

---

This matter having been opened to the Court by Defendants' James Galfy, Individually and as Executor/Agent of the Estate of Joseph J. Galfy, III, The Estate of Joseph Galfy, III, the ("Galfy Defendants"), Motions previously brought by James Galfy, Individually and as Executor/Agent of the Estate of Joseph J. Galfy, III, (ECF 23, ECF 43) and the court having considered the parties' arguments and for the reasons explained in the Opinion and Order on July 28, 2022 (ECF 66, ECF67), Opinion and Order on

13

3/28/2023 ( ECF 72, ECF 73) and Letter Order on 10/10/2023 (ECF 85), and the Court having considered the parties' arguments and for the reasons explained in the Opinion accompanying this Order,

**IT IS THEREFORE,** on this _____ day of _____ 2026,

**ORDERED THAT** The within Notice of Motion filed on behalf of the Defendants, James Galfy, individually and as Executor/Agent of the Estate of Joseph J. Galfy, III, and the Estate of Joseph J. Galfy, III herein the moving Defendants, **is hereby Granted;**

**ORDERED THAT** the request that the attached Brief (Exhibit A) is to be filed as the requested opposition to Plaintiff's informal Cross-Motion and Sur-Reply **is hereby granted;** and

**ORDERED THAT** consistent with the Third Circuit's admonition in In re McGillvary, No. 25-2096, September 9, 2025, 2025 WL 2602539 n.2 (3dCir.)(unreported) that Plaintiff would be subject to, inter alia, limitations on further filings in the District Courts as the result of his continued frivolous filings, Plaintiff is enjoined from any further filings, including, but not limited to, motions, petitions, papers, "letters", Sur-replies and/or informal Cross-Motions in the subject matter unless and until Plaintiff receives prior written permission from the court, and the imposition of costs upon Plaintiff for any further filings against the Galfy Defendants, unless and until he successfully overturns his state murder conviction.

14

**ORDERED THAT** consistent with the Third Circuit's admonition in In re McGillvary, No. 25-2096, September 9, 2025, 2025 WL 2602539 n.2 (3dCir.)(unreported) that Plaintiff would be subject to, *inter alia*, limitations on further filings in the District Courts as the result of his continued frivolous filings, Plaintiff, files any further documents in this matter before overturning his conviction and without the permission of the court, including but not limited to motions, petitions, papers, "letters", Sur-replies and/or informal Cross-Motions in the subject matter, he must bear his own court costs and court fees and will not be able to claim in forma pauperis status (IFP status) for those court filings, and may be subject to further sanctions, as this court deems fair and reasonable.

**ORDERED THAT** the Clerk of the Court shall send a copy of this Order and the accompanying Opinion to Plaintiff at the address on file and close this case accordingly.

Date: _____

_____
Hon. John Malton Younge, E.D.P.A.
United States District Judge

15

BARBARA SCHWARTZ, ESQ.
37 MOUNTAIN BLVD. SUITE 1
MOUNTAINSIDE, NJ 07059
ATTORNEY FOR DEFENDANTS:

---

CALEB L. MCGILLVARY,                    :Hon. John Milton Younge,E.D.P.A.

                                        :Civ. Action No. 2:21-cv-17121

CIVIL ACTION NO.21-17121(JMY) :
                                        CERTIFICATION OF SERVICE
            Plaintiff,
                                     :

        V.

                                     :

                                     :

        Defendants.                  :

JAMES GALFY, INDIVIDUALLY AND :
EXECUTOR/AGENT OF THE ESTATE   :
OF JOSEPH J. GALFY, III,
THE ESTATE OF JOSEPH J.        :
GAFLY, III., ET.SEQ.           :

---

I certify that I electronically filed a Notice of motion, Brief, form of Proposed Order, and Certification of Service in this matter with the Clerk of the United State District Court via ECF.

Pursuant to Her Honor's judicial preferences of Judge Madeline Cox Arleo, no courtesy copy is forthcoming. The Undersigned is happy to provide the same upon request, however.

I further certify that I have caused a copy of the Notice of Motion, Certification of Counsel by letter brief, Order and Certification of Service, to be mailed to Plaintiff pro se, Celeb McGillvary, via regular mail to the following address on record:

16

Caleb McGillvary
Inmate No. #1222665
NJSP PO Box 861
Trenton, New Jersey 08625-0861

All counsel of record have been served electronically.

7/2/2026

Barbara Schwartz, Esq.
*Attorney for Defendants*

On the Brief:
Barbara Schwartz, Esq.
Attorney ID No.030481983

17