**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CALEB L. MCGILLVARY, | : | |
| | : | No. 21-cv-17121-JMY |
| vs. | : | |
| | : | |
| JAMES GALFY, *et al.* | : | |

**MEMORANDUM**

**Younge, J.**                                                                                          **July 29, 2026**

Currently before the Court is a Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and/or Pursuant to Fed. R. Civ. P. 15 and/or Pursuant to Fed. R. Civ. P. 21, Fed. R. Civ. P. 8(c)(2) and/or Fed. R. Civ. P. 41(A)(2) (Motion to Dismiss, ECF No. 128) filed by Defendants, James Galfy, individually, and as the Executor/Agent of the Estate of Joseph Galfy, III, and the Estate of Joseph Galfy, III.  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth in this Memorandum, Defendants' Motion will be granted, and all claims asserted in the Amended Complaint will be dismissed without prejudice.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY:

Plaintiff initiated this matter by filing a Complaint on September 17, 2021.  (Complaint, ECF No. 1.)  At that time, this matter was assigned to United States District Judge Madeline Cox Arleo in the District of New Jersey.[1]  Plaintiff, thereafter, sought to file an amended complaint. In his Complaint and Proposed Amended Complaint, Plaintiff asserts violations of his federal civil rights pursuant to 42 U.S.C. § 1983 and violations of state law arising from an alleged

---

[1]  Judge Arleo entered an Opinion and Memorandum Opinion when disposing of defense motions to dismiss and Plaintiff's motion to reconsider.  (Opinion, ECF No. 66; Memorandum Opinion, ECF No. 72.)  These two documents adequately layout the relevant factual and procedural history applicable to this matter to such an extent that there is no need to reiterate the facts and procedure herein again.  The Court will incorporate by reference the Opinion and Memorandum Opinion filed by Judge Arleo as if it were set forth fully herein.

conspiracy among the Defendants.  (Complaint & Proposed Amended Complaint, ECF Nos. 1, 55.)  Plaintiff alleged a wide-ranging Section 1983 conspiracy among various state actors and private individuals, including the prosecutors and public defender in his murder case, a potential expert witness, the medical examiner, investigators, and James Galfy who is the brother of the victim, Joseph Galfy, III, and the executor of the Estate of Joseph Galfy, III.  (*Id.*)

Plaintiff alleges that Defendants conspired to deprive him of the ability to present the expert testimony and physical evidence that would substantiate Plaintiff's claims that he was drugged and sexually assaulted by Joseph Galfy, Jr. and that he acted in self-defense (or was involuntarily intoxicated) when he killed the victim, Joseph Galfy, Jr.  (*Id.*)  As part of the conspiracy, Plaintiff alleges that the Estate of Joseph Galfy, through its executor James Galfy, made payment to a potential witness, the medical examiner, and John Does investigators.  (*Id.*)  Plaintiff further alleges, among other claims, that his due process rights were violated by the prosecutor's failure to turn over the financial records of the Estate in discovery, which would substantiate Plaintiff's allegations.  (*Id.*)

Defendant John Cito, Esquire filed a Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Summary Judgment Pursuant to Fed. R. Civ. P. 56.  (Cito MTD/SJM, ECF No. 14.)  Defendant Peter A. Liguori filed a Motion for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(1) and/or Summary Judgment Pursuant to Fed. R. Civ. P. 56.  (Liguori MTD/SJM, ECF No. 16.)  Defendants the Union County Prosecutors Office, Scott M. Peterson, and Theordore Romankov filed a Motion for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6).  (Prosecutor's MTD, ECF No. 30.)  Defendant Robert J. Pandina filed a Notice to Join in All Motions to Dismiss and Motions for Summary Judgment.  (Notice, ECF No. 40.)  Defendants James Galfy, individually and as executor/agent of the Estate of Joseph Galfy, III, filed a Motion

to Dismiss and a Second Motion for Dismissal Pursuant to Fed. R. Civ. P. 12 (b)(1), 12(b)(6) and 12(h)(3).  (Galfy MTDs, ECF No. 23, 43.)

On July 28, 2022, Judge Arleo granted motions to dismiss that were filed by moving Defendants.  (Opinion, ECF No. 66; Order, ECF No. 67.)  Judge Arleo found that Plaintiff could not proceed on the legal theory that his due process rights were violated and/or that Defendants conspired to violate his rights because the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), barred these claims.  Judge Arleo applied the *Heck v. Humphrey* doctrine and dismissed Plaintiff's Section 1983 due process and conspiracy-based claims without prejudice to Plaintiff's ability to reassert claims in the event that his murder conviction was overturned.  (Opinion, ECF No. 66; Order, ECF No. 67.)  Judge Arleo also dismissed claims based on the legal theory that Plaintiff's rights to equal protection under the law were violated as insufficiently pled.  (*Id.*)  Judge Arleo further dismissed with prejudice official capacity claims asserted against the Union County Prosecutors Office, Scott M. Peterson and Theodore Romankow based on her application of Eleventh Amendment immunity.  (*Id.*)  Judge Arleo then declined to exercise supplemental jurisdiction over state law claims asserted by Plaintiff, and she denied Plaintiff's motion to file a proposed amended complaint.  (*Id.*)

