Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ 08625

August 18, 2026

Clerk, US Dist. Ct. - DNJ
US Courthouse
50 Walnut St.
Newark, NJ 07102

RE: Caleb L. McGIllvary v. James Galfy et al Civil Action No. 2:21-cv-17121-JMY
Hon. John Milton Younge, U.S.D.J.

Dear Clerk;

Please find enclosed and file onto the docket the original of the following documents:

1.) My notice, motion, proposed order, and declaration in support of my motion pursuant to Rule 52 and 59;
2.) Proof of service thereof;

in the above-captioned matter.

Kind Regards,

Caleb L. McGillvary
In Propria Persona

ENCL:
CC: FILE

R... ...26
...M
CL... ...ICT COURT - DNJ

PROOF OF SERVICE

I, Caleb L. McGillvary, declare pursuant to 28 U.S.C. 1746 that on today's date, I placed in the institutional mailing system here where I'm incarcerated at NJ State Prison 3rd & Federal Streets Trenton, NJ 08625; with First Class Postage prepaid to be sent via USPS Mail; the service copy of the following documents in the above-captioned matter to the Clerk of the District Court at USDC-DNJ US Courthouse 50 Walnut St. Newark, NJ 07102:

1.) 1.) My notice, motion, proposed order, and declaration in support of my motion pursuant to Rule 52 and 59. Pursuant to the prison mailbox rule, these documents are constructively filed as of the date of mailing. Pursuant to DNJ Local Civil Rules, upon said filing the Clerk files Plaintiff's document into the CM/ECF system. See DNJ L.Civ.R. 5.2.2 ("All civil ... cases and documents filed in this Court, will be entered into the Court's ECF System in accordance with these Procedures."). Upon entry of a document in CM/ECF, notice of electronic filing thereof ("NEF"); is automatically thereby sent to all CM/ECF-participating parties. See DNJ L.Civ.R. 5.2.1(d)("NEF is a notice automatically generated by the Electronic Filing System at the time a document is filed with the system..."). This NEF constitutes service upon all such parties. See DNJ L.Civ.R. 5.2.14(b)(1)("Transmission of the NEF constitutes service of the filed document on Filing Users"). Therefore, pursuant to this Court's Local Civil Rules, on today's date I have also served a copy of each said document on all appearing captioned Defendants, who are represented by CM/ECF-user Counsel.

I hereby invoke the prison mailbox rule. I declare under penalty of perjury that the foregoing statements made by me are true and accurate.

Executed this 18 Day of AUGUST, 2026

[signature]

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDANTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-JMY-CF<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) To be determined by the Court<br>)<br>) |

NOTICE OF MOTION FOR AMENDMENT OF FINDINGS
AND TO AMEND OR ALTER THE JUDGMENT
(Fed. R. Civ. P. 52(b), 59(e))

TO: CLERK, ALL CAPTIONED PARTIES

Please take notice that, on a date and time to be determined by the Court, Plaintiff Caleb L. McGillvary ("Plaintiff") hereby moves the Court for an order amending the Court's findings pursuant to Rule 52(b) and altering or amending the judgment pursuant to Rule 59(e).

As grounds for this motion, Plaintiff relies upon his attached motion and declaration with its exhibits.

A proposed form of order is lodged herewith.

Date: 8/18/26

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDANTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-JMY-CF<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) To be determined by the Court<br>)<br>) |

MOTION FOR AMENDMENT OF FINDINGS AND
TO AMEND OR ALTER THE JUDGMENT
(Fed. R. Civ. P. 52(b), 59(e))

Caleb L. McGillvary ("Plaintiff"), hereby moves the Court for an order amending findings and altering or amending the judgment in this matter, pursuant to Rules 52(b) and 59(e). As grounds for this request, Plaintiff incorporates by reference and relies upon his Declaration in support of this motion, and avers that it shows the following:

1.) I am the pro se plaintiff in the above-captioned matter.

2.) On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS 134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his

Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing evidence, and this would have changed the outcome of the trial").

3.) On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b)

4.) On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

5.) On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under RUle 27(b). See DNJ ECF 87.