Plaintiff filed a motion to reconsider Judge Arleo's Order which granted motions to dismiss in favor of Defendants and denied his motion to file an amended complaint.  (Motion to Reconsider, ECF No. 68.)  Judge Arleo denied Plaintiff's motion to reconsider.  (Order & Memorandum Opinion, ECF No. 72, 73.)  Plaintiff then filed an appeal to the Third Circuit Court of Appeals.  (Notice of Appeal, ECF No. 78.)  The Third Circuit Court of Appeals dismissed Plaintiff's appeal as interlocutory because it concluded that active claims remain pending at the district court level before Judge Arleo.  (Order, ECF No. 86.)

After the Third Circuit Court of Appeals relinquished jurisdiction over Plaintiff's appeal, Judge Arleo entered Orders that administratively terminated this action and marked it closed pending resolution of *McGillvary v. Scutari, et al.*, No. 23-cv-22605-JMY (N.J.D. 2023). (Orders, ECF Nos. 99, 101.)  At that time, Judge Arleo was a named Defendant in *McGillvary v. Scutari*, No. 23-cv-22605-JMY (N.J.D. 2023), which is a lawsuit filed by Plaintiff that is assigned to this Court.[2]  Thereafter, Judge Arleo entered an Order transferring the above-captioned matter to this Court.  (Order, ECF No. 111.)

After receiving this case into its inventory, the Court Ordered the Parties to submit status reports.  (Order for Status Report, ECF No. 112.)  Plaintiff filed a status report and a separate status report was filed by Defendants the Union County Prosecutor's Office, Theodore Romannko, and Scott M. Peterson.  (Status Reports, ECF Nos. 116 & 123.)  Thereafter, Defendants James Galfy, individually and as executor/agent of the Estate of Joseph Galfy, III, and the Estate of Joseph Galfy, III, filed their status report.  (Status Report, ECF No. 125.)  After reviewing the status reports submitted by the Parties, the Court entered an Order that provided the Parties with an opportunity to file renewed/amended motions to dismiss.  (Order, ECF No. 127.)  The Galfy Defendants ultimately filed the Motion to Dismiss that is currently before the Court.  (Motion to Dismiss, ECF No. 128.)

## II.    LEGAL STANDARD:

### A.    Federal Rule of Civil Procedure 12(b)(6):

The motion to dismiss standard under Fed. R. Civ. P. 12(b)(6) is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a

---

[2]  In *McGillvary v. Scutari*, No. 23-cv-22605-JMY, this Court conducted an analysis of the merits of claims asserted by Plaintiff and decided to grant defense motions to dismiss with prejudice.  The Third Circuit Cout of Appeals affirmed dismissal of claims, and the case is now closed.

cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "[the district court] must tak[e] note of the elements [the] plaintiff must plead to state a claim;" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

> **B.    Federal Rule of Civil Procedure 12(b)(1):**

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(1), the court should determine whether the motion presents a facial or factual challenge. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891.

## III.    DISCUSSION:

The Third Circuit Court of Appeals reached the conclusion that Plaintiff had taken an interlocutory appeal from Orders entered by Judge Arleo that granted motions to dismiss in favor of Defendants. The Third Circuit Court of Appeals relinquished jurisdiction over the appeal made by Plaintiff because it concluded that Plaintiff asserted claims against the Estate of Joseph Galfy, III, that remained active and pending before the district court. The Third Circuit Court of Appeals also concluded that cross-claims asserted by the Galfy Defendants remained active and pending. Therefore, it dismissed Plaintiff's appeal for lack of appellate jurisdiction. (*Id.*)

A renewed/amended motion to dismiss filed by the Galfy Defendants is now before the Court. The Court is left to decide whether Plaintiff asserts viable claims against the Estate of Joseph Galfy, III, in light of the Opinion entered by Judge Arleo along with her Order that dismissed claims against the Defendants in this matter. (Opinion page 17, ECF No. 66.) The Court must also decide whether active cross-claims remain pending between Defendants.