6.) On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605- JMY at ECF 84, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

7.) On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter

subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

8.) On May 8, 2024, Judge Arleo administratively terminated the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

9.) On July 30, 2026, the District Court issued a final order dismissing all claims, but did not address Plaintiff's pending motion to perpetuate testimony. Plaintiff's appeal of the Magistrate's order denying his motion has now been in limbo for almost three years.

This motion is now before the Court.

## LEGAL ARGUMENT

POINT I: THE FINAL APPEALABLE ORDER WAS BASED ON A MANIFEST ERROR OF FACT, AND BOTH ITS FINDINGS AND ITS SUBSTANCE SHOULD BE AMENDED AND ALTERED, BECAUSE PETITIONER'S URGENT MOTION TO PERPETUATE TESTIMONY HAS BEEN HITHERTO IGNORED BY THE DISTRICT COURT, AND WILL BE IN LIMBO FOR AT LEAST THE LENGTH OF THAT APPEAL, DURING WHICH TIME THE 77 YEAR OLD WITNESS SOUGHT TO BE DEPOSED WILL LIKELY DIE OF OLD AGE

The federal rules expressly provide for a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion involves the rehearing of matters properly encompassed in a decision on the merits. Osterneck v. Ernst & Whinney, 489 U.S. 169, 174-77 (1989).

A Court must make findings of fact and state conclusions of law in all actions tried on the facts without a jury or advisory jury. See Fed. R. Civ. P. 52(a). Rule 52(b) permits a court to amend its findings of fact or make additional findings

and then amend the judgment accordingly on the motion of a party made within 28 days of entry of judgment. Fed. R. Civ. P. 52(b).

The basic requirements of due process are the right to notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Hamdi v. Rumsfeld, 542 U.S. 507, 533 (2004); Logan v. Zimmerman Brush Co., 455 U.S. 422, 437 (1982); See Goss v. Lopez, 419 U.S. 565, 579 (1975) and cases cited.

Petitioner filed his motion to perpetuate testimony years ago. His reasons were presumptively valid under Third Circuit binding precedent: the witness sought to be deposed was over 74 years of age at the time of filing. See Texaco, Inc. v. Borda, 383 F.2d 607, 609 (CA3 1967) ("The circumstance that Mr. Borda is 71 years old is quite meaningful. It would be ignoring the facts of life to say that a 71 year old witness will be available, to give his deposition or testimony, at an undeterminable date when a pending criminal ... action will have been determined, and the trial of a related civil action will subsequently take place.") The Defendants have not disputed this fact, nor could they reasonably do so.

The district court has neither heard or ruled on Petitioner's motion to perpetuate testimony whatsoever. As such, the disposition of the motion to perpetuate the testimony will remain in limbo for at least another year and a half on appeal, during which time it is highly likely that the testimony of James Galfy will be forever lost due to his death by old age. Such a loss would cause irreparable harm to Petitioner in his

civil case, as well as in the related state criminal case. It would be a deprivation of Due Process caused by a deprivation of Due Process, because the indefinite delay by the district court in resolving an urgent petition under Fed. R. Civ. P. 27 has already stretched for over a year and a half.

For all these reasons, the Court's decision was manifestly unjust, and relied on clear errors in fact. It should therefore be altered and amended so as to order the deposition of James Galfy to proceed so as to perpetuate his testimony.

CONCLUSION

For all the foregoing reasons, Plaintiff respectfully urges that the Court amend its findings and alter or amend its judgment as requested herein.

Respectfully submitted,

Date: 8/18/26

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G NJSP
PO Box 861 Trenton, NJ
08625-0861

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDANTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-JMY-CF<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) To be determined by the Court<br>)<br>) |

PROPOSED ORDER

THIS MATTER having been opened to the Court on motion by Plaintiff Caleb L. McGillvary for an order amending findings and amending or altering the final appealable order pursuant to Rules 52(b) and 59(e) in this proceeding, and the Court having considered the papers submitted and the arguments therein, and FOR GOOD CAUSE SHOWN

It is on this ___ Day of _______________, 20___

ORDERED that Plaintiff's motion is hereby GRANTED; and it is further

ORDERED that the Court's findings and judgment are amended as set forth in the attached opinion; and it is further

ORDERED that a copy of this order be served upon all parties appearing in this matter within 7 days of this order