The Court finds that the logic and reasoning set forth by Judge Arleo in her Opinion and Memorandum Opinion is applicable to claims asserted against the Estate of Joseph Galfy.[3]

---

[3] Plaintiff suggests that Judge Arleo's prior decision to grant motions to dismiss should be rendered invalid and that the record in this lawsuit should be reopened based on his theory of purported

(Opinion, ECF No. 66; Memorandum Opinion, ECF No. 72.)  Judge Arleo previously entered an Opinion when she granted motions to dismiss in favor of Defendants.  (*Id.*)  She also entered a Memorandum Opinion when she denied Plaintiff's motion to reconsider.  (*Id.*)  Judge Arleo found that due process and conspiracy claims asserted by Plaintiff under Section 1983 were barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  (*Id.*)  Judge Arleo also found that Plaintiff failed to allege sufficient facts to support his claim for violation of his rights to equal protection under the law.  (*Id.*)  Therefore, she granted motions to dismiss in favor of Defendants.  (*Id.*)

In dispensing with Plaintiff's due process and conspiracy claims, Judge Arleo cited to the fact that the Supreme Court has repeatedly held that a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *see also Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Heck*, 512 U.S. at 481; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  A prisoner must seek federal habeas corpus relief (or appropriate state relief) instead.  *Id.*  She then assumed without deciding that Plaintiff could establish a conspiracy among the various Defendants but found that his due process claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's success on these claims would necessarily invalidate his murder conviction.  Judge Arleo wrote, "Because Plaintiff has not shown that his conviction has been set aside by the state court or in a habeas proceeding, he cannot proceed on his due process and conspiracy claims at this time.  *See*

---

judicial bias.  Plaintiff opposes the Galfy Defendants' renewed/amended motion to dismiss by citing to the lawsuit that he filed against Judge Arleo in which he claims that Judge Arleo engaged in a conspiracy to deprive Plaintiff of his civil rights.  *McGilvary v. Scutari*, No. 23-cv-22605-JMY, 2025 U.S. Dist. LEXIS 43555 (D.N.J. March 11, 2025) *aff'd.*, No. 25-2000 (9/18/2025, 2025 WL 189866 (Memo).  The Court rejects Plaintiff's claim of judicial bias in this lawsuit just as it rejected similar claims when it decided to grant all motions to dismiss in favor of Defendants in *McGilvary v. Scutari*. 2025 U.S. Dist. LEXIS 43555 (D.N.J. March 11, 2025).  The Court dismissed all claims asserted by Plaintiff in that litigation including claims made against Judge Arleo.  *Id.*

7

*Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016)." (Opinion page 11, ECF No. 66.) She concluded that Plaintiff's Section 1983 claims were barred "until such time that Plaintiff sets aside his conviction in state court or in a federal habeas proceeding." (Memorandum Opinion page 12, ECF No. 72.) Judge Arleo wrote:

> For the reasons explained in this Opinion, the motions to dismiss the federal claims are granted as to all Moving Defendants. The § 1983 claims against the UCPO are dismissed with prejudice, and Plaintiff's § 1983 claims against the remaining Defendants are dismissed without prejudice to his filing of a new action if, and only if, Plaintiff sets aside his conviction for the murder of Joseph Galfy. Having dismissed the § 1983 claims at this early stage, the Court declines supplemental jurisdiction over any remaining state law claims.

(Opinion page 17, ECF No. 66.)

Plaintiff remains incarcerated on his conviction for the murder of Joseph Galfy, III. He has done nothing to establish that his conviction was set aside or overturned. Therefore, based on the reasoning and logic applied by Judge Arleo, the Estate of Joseph Galfy, III, is now dismissed as a Defendant from this litigation. All due process and conspiracy claims asserted by Plaintiff against the Estate of Joseph Galfy, III, are dismissed without prejudice. To the extent that Plaintiff attempts to assert claims for violation of his rights to equal protection under the law, those claims will be dismissed with prejudice and without leave to amend. In dismissing any potential equal protection claim that Plaintiff might attempt to assert against the Estate of Joseph Galfy, III, the Court relies on the logic and reasoning set forth by Judge Arleo in the Opinion and Memorandum Opinion that she previously drafted on the issue. (Opinion page 4; Memorandum Opinion page 11.)

After a review of the docket for cross-claims and/or counter-claims, the Court was only able to identify cross-claims asserted by Defendants James Galfy, individually, and as the Executor/Agent of the Estate of Joseph Galfy, III, and the Estate of Joseph Galfy, III. (Answer

8

& Cross-Claims, ECF Nos. 9, 10.)  In their status report and again in their motion to dismiss, the Galfy Defendants assert that their cross-claims were erroneously filed under a mislabeled caption.  (Galfy Defendant's Status Report pages 10, 17-19, ECF No. 125, Motion to Dismiss page 29-36, ECF No. 128.)  They further indicate that they have no intension of pursuing independent cross-claims.  (*Id.*)  Since the Galfy Defendants have no intension of pursuing independent cross-claims, these claims will be dismissed.

> A.    **Supplemental Jurisdiction:**

To the extent Plaintiff seeks to assert state law claims for relief against any of the Moving Defendants, the Court, having dismissed the federal claims, declines supplemental jurisdiction over any state law claims for relief.  *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  (internal quotation marks omitted)).

## IV.    CONCLUSION:

For the reasons set forth hereinabove, the Estate of Joseph Galfy, III, is now dismissed from this litigation, and all cross-claims and/or counter-claims asserted by the Galfy Defendants are dismissed.  The Court will decline to exercise jurisdiction over Plaintiff's state law claims.

**BY THE COURT**:

   /s/ John M. Younge
Judge John Milton Younge

9