_______________________________
Hon. John Milton Younge, U.S.D.J.

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
New Jersey State Prison
Po Box 861
Trenton, New Jersey
08625-0861

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CALEB L. MCGILLVARY<br>PLAINTIFF<br><br>V.<br><br>JAMES GALFY ET AL<br>DEFENDANTS | ) CIVIL ACTION NO.<br>) 2:21-cv-17121-JMY-CF<br>) Hon. John Milton Younge, USDJ<br>) MOTION DATE:<br>) To be determined by the Court<br>)<br>) |

DECLARATION IN SUPPORT OF MOTION FOR AMENDMENT OF FINDINGS AND TO AMEND OR ALTER THE JUDGMENT
(Fed. R. Civ. P. 52(b), 59(e))

I, Caleb L. McGillvary ("Plaintiff"), hereby declare pursuant to 28 U.S.C. 1746 the following:

1.) I am the pro se plaintiff in the above-captioned matter.

2.) On July 28, 2022, the Court below indicated that the testimony of James Galfy was relevant and material to a meritorious claim. See McGillvary v. Galfy, 2022 U.S. Dist. LEXIS 134998 at *29-30 (D.N.J. July 28, 2022) ("Plaintiff sufficiently alleges a conspiracy among [his trial counsel, the state prosecutor, and James Galfy] to deprive him of his Due Process rights ... the Court credits Plaintiff's allegations that Dr. Pandina's testimony, if offered at trial, would have allowed Plaintiff to prove intoxication by clear & convincing

evidence, and this would have changed the outcome of the trial").

3.) On March 31, 2023, Petitioner filed a motion to perpetuate the testimony of James Galfy under Rule 27(b). See DNJ ECF 74. In support of this motion, he filed a declaration indicating the Galfy was over 74 years of age, and judicially noticeable NJ life expectancy tables indicated he wasn't expected to live much longer. See DNJ ECF 74.2; See also Fed. R. Civ. P. 201(b).

4.) On October 10, 2023, Magistrate Judge Cathy L. Waldor issued an order denying Petitioner's motion under Rule 27(b). See DNJ ECF 85.

5.) On October 23, 2023, Petitioner filed timely written objections to the Magistrate's order denying his motion under RUle 27(b). See DNJ ECF 87.

6.) On November 6, 2023, Petitioner filed a motion to perpetuate testimony under Rule 27(a), on the same grounds as his Rule 27(b) motion; which was received but never entered onto the docket by the U.S. District Court for the District of New Jersey. See McGillvary v. Scutari, Dkt. No. 1:23-cv-22605- JMY at ECF 84, Appendix Exhibits J-L (U.S.D.C.-D.N.J.) (Showing the petition and proof of receipt by the district court).

7.) On December 15, 2023, Petitioner filed a motion to recuse district judge Madeline Cox-Arleo pursuant to 28 U.S.C. 455; because she was a defendant in a lawsuit that includes the obstruction of this proceeding by intercepting and thereafter subverting or impeding the filing of the Rule 27(a) Petition. See DNJ ECF 89.

8.) On May 8, 2024, Judge Arleo administratively terminated

the matter below without ruling on the motion to recuse or the pending district appeal of the motion to perpetuate testimony under Rule 27(b). See DNJ ECF 99.

9.) In July of 2026, the District Court issued a final order dismissing all claims, but did not address Plaintiff's pending motion to perpetuate testimony. Plaintiff's appeal of the Magistrate'ls order denying his motion has now been in limbo for almost three years.

I declare under penalty of perjury that the foregoing statements are true and accurate.

Executed this 18 day of AUGUST, 2026

Caleb L. McGillvary, Pro Se
#1222665/SBI#102317G
NJSP PO Box 861
Trenton, NJ 08625

C MCGILLVARY
#1222665/SBI#1023176
NJSP PO Box 861
TRENTON, NJ
08625

CERTIFIED MAIL

7022 2410 0003 3323 5559

FP US POSTAGE $011.56º
First-Class - IMI
ZIP 08625
08/20/2026
036B 0011837735

This item has been mailed from a NJDOC Correctional Facility

CLERK
U.S. DIST. CT. - DNJ
50 WALNUT ST.
NEWARK, NJ
07102

RECEIVED
AUG 25 2026
AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

0710283595 C014

LEGAL MAIL